**Exhibit A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS), and the Defense Health Agency (DHA), acting on behalf of the TRICARE program (collectively the "United States"); Community Health Systems, Inc., Community Health Systems Professional Services Corporation, and the entities identified on Attachment A ("Specified Facilities") (collectively "CHS"); and Relators Kathleen Bryant, Rachel Bryant, Bryan Carnithan, Amy Cook-Reska, Sheree Cook, James Doghramji, M.D., Thomas Mason, M.D., Scott Plantz, M.D., Nancy Reuille (collectively, "Relators") through their authorized representatives. Collectively, all of the above will be referred to as "the Parties."

"CHS" specifically excludes any entity related to CHS as a result of the merger of an indirect subsidiary of Community Health Systems, Inc. with Health Management Associates, Inc. ("HMA") or any HMA-related entity.

## RECITALS

A.      Community Health Systems, Inc. ("CHSI") is a Delaware corporation with its principal place of business in Franklin, Tennessee. It indirectly owns the Specified Facilities identified on Attachment A, consisting of one hundred and nineteen (119) hospitals. Community Health Systems Professional Services Corporation is a Delaware corporation with its principal place of business in Franklin, Tennessee. It is an indirect subsidiary of CHSI, and provides certain management services to hospitals affiliated with CHSI, including the Specified Facilities.

B.       Relators have filed the following qui tam actions pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b) (collectively the "Civil Actions"):

> *United States ex rel. Bryant v. CHSI, et al.*,
> Case No. CV-H-10-2695 (S.D. Tex.)
>
> *United States, et al. ex rel. Carnithan v. CHSI, et al.*,
> Case No. 11-cv-312 WDS/DGW (S.D. Ill.)
>
> *United States, et al. ex rel. Cook-Reska v. CHSI, et al.*,
> Case No. CV-H-09-1565 (S.D. Tex.)
>
> *United States ex rel. James Doghramji; Sheree Cook; and Rachel Bryant v. CHSI, et al.*,
> Case No. 3-11-cv-00442 (M.D. Tenn.)
>
> *United States, et al. ex rel. Mason v. CHSI, et al.*,
> Case No. 3:12-cv-817 (W.D.N.C.)
>
> *United States ex rel. Plantz v. CHSI, et al.*,
> Case No. 10-C-0959 (N.D. Ill)
>
> *United States, et al. ex rel. Reuille v. CHSPC, et al.*,
> Case No. 1:09-cv-00007 (N.D. Ind.)

C.       The United States contends that CHS submitted or caused to be submitted claims for payment to the Medicare Program ("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1; the TRICARE Program, 10 U.S.C. §§ 1071- 1110b ("TRICARE"); and the Medicaid Program ("Medicaid"), Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396w-5 (collectively "Government Healthcare Programs").

D.       The United States contends that it has certain civil claims against CHS arising from the following conduct during the periods specified (hereinafter referred to as the "Covered Conduct").

1. <u>Medically Unnecessary Emergency Department Admissions</u>

From January 1, 2005 through December 31, 2010, CHS knowingly submitted or caused to be submitted claims for payment to the Government Healthcare Programs for certain inpatient admissions of Government Healthcare Program beneficiaries that were medically unnecessary and should have been billed as outpatient or observation services. The Covered Conduct in this Recital D.1. is specifically limited to claims submitted by the Specified Facilities related to the inpatient admission and treatment of Government Healthcare Program beneficiaries that meet all of the following criteria:

(a)     For beneficiaries who originally presented to the Emergency Department(s) ("ED") of the Specified Facilities;

(b)     For beneficiaries whose length of stay after inpatient admission was two (2) days or less;

(c)     For beneficiaries who were 65 years or older at the time they originally presented to the ED of a Specified Facility;

(d)     For beneficiaries who were not transferred or discharged to another acute care facility, did not leave the Specified Facility to which they originally presented against medical advice, and did not die while in a Specified Facility;

(e)     That were billed to the Government Healthcare programs under one of the following Diagnostic Related Groups ("DRGs") or Medical Severity DRGs ("MS-DRGs"):

i.      From January 1, 2005 through September 30, 2007, DRG 524 (transient ischemia); DRG 088 (chronic obstructive pulmonary

disease); DRG 127 (heart failure & shock); DRG 139 (cardiac arrhythmia & conduction disorder); DRG 141 (syncope & collapse); DRG 143 (chest pain); DRG 183 (esophagitis, gastroenterology & misc digestive disorders); DRG 297 (nutritional and miscellaneous metabolic disorders); DRG 321 (kidney and urinary tract infections);

ii.     From October 1, 2007 through December 31, 2010, MS-DRG 069 (transient ischemia); 192 (chronic obstructive pulmonary disease without CC/MCC); 293 (heart failure & shock without CC/MCC); 310 (cardiac arrhythmia & conduction disorder without CC/MCC); 312 (syncope & collapse); 313 (chest pain); 392 (esophagitis, gastroenterology & misc digestive disorders without MCC); 641 (nutritional and miscellaneous metabolic disorders without MCC); 690 (kidney and urinary tract infections without MC);[1]

iii.    For Specified Facilities acquired by CHS during the covered period of January 1, 2005 through December 31, 2010, claims for services rendered 365 days after the facility was acquired by CHS through December 31, 2010. The relevant time period for each Specified Facility is listed on Attachment A; and

---

[1] On October 1, 2007, CMS changed from a system that assigned DRGs to Inpatient Prospective Payment System (IPPS) claims to a system that assigned Medical Severity DRGs (MS-DRGs) to IPPS claims. The MS-DRG codes listed in this section map to the DRG codes listed above for the period from January 1, 2005 through September 30, 2007.

(f)     For Medicare claims only, inpatient admissions billed and paid under fee for service Medicare Part A, where Medicare was the primary payor of the claim and the claim resulted in payment by Medicare.

2.     Laredo Medical Center ("LMC")

(a)     Medically Unnecessary Inpatient Procedures

From January 1, 2005 through December 31, 2010, LMC inappropriately submitted claims to Medicare for scheduled cardiac and hemodialysis services, billing these services as inpatient procedures when they should have been billed as outpatient procedures. These claims are limited to those that were submitted to Medicare under the ICD-9-CM procedure codes identified in Attachment B.

(b)     Improper Financial Relationship

From January 1, 2007 through December 31, 2012, LMC engaged in an improper financial relationship, in connection with a Cardiac Rehabilitation Unit medical directorship, with Dr. Benson Huang. As a result, LMC submitted claims to Medicare for services rendered to patients referred to LMC by Dr. Huang, in violation of the Physician Self-Referral Law ("Stark Law"), 42 U.S.C. § 1395nn *et seq*. and the False Claims Act.

E.     This Settlement Agreement is neither an admission of liability by CHS nor a concession by the United States or Relators that their claims are not well founded.

F.     CHS expressly denies the allegations of the United States and Relators and denies that it engaged in any wrongful conduct in connection with the Covered Conduct.

G.     Relators and their counsel claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relators' reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.      CHS shall pay to the United States $97,257,500 ("Settlement Amount") (of which $88,257,500 relates to the Covered Conduct described in Recital D.1., above, and $9,000,000 relates to the Covered Conduct described in Recital D.2., above), and interest on the Settlement Amount at a rate of 2.25% from May 11, 2014, no later than 10 days after the Effective Date of this Agreement by electronic funds transfer.  Instructions for the transfer of the settlement funds related to the Covered Conduct described in Recital D.1 above will be provided by the United States Attorney's Office for the Middle District of Tennessee prior to the Effective Date. Instructions for the transfer of the settlement proceeds related to the Covered Conduct described in Recital D.2. above will be provided by the United States Attorney's Office for the Southern District of Texas prior to the Effective Date.

2.      Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon CHS's full payment of the Settlement Amount, the United States (on behalf of itself, its officers, agents, servants, agencies, and departments) releases CHS and their affiliates, predecessors, successors, related entities, and current and former directors, officers, employees, agents and assigns (the "Released Parties") from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; any statutory provisions creating a cause of action for civil damages or civil penalties which the Civil Division of the Department of Justice has actual or

present authority to assert and compromise pursuant to 28 C.F.R. Pt. 0, Subpart I, 0.45(d); or the common law theories of payment by mistake, unjust enrichment, fraud, or disgorgement.

3.     Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon CHS's full payment of the Settlement Amount, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release CHS and their affiliates, predecessors, successors, related entities, and current and former directors, officers, employees, agents and assigns from any civil monetary claim the Relators have or may have on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, and from any claims, allegations, demands, actions or causes of action whatsoever, known or unknown, fixed or contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or under common law, that they, their heirs, successors, attorneys, agents and assigns otherwise would have standing to bring, including, without limitation, any claim that the Relators asserted or could have asserted in their Civil Actions.  All Parties agree that nothing in this Paragraph or this Agreement shall be construed in any way to release:  any claims that Relators may have against CHS, or any entity related to CHS, relating to any HMA-related entity acquired by CHS through its merger with or acquisition of HMA in 2014; any claims Relators may have for reasonable attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d); any claims that Relators may have under § 3730(h) and comparable state laws; Relators' claims for a relator's share under § 3730(d); or Relators' claims for a relator's share under the Medicaid state  settlement agreements.

4.     In consideration of the obligations of CHS in this Agreement and the Corporate Integrity Agreement ("CIA") entered into between OIG-HHS and CHS, and conditioned upon CHS's full payment of the Settlement Amount, the OIG-HHS agrees to release and refrain from

instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against CHS under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in Paragraph 6 (concerning excluded claims), below, and as reserved in this Paragraph. The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude CHS from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 6, below.

5.     In consideration of the obligations of CHS set forth in this Agreement, and conditioned upon CHS's full payment of the Settlement Amount, DHA agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from the TRICARE Program against CHS under 32 C.F.R. § 199.9 for the Covered Conduct, except as reserved in Paragraph 6 (concerning excluded claims), below, and as reserved in this Paragraph. DHA expressly reserves authority to exclude CHS from the TRICARE Program under 32 C.F.R. §§ 199.9 (f)(1)(i)(A), (f)(1)(i)(B), and (f)(1)(iii), based upon the Covered Conduct. Nothing in this Paragraph precludes DHA or the TRICARE Program from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 6 below.

6.     Notwithstanding the releases given in paragraphs 2-5 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

g. Any liability for failure to deliver goods or services due;

h. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct;

i. Except as explicitly stated in this Agreement, any liability of individuals;

j. Any claim against CHS, or any entity related to CHS, relating to any HMA-related entity acquired by CHS through the merger of an indirect subsidiary of CHSI with HMA in 2014.

7. Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Agreement and agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement and the Civil Actions, Relators and their heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, any intervention by the United States in the Civil Actions in order to dismiss the Civil Actions, nor any dismissal of the Civil Actions, shall waive

or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar Relators from sharing in the proceeds of this Agreement. Moreover, the United States and Relators and their heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relators should receive of any proceeds of the settlement of their claims.

8.    In consideration of Relators' obligations set forth in this Agreement, CHS, its predecessors, parents, affiliates, subsidiaries, successors, and assigns, and their current and former directors, officers, and employees when acting on behalf of CHS, fully and finally release, waive and forever discharge each of the Relators and their respective heirs, executors, successors, assigns, attorneys, and agents, individually and collectively, from any and all manner of claims, controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments or liabilities of any kind whatsoever in law or equity, arising out of agreement or imposed by statute, common law or otherwise, from the beginning of time to the date this Agreement is signed, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. All Parties agree that nothing in this Paragraph or this Agreement shall be construed in any way to release, waive or otherwise affect the ability of CHS to challenge or object to Relators' claims for attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d).

9.    CHS waives and shall not assert any defenses CHS may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the

Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10.     CHS fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that CHS has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

11.     The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), TRICARE, or any state payer, related to the Covered Conduct; and CHS agrees not to resubmit to any Medicare contractor, TRICARE, or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

12.     CHS agrees to the following:

a.      Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of CHS, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Agreement;

(2)      the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)      CHS's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)      the negotiation and performance of this Agreement;

(5)      the payment CHS makes to the United States pursuant to this Agreement and any payments that CHS may make to Relators, including costs and attorney's fees; and

(6)      the negotiation of, and obligations undertaken pursuant to, the CIA to:

      (i)      retain an independent review organization to perform annual reviews as described in Section III of the CIA; and

      (ii)      prepare and submit reports to the OIG-HHS,

      (iii)      are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, and TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs). However, nothing in paragraph 12.a.(6) that may apply to the obligations undertaken pursuant to the CIA affects the status of costs that are not allowable based on any other authority applicable to CHS.

b.     <u>Future Treatment of Unallowable Costs</u>: Unallowable Costs shall be separately determined and accounted for by CHS, and CHS shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by CHS or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c.     <u>Treatment of Unallowable Costs Previously Submitted for Payment:</u> CHS further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by CHS or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. CHS agrees that the United States, at a minimum, shall be entitled to recoup from CHS any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by CHS or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as

defined in this Paragraph) on CHS or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

    d.  Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine CHS's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

    13.  This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 14 (waiver for beneficiaries paragraph), below.

    14.  CHS agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or secondary or third party payors based upon the claims defined as Covered Conduct.

    15.  Upon receipt of the payment described in Paragraphs 1 above, the United States shall promptly intervene in each of the Civil Actions and the United States and the Relators shall promptly sign and file in each of the Civil Actions Joint Notices of Dismissal of the Civil Actions pursuant to Rule 41(a)(1) as follows:

    a.  Each notice of dismissal shall be with prejudice as to the United States' and Relators' claims against CHS and all named CHS defendants in the Civil Actions as to the Covered Conduct in each Civil Action pursuant to and consistent with the Terms and Conditions of this Agreement;

    b.  Each notice of dismissal shall be without prejudice as to the United States and with prejudice as to Relators as to all other claims against CHS and all named CHS defendants, and without prejudice as to the United States and Relators as to all other entities

named as defendants in the Civil Actions pursuant to and consistent with the Terms and Conditions of this Agreement.

        c.      Provided, however, that the following claims shall not be dismissed, unless they are settled, adjudicated, or otherwise resolved, and any required consent by the United States is obtained, and the Courts are so informed:

        (1)      Any claims Relators may have for reasonable attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d);

        (2)      Any claims Relators may have under § 3730(h) and comparable state laws;

        (3)      Relators' claims for a relator's share under § 3730(d);

        (4)      Relators' claims for a relator's share under the Medicaid state settlement agreements;

        (5)      Any claim Relators may have against CHS, or any entity related to CHS, relating to any HMA-related entity acquired by CHS through the merger of an indirect subsidiary of CHSI with HMA in 2014.

16.      Except for Relators' rights pursuant to 31 U.S.C. § 3730(d), each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17.      Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

18.      This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Middle District of Tennessee, Nashville Division, except that this choice-of-forum

clause shall not govern any disputes between CHS and any particular relator arising from that relator's request for attorneys' fees pursuant to 31 U.S.C. § 3730(d) or any claims Relators have under 31 U.S.C. § 3730(h). For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

19.     This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

20.     The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

21.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

22.     This Agreement is binding on CHS's successors, transferees, heirs, and assigns.

23.     This Agreement is binding on Relators' successors, transferees, heirs, and assigns.

24.     All parties consent to the disclosure of this Agreement, and information about this Agreement, to the public.

25.     This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

## THE UNITED STATES OF AMERICA

DATED: 7/29/14      By: _____

MELISSA HANDRIGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

-16-

DATED: _July 29, 2014_         DAVID RIVERA
                               United States Attorney
                               Middle District of Tennessee

                               By: _____
                                   JOHN-DAVID THOMAS
                                   Assistant United States Attorney
                                   Middle District of Tennessee


DATED: _____         KENNETH MAGIDSON
                               United States Attorney
                               Southern District of Texas

                               By: _____
                                   ANDREW BOBB
                                   Assistant United States Attorney
                                   Southern District of Texas


DATED: _____         ZACHARY T. FARDON
                               United States Attorney
                               Northern District of Illinois

                               By: _____
                                   DAVID LIDOW
                                   Assistant United States Attorney
                                   Northern District of Illinois


DATED: _____         DAVID CAPP
                               United States Attorney
                               Northern District of Indiana

                               By: _____
                                   OREST SZEWCIW
                                   Assistant United States Attorney
                                   Northern District of Indiana


-17-

DATED: _____  DAVID RIVERA
                        United States Attorney
                        Middle District of Tennessee

                        By:_____
                            JOHN-DAVID THOMAS
                            Assistant United States Attorney
                            Middle District of Tennessee


DATED: 7-23-204         KENNETH MAGIDSON
                        United States Attorney
                        Southern District of Texas

                        By:_____  p#t w ith permuin.
                            ANDREW BOBB
                            Assistant United States Attorney
                            Southern District of Texas


DATED: _____  ZACHARY T. FARDON
                        United States Attorney
                        Northern District of Illinois

                        By:_____
                            DAVID LIDOW
                            Assistant United States Attorney
                            Northern District of Illinois


DATED: _____  DAVID CAPP
                        United States Attorney
                        Northern District of Indiana

                        By:_____
                            OREST SZEWCIW
                            Assistant United States Attorney
                            Northern District of Indiana


-17-

DATED: _____   DAVID RIVERA
                          United States Attorney
                          Middle District of Tennessee

                          By:_____
                               JOHN-DAVID THOMAS
                               Assistant United States Attorney
                               Middle District of Tennessee


DATED: _____   KENNETH MAGIDSON
                          United States Attorney
                          Southern District of Texas

                          By:_____
                               ANDREW BOBB
                               Assistant United States Attorney
                               Southern District of Texas


DATED: 7/23/14            ZACHARY T. FARDON
                          United States Attorney
                          Northern District of Illinois

                          By:_____
                               DAVID LIDOW
                               Assistant United States Attorney
                               Northern District of Illinois


DATED: _____   DAVID CAPP
                          United States Attorney
                          Northern District of Indiana

                          By:_____
                               OREST SZEWCIW
                               Assistant United States Attorney
                               Northern District of Indiana

-17-

DATED: _____    DAVID RIVERA
                          United States Attorney
                          Middle District of Tennessee

                          By:_____
                                JOHN-DAVID THOMAS
                                Assistant United States Attorney
                                Middle District of Tennessee


DATED: _____    KENNETH MAGIDSON
                          United States Attorney
                          Southern District of Texas

                          By:_____
                                ANDREW BOBB
                                Assistant United States Attorney
                                Southern District of Texas


DATED: _____    ZACHARY T. FARDON
                          United States Attorney
                          Northern District of Illinois

                          By:_____
                                DAVID LIDOW
                                Assistant United States Attorney
                                Northern District of Illinois


DATED: _7-23-14__         DAVID CAPP
                          United States Attorney
                          Northern District of Indiana

                          By:_____
                                OREST SZEWCIW
                                Assistant United States Attorney
                                Northern District of Indiana

DATED: *July 23 2014* STEPHEN R. WIGGINTON
       United States Attorney
       Southern District of Illinois

       By: _____
        GERALD BURKE
        Assistant United States Attorney
        Southern District of Illinois


DATED: _____ ANNE M. TOMPKINS
       United States Attorney
       Western District of North Carolina

       By: _____
        JONATHAN FERRY
        Assistant United States Attorney
        Western District of North Carolina


DATED: _____ By: _____
        ROBERT K. DECONTI
        Assistant Inspector General for Legal Affairs
        Office of Counsel to the
         Inspector General
        Office of Inspector General
        United States Department of
         Health and Human Services


DATED: _____ By: _____
        PAUL J. HUTTER
        General Counsel
        Defense Health Agency
        United States Department
         of Defense

DATED: _____  STEPHEN R. WIGGINTON
United States Attorney
Southern District of Illinois

By:_____
    GERALD BURKE
    Assistant United States Attorney
    Southern District of Illinois

DATED: 7-18-14  ANNE M. TOMPKINS
United States Attorney
Western District of North Carolina

By:_____
    JONATHAN FERRY
    Assistant United States Attorney
    Western District of North Carolina

DATED: _____  By:_____
    ROBERT K. DECONTI
    Assistant Inspector General for Legal Affairs
    Office of Counsel to the
      Inspector General
    Office of Inspector General
    United States Department of
      Health and Human Services

DATED: _____  By:_____
    PAUL J. HUTTER
    General Counsel
    Defense Health Agency
    United States Department
      of Defense

-18-

DATED: _____  STEPHEN R. WIGGINTON
United States Attorney
Southern District of Illinois

By: _____

GERALD BURKE
Assistant United States Attorney
Southern District of Illinois


DATED: _____  ANNE M. TOMPKINS
United States Attorney
Western District of North Carolina

By: _____

JONATHAN FERRY
Assistant United States Attorney
Western District of North Carolina


DATED: 7/28/14  By: _Robert K. DeConti_____

ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
    Inspector General
Office of Inspector General
United States Department of
    Health and Human Services


DATED: _____  By: _____

PAUL J. HUTTER
General Counsel
Defense Health Agency
United States Department
    of Defense

-18-

DATED: _____ STEPHEN R. WIGGINTON
United States Attorney
Southern District of Illinois

By: _____
GERALD BURKE
Assistant United States Attorney
Southern District of Illinois


DATED: _____ ANNE M. TOMPKINS
United States Attorney
Western District of North Carolina

By: _____
JONATHAN FERRY
Assistant United States Attorney
Western District of North Carolina


DATED: _____ By: _____
ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
 Inspector General
Office of Inspector General
United States Department of
 Health and Human Services


DATED: 7/18/14 By: _____ Deputy GC
for PAUL J. HUTTER
General Counsel
Defense Health Agency
United States Department
 of Defense

-18-

**CHS – DEFENDANTS**

DATED: July 23 2014       By: _____

                          RICHARD SAUBER
                          Robbins, Russell, Englert, Orseck, Untereiner
                          & Sauber LLP
                          Counsel for CHS

DATED: July 23, 2014      By: _____

                          RACHEL SEIFERT
                          Community Health Systems, Inc.
                          General Counsel and Secretary

-19-

**RELATORS**

DATED: 7-17-2014    RELATOR KATHLEEN BRYANT

By: _Kathleen Bryant_
      Kathleen Bryant

DATED: 7.17.2014    By: _____
      Counsel for Kathleen Bryant

DATED: _____    RELATOR RACHEL BRYANT

By:_____
      Rachel Bryant

DATED: _____    By:_____
      Counsel for Rachel Bryant

DATED: _____    RELATOR BRYAN CARNITHAN

By:_____
      Bryan Carnithan

DATED: _____    By:_____
      Counsel for Bryan Carnithan

DATED: _____    RELATOR AMY COOK-RESKA

By:_____
      Amy Cook-Reska

DATED: _____    By:_____
      Counsel for Amy Cook Reska

-20-

## RELATORS

DATED: _____     RELATOR KATHLEEN BRYANT

                               By:_____
                                      Kathleen Bryant

DATED: _____     By:_____
                                      Counsel for Kathleen Bryant

DATED: 7/11/14     RELATOR RACHEL BRYANT
                               By:_____
                                      Rachel Bryant

DATED: 7/14/14     By:_____
                                        Counsel for Rachel Bryant

DATED: _____     RELATOR BRYAN CARNITHAN
                               By:_____
                                      Bryan Carnithan

DATED: _____     By:_____
                                      Counsel for Bryan Carnithan

DATED: _____     RELATOR AMY COOK-RESKA
                               By:_____
                                      Amy Cook-Reska

DATED: _____     By:_____
                                      Counsel for Amy Cook Reska

-20-

## RELATORS

DATED: _____        RELATOR KATHLEEN BRYANT

                                      By: _____
                                             Kathleen Bryant

DATED: _____        By: _____
                                             Counsel for Kathleen Bryant

DATED: _____        RELATOR RACHEL BRYANT

                                      By: _____
                                             Rachel Bryant

DATED: _____        By: _____
                                             Counsel for Rachel Bryant

DATED: 7/17/14        RELATOR BRYAN CARNITHAN
                                      By: _____
                                             Bryan Carnithan

DATED: _____        By: _____
                                             Counsel for Bryan Carnithan

DATED: _____        RELATOR AMY COOK-RESKA

                                      By: _____
                                             Amy Cook-Reska

DATED: _____        By: _____
                                             Counsel for Amy Cook Reska

**RELATORS**

DATED: _____     <u>RELATOR KATHLEEN BRYANT</u>

                       By:_____
                           Kathleen Bryant

DATED: _____     By:_____
                           Counsel for Kathleen Bryant

DATED: _____     <u>RELATOR RACHEL BRYANT</u>

                       By:_____
                           Rachel Bryant

DATED: _____     By:_____
                           Counsel for Rachel Bryant

DATED: _____     <u>RELATOR BRYAN CARNITHAN</u>

                       By:_____
                           Bryan Carnithan

DATED: 07/18/14     By: _____
                           Counsel for Bryan Carnithan

DATED: _____     <u>RELATOR AMY COOK-RESKA</u>

                       By:_____
                           Amy Cook-Reska

DATED: _____     By:_____
                           Counsel for Amy Cook Reska

-20-

DATED: _____    RELATOR KATHLEEN BRYANT

                       By:_____
                            Kathleen Bryant


DATED: _____    By:_____
                            Counsel for Kathleen Bryant


DATED: _____    RELATOR RACHEL BRYANT

                       By:_____
                            Rachel Bryant


DATED: _____    By:_____
                            Counsel for Rachel Bryant


DATED: _____    RELATOR BRYAN CARNITHAN

                       By:_____
                            Bryan Carnithan


DATED: _____    By:_____
                            Counsel for Bryan Carnithan


DATED: 7/21/2014    RELATOR AMY COOK-RESKA

                       By: *Amy Cook-Reska*
                            Amy Cook-Reska


DATED: 7/21/2014    By: *[signature]*

-21-

DATED: 7 – 10 – 2014 RELATOR SHEREE COOK

By: _Sheree Cook Hesler_
Sheree Cook

DATED: 7 · 14 · 14   By: _____
Counsel for Sheree Cook

DATED: _____   RELATOR JAMES DOGHRAMJI, M.D.

By: _____
James Doghramji, M.D.

DATED: _____   By: _____
Counsel for James Doghramji

DATED: _____   RELATOR THOMAS MASON, M.D.

By: _____
Thomas Mason, M.D.

DATED: _____   By: _____
Counsel for Thomas Mason, M.D.

DATED: _____   RELATOR SCOTT PLANTZ, M.D.

By: _____
Scott Plantz, M.D.

DATED: _____   By: _____
Counsel for Scott Plantz, M.D.

-21-

DATED: _____       <u>RELATOR SHEREE COOK</u>

                          By: _____
                               Sheree Cook


DATED: _____       By: _____
                               Counsel for Sheree Cook


DATED: __7/10/2014__     <u>RELATOR JAMES DOGHRAMJI, M.D.</u>

                          By: _____
                               James Doghramji, M.D.


DATED: _7/14/14_         By: _____
                               Counsel for James Doghramji


DATED: _____       <u>RELATOR THOMAS MASON, M.D.</u>

                          By: _____
                               Thomas Mason, M.D.


DATED: _____       By: _____
                               Counsel for Thomas Mason, M.D.


DATED: _____       <u>RELATOR SCOTT PLANTZ, M.D.</u>

                          By: _____
                               Scott Plantz, M.D.


DATED: _____       By: _____
                               Counsel for Scott Plantz, M.D.


-21-

DATED: _____    RELATOR SHEREE COOK

By:_____
    Sheree Cook


DATED: _____    By:_____
    Counsel for Sheree Cook


DATED: _____    RELATOR JAMES DOGHRAMJI, M.D.

By:_____
    James Doghramji, M.D.


DATED: _____    By:_____
    Counsel for James Doghramji


DATED: 7/17/14    RELATOR THOMAS MASON, M.D.

By: Thomas Mason, MD
    Thomas Mason, M.D.


DATED: 7/18/14    By:_____
    Counsel for Thomas Mason, M.D.


DATED: _____    RELATOR SCOTT PLANTZ, M.D.

By:_____
    Scott Plantz, M.D.


DATED: _____    By:_____
    Counsel for Scott Plantz, M.D.


-21-

DATED: _____     RELATOR SHEREE COOK

                         By: _____
                             Sheree Cook


DATED: _____     By: _____
                             Counsel for Sheree Cook


DATED: _____     RELATOR JAMES DOGHRAMJI, M.D.

                         By: _____
                             James Doghramji, M.D.


DATED: _____     By: _____
                             Counsel for James Doghramji


DATED: _____     RELATOR THOMAS MASON, M.D.

                         By: _____
                             Thomas Mason, M.D.


DATED: _____     By: _____
                             Counsel for Thomas Mason, M.D.


DATED: July 22, 2014     RELATOR SCOTT PLANTZ, M.D.

                         By: _____
                             Scott Plantz, M.D.

DATED: July 23, 2014     By: _____
                             Counsel for Scott Plantz, M.D.


                              -21-

DATED: ___7/21/14___          RELATOR NANCY REUILLE

                              By: _Nancy Reuille_____
                                    Nancy Reuille

DATED: _7/21/14___            By: _____
                                    Counsel for Nancy Reuille

-22-

| | HOSPITAL Name | CCN Number | ADDRESS | Covered Period Start | Covered Period End |
|---|---|---|---|---|---|
| 1 | Affinity Hospital, LLC d/b/a Trinity Medical Center | 010104 | Birmingham, Alabama | 8/1/2008 | 12/31/2010 |
| 2 | Centre Hospital Corporation d/b/a Cherokee Medical Center | 010022 | 400 Northwood Drive, Centre, Alabama | 5/1/2007 | 12/31/2010 |
| 3 | Foley Hospital Corporation d/b/a South Baldwin Regional Medical Center | 010083 | 1613 North McKenzie Street, Foley, AL 36535 | 7/1/2001 | 12/31/2010 |
| 4 | Fort Payne Hospital Corporation d/b/a DeKalb Regional Medical Center | 010012 | 200 Medical Center Drive, Fort Payne, AL 35968 | 5/1/2007 | 12/31/2010 |
| 5 | Greenville Hospital Corporation d/b/a LV Stabler Memorial Hospital | 010150 | 29 LV Stabler Drive, Greenville, AL 36037 | 11/1/1995 | 12/31/2010 |
| 6 | QHG of Enterprise, Inc. d/b/a Medical Center Enterprise | 010049 | 400 N. Edwards St., Enterprise, Alabama | 8/1/2008 | 12/31/2010 |
| 7 | Triad of Alabama, LLC d/b/a Flowers Hospital | 010055 | 4370 West Main Street, Dothan, AL 36305 | 8/1/2008 | 12/31/2010 |
| 8 | Mat-Su Valley Medical Center, LLC d/b/a Mat-Su Regional Medical Center | 020006 | Palmer, Alaska | 8/1/2008 | 12/31/2010 |
| 9 | Bullhead City Hospital Corporation d/b/a Western Arizona Regional Medical Center | 030101 | 2735 Silver Creek Road, Bullhead City, AZ 86442 | 8/1/2001 | 12/31/2010 |
| 10 | Northwest Hospital, LLC d/b/a Northwest Medical Center | 030085 | 6200 N. LaCholla Blvd., Tucson, Arizona | 8/1/2008 | 12/31/2010 |
| 11 | Oro Valley Hospital, LLC d/b/a Northwest Medical Center Oro Valley a/k/a Oro Valley Hospital | 030114 | 6200 N. LaCholla Blvd, Tuscon, Arizona | 8/1/2008 | 12/31/2010 |
| 12 | Payson Hospital Corporation d/b/a Payson Regional Medical Center | 030033 | 807 S. Ponderosa, Payson, Arizona | 9/1/1998 | 12/31/2010 |
| 13 | Forrest City Arkansas Hospital Company, LLC d/b/a Forrest City Medical Center | 040019 | Forrest City, Arkansas | 4/1/2007 | 12/31/2010 |
| 14 | MCSA, L.L.C. d/b/a Medical Center of South Arkansas | 040088 | El Dorado, Arkansas | 5/1/2010 | 12/31/2010 |
| 15 | National Healthcare of Newport, Inc. d/b/a Harris Hospital | 040080 | 1205 McLain Street, Newport, Arkansas 72112 | 11/1/1995 | 12/31/2010 |
| 16 | Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center – Bentonville | 040138 | 3000 SE Medical Center Pkwy, Bentonville, AR 72712 | 8/1/2008 | 12/31/2010 |
| 17 | Northwest Arkansas Hospitals, LLC d/b/a Northwest Medical Center – Springdale | 040022 | 609 West Maple Avenue, Springdale, AR 72764 | 8/1/2008 | 12/31/2010 |
| 18 | Phillips Hospital Corporation d/b/a Helena Regional Medical Center | 040085 | 1801 Martin Luther King Drive, Helena, AR 72342 | 4/1/2003 | 12/31/2010 |
| 19 | Siloam Springs Arkansas Hospital Company, LLC d/b/a Siloam Springs Memorial Hospital | 040001 | Siloam Springs, Arkansas | 3/1/2010 | 12/31/2010 |
| 20 | Fallbrook Hospital Corporation d/b/a Fallbrook Hospital | 050435 | 624 East Elder Street, Fallbrook, California 92028 | 12/1/1999 | 12/31/2010 |

| | | | | |
|---|---|---|---|---|
| 21 | Hospital of Barstow, Inc. d/b/a Barstow Community Hospital | 050298 | Barstow, California | 2/1/1994 | 12/31/2010 |
| 22 | Watsonville Hospital Corporation d/b/a Watsonville Community Hospital | 050194 | Watsonville, California | 10/1/1999 | 12/31/2010 |
| 23 | Crestwood Healthcare, L.P. d/b/a Crestwood Medical Center | 010131 | P.O. Box 898, Dover, Delaware | 8/1/2008 | 12/31/2010 |
| 24 | Lea Regional Hospital, LLC d/b/a Lea Regional Medical Center | 320065 | 1013 Centre Rd, Wilmington, Delaware | 8/1/2008 | 12/31/2010 |
| 25 | Crestview Hospital Corporation d/b/a North Okaloosa Medical Center | 100122 | 151 East Redstone Avenue, Crestview, FL 32539 | 4/1/1997 | 12/31/2010 |
| 26 | Lake Wales Hospital Corporation d/b/a Lake Wales Medical Center | 100099 | 410 South 11th Street Lake Wales, FL 33853 | 1/1/2004 | 12/31/2010 |
| 27 | Augusta Hospital, LLC d/b/a Trinity Hospital of Augusta | 110039 | 2260 Wrightsboro Road, Augusta, GA 30904 | 8/1/2008 | 12/31/2010 |
| 28 | Blue Ridge Georgia Hospital Company, LLC d/b/a Fannin Regional Hospital | 110189 | 2855 Old Highway 5 North, Blue Ridge, GA 30513 | 2/1/1987 | 12/31/2010 |
| 29 | Galesburg Hospital Corporation d/b/a Galesburg Cottage Hospital | 140040 | 695 N. Kellogg Street, Galesburg, IL 61401 | 8/1/2005 | 12/31/2010 |
| 30 | Granite City Illinois Hospital Company, LLC d/b/a Gateway Regional Medical Center | 140125 | 2100 Madison Avenue, Granite City, IL 62040 | 2/1/2003 | 12/31/2010 |
| 31 | Marion Hospital Corporation d/b/a Heartland Regional Medical Center | 140184 | 3333 West DeYoung, Marion, IL 62959 | 11/1/1997 | 12/31/2010 |
| 32 | National Healthcare of Mt. Vernon, Inc. d/b/a Crossroads Community Hospital | 140294 | #8 Doctor's Park Road, Mt. Vernon, IL 62864 | 11/1/1995 | 12/31/2010 |
| 33 | Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East/West | 140033 | 1324 N. Sheridan Road, Waukegan, Illinois 60085 | 8/1/2008 | 12/31/2010 |
| 34 | Waukegan Illinois Hospital Company, LLC d/b/a Vista Medical Center East/West | 140084 | 1324 N. Sheridan Road, Waukegan, Illinois 60085 | 8/1/2007 | 12/31/2010 |
| 35 | Bluffton Health System, LLC d/b/a Bluffton Regional Medical Center | 150075 | 303 South Main Street, Bluffton, IN 46714 | 8/1/2008 | 12/31/2010 |
| 36 | DuPont Hospital, LLC d/b/a DuPont Hospital | 150150 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 37 | IOM Health System, L.P. d/b/a Lutheran Hospital | 150017 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 38 | Lutheran Musculoskeletal Center | 150168 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 39 | Porter Hospital, LLC d/b/a Porter Hospital | 150035 | 814 LaPorte Avenue, Valparaiso, IN 46383 | 6/1/2008 | 12/31/2010 |
| 40 | St. Joseph Health System, LLC d/b/a St. Joseph Hospital | 150047 | Fort Wayne, Indiana | 8/1/2008 | 12/31/2010 |
| 41 | Warsaw Health System, LLC d/b/a Kosciusko Community Hospital | 150133 | 2101 East Dubois Drive, Warsaw, IN 46580 | 8/1/2008 | 12/31/2010 |

| | | | | |
|---|---|---|---|---|
| 42 | Hospital of Fulton, Inc. d/b/a Parkway Regional Hospital | 180117 | 2000 Holiday Lane, Fulton, KY 42041 | 6/1/1993 | 12/31/2010 |
| 43 | Hospital of Louisa, Inc. d/b/a Three Rivers Medical Center | 180128 | 2483 Highway 644, Louisa, KY 41230 | 6/1/1994 | 12/31/2010 |
| 44 | Jackson Hospital Corporation d/b/a Kentucky River Medical Center | 180139 | 540 Jetts Drive, Jackson, KY 41339 | 9/1/1996 | 12/31/2010 |
| 45 | National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital | 190164 | 1020 Fertitta Blvd., Leesville, LA 71446 | 11/1/1995 | 12/31/2010 |
| 46 | Ruston Louisiana Hospital Company, LLC d/b/a Northern Louisiana Medical Center | 190086 | 401 East Vaughn Avenue, Ruston, LA 71270 | 5/1/2008 | 12/31/2010 |
| 47 | Women & Children's Hospital, LLC d/b/a Women & Children's Hospital | 190201 | Lake Charles, Lousiana | 8/1/2008 | 12/31/2010 |
| 48 | Vicksburg Healthcare, LLC a/k/a River Region Health System d/b/a River Region Medical Center | 250031 | 2100 Highway 61 North, Vicksburg, MS 39183 | 8/1/2008 | 12/31/2010 |
| 49 | Wesley Health System, LLC d/b/a Wesley Medical Center | 250094 | 5001 Hardy Street, Hattiesburg, MS 39402 | 8/1/2008 | 12/31/2010 |
| 50 | Kirksville Missouri Hospital Company, LLC d/b/a Northeast Regional Medical Center | 260022 | Kirksville, Missouri | 1/1/2002 | 12/31/2010 |
| 51 | Moberly Hospital Company, LLC d/b/a Moberly Regional Medical Center | 260074 | Moberly, Missouri | 12/1/1994 | 12/31/2010 |
| 52 | Salem Hospital Corporation d/b/a The Memorial Hospital of Salem County | 310091 | 310 Woodstown Rd., Salem, NJ 08079 | 10/1/2003 | 12/31/2010 |
| 53 | Deming Hospital Corporation d/b/a Mimbres Memorial Hospital | 320014 | Deming, New Mexico | 4/1/1997 | 12/31/2010 |
| 54 | Carlsbad Medical Center, LLC d/b/a Carlsbad Medical Center | 320063 | 2430 West Pierce Street, Carlsbad, NM 88220 | 8/1/2008 | 12/31/2010 |
| 55 | MountainView Regional Medical Center | 320085 | Las Cruces, New Mexico | 8/1/2008 | 12/31/2010 |
| 56 | Roswell Hospital Corporation d/b/a Eastern New Mexico Medical Center | 320006 | 405 West Country Club Road, Roswell, NM 88201 | 5/1/1999 | 12/31/2010 |
| 57 | San Miguel Hospital Corporation d/b/a Alta Vista Regional Hospital | 320003 | 104 Legion Drive, Las Vegas, NM 87701 | 5/1/2001 | 12/31/2010 |
| 58 | Williamston Hospital Corporation d/b/a Martin General Hospital | 340133 | 310 S McCaskey Rd., Williamston, NC 27892 | 12/1/1999 | 12/31/2010 |
| 59 | Claremore Regional Hospital, LLC d/b/a/ Claremore Regional Hospital | 370039 | 1202 North Muskogee Place, Claremore, OK 74017 | 8/1/2008 | 12/31/2010 |
| 60 | Deaconess Health System, LLC d/b/a Deaconess Hospital | 370032 | Oklahoma City, Oklahoma | 8/1/2008 | 12/31/2010 |
| 61 | Kay County Oklahoma Hospital Company, LLC d/b/a Ponca City Medical Center | 370006 | Ponca City, Oklahoma | 6/1/2007 | 12/31/2010 |
| 62 | SouthCrest, LLC d/b/a SouthCrest Hospital | 370202 | 8801 South 101st East Avenue, Tulsa, OK 74133 | 8/1/2008 | 12/31/2010 |

| | | | | |
|---|---|---|---|---|
| 63 | Woodward Health System, LLC d/b/a Woodward Hospital | 370002 | 900 17th Street, Woodward, OK 73801 | 8/1/2008 | 12/31/2010 |
| 64 | McKenzie-Willamette Regional Medical Center Associates, LLC d/b/a McKenzie-Willamette Regional Medical Center | 380020 | Springfield, Oregon | 8/1/2008 | 12/31/2010 |
| 65 | Berwick Hospital Corporation, LLC d/b/a Berwick Hospital Center | 390072 | 701 East 16th St., Berwick, PA 18603 | 4/1/2000 | 12/31/2010 |
| 66 | CHHS Hospital Company, LLC d/b/a Chestnut Hill Hospital | 390026 | 8835 Germantown Avenue, Philadelphia, PA 19118 | 3/1/2006 | 12/31/2010 |
| 67 | Clinton Hospital Corporation d/b/a Lock Haven Hospital | 390071 | 24 Cree Drive, Lock Haven, PA 17745 | 9/1/2003 | 12/31/2010 |
| 68 | Coatesville Hospital Corporation d/b/a Brandywine Hospital | 390076 | 201 Reeceville Road, Coatesville, PA 19320 | 7/1/2002 | 12/31/2010 |
| 69 | Northampton Hospital Company, LLC d/b/a Easton Hospital | 390162 | 250 South 21st Street, Easton, PA 18042 | 11/1/2002 | 12/31/2010 |
| 70 | Phoenixville Hospital Company, LLC d/b/a Phoenixville Hospital | 390127 | 140 Nutt Road, Phoenixville, PA 19460 | 9/1/2005 | 12/31/2010 |
| 71 | Pottstown Hospital Company, LLC d/b/a Pottstown Memorial Medical Center | 390123 | 1600 E High Street, Pottstown, PA 19464 | 8/1/2004 | 12/31/2010 |
| 72 | Sunbury Hospital Company, LLC d/b/a Sunbury Community Hospital | 390084 | 350 North 11th Street, Sunbury PA 17801 | 11/1/2006 | 12/31/2010 |
| 73 | West Grove Hospital Company, LLC d/b/a Jennersville Regional Hospital | 390220 | 1015 West Baltimore Pike, West Grove, PA 19390 | 11/1/2002 | 12/31/2010 |
| 74 | Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital | 390137 | Wilkes-Barre, Pennsylvania | 5/1/2010 | 12/31/2010 |
| 75 | Chesterfield/Marlboro, LP d/b/a Chesterfield General Hospital | 420062 | 711 Chesterfield Hwy., Cheraw, SC 29520 | 9/1/1997 | 12/31/2010 |
| 76 | Chesterfield/Marlboro, LP d/b/a Marlboro Park Hospital | 420054 | Bennettsville, South Carolina | 9/1/1997 | 12/31/2010 |
| 77 | Lancaster Hospital Corporation d/b/a Springs Memorial Hospital | 420036 | 800 W. Meeting Street, Lancaster, SC 29720 | 1/1/2005 | 12/31/2010 |
| 78 | Mary Black Health System LLC d/b/a Mary Black Memorial Hospital | 420083 | 1700 Skylyn Drive, Spartanburg, SC 29307 | 12/1/1995 | 12/31/2010 |
| 79 | QHG of South Carolina, Inc. d/b/a Carolinas Hospital System (Florence); Marion Regional Hospital | 420091 | 805 Pamplico Highway Florence, SC 29505 | 8/1/2008 | 12/31/2010 |
| 80 | Bradley Memorial County Hospital | 440024 | Cleveland, Tennessee | 8/1/2008 | 12/31/2010 |
| 81 | Brownsville Hospital Corporation d/b/a Haywood Park Community Hospital | 440174 | 2545 N. Washington Ave., Brownsville, TN 38012 | 2/1/2004 | 12/31/2010 |
| 82 | Clarksville Health System, G.P. d/b/a Gateway Health System a/k/a Gateway Medical Center | 440035 | 651 Dunlop Lane Clarksville, TN 37040 | 8/1/2008 | 12/31/2010 |
| 83 | Cleveland Tennessee Hospital Company, LLC d/b/a Sky Ridge Medical Center | 440185 | 2800 Westside Drive, NW, Cleveland, TN 37312 | 11/1/2006 | 12/31/2010 |

| | | | | | |
|---|---|---|---|---|---|
| 84 | Dyersburg Hospital Corporation d/b/a Dyersburg Regional Medical Center | 440072 | 400 Tickle Street, Dyersburg, TN 38024 | 2/1/2004 | 12/31/2010 |
| 85 | Hospital of Morristown, Inc. d/b/a Lakeway Regional Hospital | 440067 | 726 McFarland Street, Morristown, TN 37814 | 6/1/1994 | 12/31/2010 |
| 86 | Jackson, Tennessee Hospital Company, LLC d/b/a Regional Hospital of Jackson | 440189 | 367 Hospital Blvd, Jackson, TN 38305 | 2/1/2004 | 12/31/2010 |
| 87 | Lexington Hospital Corporation d/b/a Henderson County Community Hospital | 440008 | 200 West Church St, Lexington, TN 38351 | 2/1/2004 | 12/31/2010 |
| 88 | Martin Hospital Corporation d/b/a Volunteer Community Hospital | 440061 | 161 Mount Pelia Road, Martin, TN 38237 | 2/1/2004 | 12/31/2010 |
| 89 | McKenzie Tennessee Hospital Company, LLC d/b/a McKenzie Regional Hospital | 440182 | 161 Hospital Drive, McKenzie, TN 38201 | 2/1/2004 | 12/31/2010 |
| 90 | McNairy Hospital Corporation d/b/a McNairy Regional Hospital | 440051 | 705 Poplar Ave., Selmer, TN 38375 | 2/1/2004 | 12/31/2010 |
| 91 | Shelbyville Hospital Corporation d/b/a Heritage Medical Center | 440137 | 2835 Highway 231 North, Shelbyville, TN 37160 | 8/1/2006 | 12/31/2010 |
| 92 | ARMC, L.P. d/b/a Abilene Regional Medical Center | 450558 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 93 | Big Bend Hospital Corporation d/b/a Big Bend Regional Medical Center | 450830 | Alpine, Texas | 11/1/2000 | 12/31/2010 |
| 94 | Big Spring Hospital Corporation d/b/a Scenic Mountain Medical Center | 450653 | 1601 W. 11th, Place Big Spring, TX 79720 | 11/1/1995 | 12/31/2010 |
| 95 | Brownwood Hospital, LP d/b/a Brownwood Regional Medical Center | 450587 | 1501 Burnet Drive, Brownwood, TX 76801 | 8/1/2008 | 12/31/2010 |
| 96 | Cedar Park Health System, L.P. d/b/a Cedar Park Regional Medical Center | 670043 | 1401 Medical Parkway, Cedar Park, TX 78613 | 1/1/2009 | 12/31/2010 |
| 97 | Cleveland Regional Medical Center, L.P. d/b/a Cleveland Regional Medical Center | 450296 | 300 East Crockett Street, Cleveland, TX 77327 | 9/1/1997 | 12/31/2010 |
| 98 | College Station Hospital, L.P. d/b/a College Station Medical Center | 450299 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 99 | DeTar Healthcare System (a/k/a Victoria of Texas, L.P.) d/b/a DeTar Hospital Navarro and DeTar Hospital North | 450147 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 100 | DHSC, LLC d/b/a Affinity Medical Center | 360151 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 101 | Gadsden Regional Medical Center, LLC d/b/a Gadsden Regional Medical Center | 010040 | 5800 Tennyson Parkway, Plano, Texas | 8/1/2008 | 12/31/2010 |
| 102 | Granbury Hospital Corporation d/b/a Lake Granbury Medical Center | 450596 | Granbury, Texas | 2/1/1998 | 12/31/2010 |
| 103 | Jourdanton Hospital Corporation d/b/a South Texas Regional Medical Center | 450165 | Jourdanton, Texas | 12/1/2002 | 12/31/2010 |
| 104 | Laredo Texas Hospital Company, L.P. d/b/a Laredo Medical Center | 450029 | 1700 E. Saunders St., Laredo, TX 78041 | 11/1/2004 | 12/31/2010 |

| | | | | |
|---|---|---|---|---|
| 105 | Longview Medical Center, L.P. d/b/a Longview Regional Medical Center | 450702 | 2901 N. Fourth St., Longview, TX 75605 | 8/1/2008 | 12/31/2010 |
| 106 | Navarro Hospital, LP d/b/a Navarro Regional Hospital | 450447 | 3201 West Highway 22, Corsicana, TX 75110 | 8/1/2008 | 12/31/2010 |
| 107 | NHCI of Hillsboro, Inc. d/b/a Hill Regional Hospital | 450192 | 101 Circle Drive, Hillsboro, TX 76645 | 11/1/1995 | 12/31/2010 |
| 108 | Piney Woods Healthcare System, LP d/b/a Woodland Heights Medical Center | 450484 | 505 South John Redditt Drive, Lufkin, TX 75904 | 8/1/2008 | 12/31/2010 |
| 109 | Presbyterian Hospital of Denton | 450743 | Denton, Texas | 8/1/2008 | 4/1/2009 |
| 110 | San Angelo Hospital, L.P. d/b/a San Angelo Community Medical Center | 450340 | 3501 Knickerbocker Road, San Angelo, TX 76904 | 8/1/2008 | 12/31/2010 |
| 111 | Weatherford Texas Hospital Company, LLC d/b/a Weatherford Regional Medical Center | 450203 | 713 E. Anderson Street, Weatherford, TX 76086 | 12/1/2007 | 12/31/2010 |
| 112 | Tooele Hospital Corporation d/b/a Mountain West Medical Center | 460014 | Tooele, Utah | 11/1/2001 | 12/31/2010 |
| 113 | Emporia Hospital Corporation d/b/a Southern Virginia Regional Medical Center | 490097 | 727 North Main Street, Emporia, VA 23847 | 4/1/2000 | 12/31/2010 |
| 114 | Franklin Hospital Corporation d/b/a Southampton Memorial Hospital | 490092 | 100 Fairview Drive Franklin, VA 23851 | 4/1/2001 | 12/31/2010 |
| 115 | Petersburg Hospital Company, LLC d/b/a Southside Regional Medical Center | 490067 | 200 Medical Park Blvd., Petersburg, VA 23805 | 9/1/2004 | 12/31/2010 |
| 116 | Spokane Washington Hospital Company, LLC a/k/a Rockwood Health System d/b/a Deaconess Medical Center | 500044 | Spokane, Washington | 11/1/2009 | 12/31/2010 |
| 117 | Spokane Valley Washington Hospital Company, LLC d/b/a Valley Hospital & Medical Center | 500119 | Spokane Valley, Washington | 11/1/2009 | 12/31/2010 |
| 118 | Greenbrier VMC, LLC d/b/a Greenbrier Valley Medical Center | 510002 | Ronceverte, West Virginia | 8/1/2008 | 12/31/2010 |
| 119 | Evanston Hospital Corporation d/b/a Evanston Regional Hospital | 530032 | Evanston, Wyoming | 8/1/2008 | 12/31/2010 |

## ATTACHMENT B

CARDIAC PROCEDURE CODES

| | | | |
|---|---|---|---|
| 00.50 | 37.21 | 37.77 | 37.87 |
| 00.51 | 37.22 | 37.79 | 37.89 |
| 00.52 | 37.23 | 37.80 | 37.94 |
| 00.53 | 37.70 | 37.81 | 37.95 |
| 00.54 | 37.71 | 37.82 | 37.96 |
| 00.66 | 37.72 | 37.83 | 37.97 |
| 36.06 | 37.73 | 37.85 | 37.98 |
| 36.07 | 37.75 | 37.86 | |

HEMODIALYSIS PROCEDURE CODES

39.27
39.42
39.43
39.49
39.50
39.95