**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>*ex rel.*<br><br>JAMES DOGHRAMJI; SHEREE COOK; and RACHEL BRYANT<br>Relators,<br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC. *et al.*<br>Defendants. | CASE NO. 3:11-cv-0442 (Sharp, J.) |

**DECLARATION OF DAVID P. DEAN**

I, David P. Dean hereby declare:

1. I am an attorney licensed to practice law in the District of Columbia and the State of New York. I am admitted to practice in the United States Supreme Court, the United States Courts of Appeal for the Second, Fifth, Sixth, Ninth and Eleventh Circuits and the federal district courts for the District of Columbia and the District of Arizona.

2. I am a member of the law firm of James & Hoffman, P.C. ("J&H"). For over a decade I have counseled the Health Care Division of the Service Employees International Union ("SEIU") and prepared and conducted litigations in the health care field. For example, I am currently co-lead counsel in three antitrust class actions on behalf of nurses against hospitals for wage collusion in three cities – out of five litigations I initially investigated and then brought in 2006. Nurses in Albany and Detroit have won settlements totaling over $59 million through

these litigations. I have also regularly investigated potential Medicare fraud by national health care systems, and evaluated potential qui tam cases for SEIU and others.

3. When this action was filed, I was counsel for Relators Dr. James Doghramji, Sheree Cook, and Rachel Bryant. I am also counsel for the SEIU, which was a Relator when this action was filed. I concluded my representation of Relators Doghramji, Cook, and Bryant in June 2012, when SEIU withdrew from the case.

4. Until SEIU's withdrawal, I was the attorney at my firm with principal responsibility for investigating and prosecuting the case. Exhibit A to this Declaration is a copy of J&H's billing record for this litigation, which has been reduced to exclude fees and costs incurred solely on behalf of SEIU in the initial stages of the case, and after SEIU's withdrawal as a Relator. I closely supervised the work done by J&H attorneys and professional staff in this matter. In assigning work, I took into account the specific needs of the case and the skills and talents of the personnel available. Attached as Exhibit B to this Declaration is a Firm Resume. I staffed the case leanly with only that complement of lawyers and staff reasonably necessary to serve the needs of the relators.

5. The billing rates reflected in the billing summary for J&H are the current Adjusted Laffey Matrix rates for the District of Columbia[1]. These rates reflect the prevailing hourly rates for attorneys in the Washington, D.C. as adjusted by the nationwide Legal Services

---

[1] The "Laffey Matrix" is a matrix of prevailing hourly rates for attorneys in Washington, D.C., first utilized in *Laffey v. Nw. Airlines*, 572 F. Supp. 354, 371 (D.D.C. 1983), *aff'd*, 746 F.2d 4, 241 U.S. App. D.C. 11 (D.C. Cir. 1984), *overruled in part on other grounds by Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525, 273 U.S. App. D.C. 78 (D.C. Cir. 1988) (*en banc*). The Adjusted Laffey Matrix adjusts the Laffey rates using the nationwide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor. *See* http://www.laffeymatrix.com. Various federal courts have approved this so-called Legal Services Index ("LSI") methodology for updating the Laffey Matrix. *See, e.g.*, *Salazar v. Dist. of Col.*, 123 F.Supp.2d 8 (D.D.C. 2000) (utilizing the LSI method to update Laffey rates); *Bywaters v. United States*, 670 F.3d 1221, 1226 (Fed. Cir. 2012) (citing *Salazar* and approving fee award based on an updated Laffey Matrix); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 416 (3d Cir. 2013) (citing *Salazar* and affirming fee award based on LSI-updated Laffey Matrix).

Component of the Consumer Price Index. My firm has sought and received fees at these rates for complex litigation matters, most recently in *Cason-Merenda v. VHS of Michigan*, Case No. 06-15601 (October 14, 2013, E.D. MI.) (Doc. #823). Based on my knowledge and experience, I believe the hourly rates and times charged by the J&H attorneys representing the relators in this case are reasonable and fall within the range of market rates charged for these types of cases nationally and in the Washington, D.C., market by attorneys with similar experience. In further support of these facts, the relators are contemporaneously filing the declarations of Washington, D.C., attorneys Leon Dayan of Bredhoff & Kaiser and Charles Both of the Law Offices of Charles R. Both, along with a Declaration from Seattle, Washington, attorney Mark A. Griffin of Keller Rohrback.

6.      After my withdrawal from this case, Relators Doghramji, Cook, and Bryant continued to be represented by attorneys at the firms of Grant & Eisenhofer, P.A. ("G&E"), Barrett Johnston, LLC, and Cohen, Milstein, Sellers and Toll ("CMST"). I understand that Reuben Guttman of G&E is submitting a declaration addressing the work performed by Relators' counsel from approximately April 2011 through the present. The primary purpose of this declaration is to address the work done by Relators' counsel prior to April 2011.

7.      At SEIU's request and based on reports SEIU had gathered by interviewing doctors, I began investigating unlawful emergency room admission practices at hospitals owned by Community Health Systems, Inc. ("CHS") in October 2010. Attorneys from CMST were also part of this investigation beginning in November 2010. Attorneys from Barrett Johnston and G&E joined the investigation in April 2011.

8.      An important part of the investigation involved an original, robust statistical analysis of CHS admission practices. This analysis was developed by personnel of SEIU's

research department, and further developed and extended in consultation with J&H and on behalf of all Relators. As explained in Relators' complaint, the analysis showed that rates of ER admissions at numerous CHS facilities across the country were significantly elevated above national averages for hospitals of similar size and patient mix, and that those rates dramatically increased at facilities shortly after acquisition by CHS.

9. SEIU and the other Relators conducted an extensive factual investigation to corroborate the initial doctor reports, the experiences of the individual relators at CHS hospitals and the results of the statistical analysis. SEIU researchers and organizers, and investigators working at the direction of counsel, contacted approximately 100 current and former doctors and nurses at approximately 20 CHS facilities in nine states regarding CHS' admission practices. At the time, SEIU represented approximately 3,500 employees at eight CHS facilities across five states. Relators provided pertinent information derived from these interviews in their May 2011 disclosure statement.

10. On February 14, 2011, representatives from SEIU, Kit Pierson of CMST, and I met on behalf of Relators with attorneys from the United States Department of Justice ("DOJ") in Washington, D.C. about the results of our investigation. We presented information about both the factual investigation and the statistical analysis. On April 7, 2011, we met with an Assistant U.S. Attorney in the Eastern District of Pennsylvania, again explaining the statistical analysis and the investigative results. As counsel for Relators we also subsequently met with representatives from the United States Attorneys' Office for the Middle District of Tennessee.

11. Relators ultimately filed suit in the United States District Court for the Middle District of Tennessee on May 10, 2011 against CHS and approximately 74 hospitals owned by CHS.

12.     Following disclosure of their investigation, Relators (and counsel for Relators) had continued contact with DOJ and representatives from United States Attorneys' Office for the Middle District of Tennessee (collectively, the "Government").  The Government was particularly interested in Relators' statistical analysis, and Relators worked extensively with the Government to help it and Health and Human Services personnel understand and replicate the results of Relators' analysis.  Mr. Guttman's declaration provides additional details about the support Relators and their counsel provided to the Government in its investigation of CHS.

13.     After my withdrawal from the case, I continued to respond to questions from the Government regarding Relators' statistical analysis and to facilitate responses to the Government's inquiries from SEIU research department personnel who were most knowledgeable about the statistical methodology as applied to Medicare billing, and in the best position to interpret some of the audit results during the course of the Government's settlement negotiations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 26, 2014

David P. Dean

# EXHIBIT A

**James & Hoffman**
**A Professional Corporation**
**1130 Connecticut Avenue, NW, Suite 950**
**Washington, DC 20036-3975**
**EIN: 52-1925788**

---

RE: CHS Qui Tam

---

SUMMARY

| | | | |
|---|---|---|---|
| David Dean | 531.00 hrs | @ $771 = | $409,401.00 |
| Emilie Kraft | 351.00 hrs | @ $567 = | $199,017.00 |
| Daniel Rosenthal | 8.25 hrs | @ $320 = | $2,640.00 |
| Rianna Brown | 30.75 hrs | @ $175 = | $5,381.25 |
| Robert Holt | 9.75 hrs | @ $320 = | $3,120.00 |

Total Fees* = $619,559.25
Total Costs** = $34,090.59
Grand Total = $653,649.84

* Fifty-one and a quarter hours developing case and assisting DOJ no-charged because done on behalf of SEIU.

** Includes $21,547.20 in expenses for investigators to locate and interview current and former CHS-affiliated health professionals across the country.

**James & Hoffman**
**A Professional Corporation**
**1130 Connecticut Avenue, NW, Suite 950**
**Washington, DC 20036-3975**
**EIN: 52-1925788**

---

RE: CHS Qui Tam

For legal services rendered as of April, 2014:

---

Services Rendered

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| 11/02/10 | DPD | Telephone conference with [redacted] regarding potential qui tam action. | 0.50 | No Charge |
| 11/02/10 | ESK | Research qui tam issues; telephone conference with D. Dean regarding same. | 4.50 | No Charge |
| 11/03/10 | DPD | Telephone conference with D. Small, K. Pierson regarding serving as counsel to individual relators in qui tam action. | 0.50 | No Charge |
| 11/03/10 | ESK | Research, draft memorandum on HIPAA, qui tam issues. | 3.50 | No Charge |
| 11/04/10 | DPD | Review materials on solicitation issues and HIPPA issues; prepare for conference call. | 0.75 | No Charge |
| 11/04/10 | ESK | Research, draft memorandum re HIPAA, qui tam issues; confer with D. Dean regarding same. | 3.00 | No Charge |
| 11/05/10 | DPD | Telephone conference with [redacted] regarding potential qui tam action. | 0.50 | No Charge |
| 11/05/10 | ESK | Research qui tam issues; participate in conference call regarding same; confer with R. Holt, D. Dean regarding same; telephone conference with M. Healey regarding PA ethics rules. | 3.00 | No Charge |
| 11/06/10 | ESK | Email exchanges with D. Dean | 0.25 | No Charge |

---

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| | | regarding qui tam issues. | | |
| 11/09/10 | DPD | Telephone conference with [redacted] regarding solicitation issues. | 0.50 | No Charge |
| 11/09/10 | RDL | Research Pennsylvania client solicitation rules; draft email to D. Dean regarding same. | 2.00 | No Charge |
| 11/10/10 | RDL | Research legal ethics opinions regarding client solicitation; revise analysis of client solicitation issue. | 1.75 | No Charge |
| 11/11/10 | RDL | Correspondence with D. Dean regarding Pennsylvania client solicitation rules. | 0.50 | No Charge |
| 11/16/10 | DPD | Review issues regarding solicitation and [redacted]; telephone conference with with N. Berner, [redacted] regarding status of research. | 2.00 | No Charge |
| 11/16/10 | ESK | Research using statistics to be a relator, Pennsylvania ethics rules; telephone conferences with D. Dean, N. Berner, [redacted] regarding potential qui tam action. | 4.00 | No Charge |
| 11/19/10 | DPD | Telephone conference with [redacted] regarding status of research on solicitation; review research regarding public disclosure; review and analyze summary of communications. | 2.00 | No Charge |
| 11/19/10 | ESK | Research public disclosures and other qui tam issues; telephone conference with [redacted] D. Dean regarding same; draft advice for speaking with potential relators; email exchanges with D. Dean regarding same. | 3.25 | No Charge |
| 11/22/10 | DPD | Telephone conference with D. Small, K. Pierson regarding potential qui tam action; emails with N. Berner and CMST regarding same. | 1.00 | No Charge |
| 11/22/10 | ESK | Telephone conference with D. Small, K. Pierson regarding case; review [redacted], other cases involving CHS; email exchanges with D. Dean regarding same; research Newbold qui tam complaints; confer with L. Heylin regarding same. | 2.50 | No Charge |
| 11/23/10 | DPD | Edit advice regarding speaking with relators; confer with E. Kraft | 1.00 | No Charge |

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| | | regarding same; emails with CMST regarding same. | | |
| 11/23/10 | ESK | Confer with D. Dean regarding qui tam issues; email exchanges with [redacted] N. Berner, D. Dean regarding advice for speaking with potential relators. | 0.50 | No Charge |
| 11/29/10 | DPD | Email [redacted] regarding questions on speaking with relators. | 0.50 | No Charge |
| 12/01/10 | ESK | Research PA legal ethics rules; draft letter to potential relator; confer with D. Dean regarding same; email exchanges with D. Dean, D. Small, K. Pierson regarding same. | 3.00 | No Charge |
| 12/02/10 | ESK | Revise relator letter; confer with D. Dean regarding same; email exchanges with D. Small, D. Dean, K. Pierson regarding same. | 0.75 | |
| 12/02/10 | DPD | Arrange, edit and distribute letter to Dr. Doghramji. | 0.75 | |
| 12/09/10 | ESK | Telephone conferences with D. Dean, [redacted] N. Berner regarding CHS qui tam. | 0.75 | |
| 12/09/10 | DPD | Teleconference with [redacted] E. Kraft regarding questions on potential relator/witness contacts; preparation for and follow up from same. | 1.50 | |
| 12/11/10 | DPD | Arrange Doghramji meeting. | 0.50 | |
| 12/12/10 | ESK | Review potential relator materials to prepare for meeting; email exchanges with D. Dean regarding same. | 2.00 | |
| 12/12/10 | DPD | Research regarding [redacted]. | 1.75 | |
| 12/13/10 | ESK | Travel to/from Philadelphia; confer with potential relator, D. Dean, K. Pierson regarding potential qui tam case against CHS. | 8.00 | |
| 12/13/10 | DPD | Confer with J. Doghramji, K. Pierson, E. Kraft regarding CHS false claims; travel to Philadelphia and back for meeting with Dr. Doghramji. | 7.50 | |
| 12/15/10 | ESK | Research [redacted]; confer with D. Dean regarding same. | 1.25 | |
| 12/15/10 | DPD | Confer with K. Pierson regarding [redacted]; research HIPPA regs; email N. Berner regarding status. | 2.00 | |

| Date | Atty | Description | Hours |
| --- | --- | --- | --- |
| 12/17/10 | DPD | Continue [redacted]; research related issues. | [redacted] |
| 12/18/10 | DPD | Telephone conference with K. Pierson regarding [redacted]; preparation for and followup from same. | 0.75 |
| 12/21/10 | ESK | Research qui tam issues; revise memorandum regarding speaking with potential relators; email exchanges with D. Dean regarding same. | 2.25 |
| 12/22/10 | ESK | Telephone conferences with [redacted] N. Berner, D. Dean regarding qui tam issues; email exchanges regarding advice for potential relators. | 1.25 |
| 12/22/10 | DPD | Telephone conference with [redacted] N. Berner, E. Kraft, [redacted] regarding potential co-relator/witness contacts; preparation of written guidance regarding same; telephone conference with N. Berner regarding [redacted]. | 1.75 |
| 01/05/11 | ESK | Research [redacted]. | [redacted] |
| 01/06/11 | DPD | [redacted]; emails with K. Pierson regarding same. | 1.50 |
| 01/07/11 | DPD | [redacted]; telephone conference with J. Doghramji; preparation for and follow up from same. | 4.75 |
| 01/13/11 | DPD | Telephone conference with SEIU CHS team regarding CHS Qui Tam litigation; review Qui Tam statute; confer with E. Kraft regarding [redacted]; research questions from call. | 5.25 |
| 01/13/11 | ESK | Participate in conference call regarding progress of potential case; confer with D. Dean regarding case progress, public disclosures. | 1.00 |
| 01/14/11 | RFH | Research legislative history of healthcare reform act to determine impact on Qui Tam litigation. | 3.75 |
| 01/16/11 | RFH | Research legislative history of health care reform bill to determine impact on Qui Tam litigation. | 6.00 |
| 01/18/11 | ESK | Telephone conference with [redacted] D. Dean regarding qui tam case; confer with D. Dean | 1.25 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | regarding case; email exchanges with D. Dean, K. Pierson, D. Young regarding [redacted]; email exchanges with J. Doghramji regarding case. | |
| 01/18/11 | DPD | Telephone conference with team regarding [redacted]; research and draft reply to process questions; circulate; arrange [redacted] meeting; telephone conference with CMST regarding same; review statistical materials in preparation for [redacted] meeting. | 4.75 |
| 01/19/11 | ESK | Telephone conference with J. Doghramji, D. Dean, D. Young regarding qui tam case; review materials for meeting with [redacted] | 3.00 |
| 01/19/11 | DPD | Telephone conference with Dr. Doghramji; confer with E. Kraft regarding same; telephone conference with D. Ycung regarding call; draft and send letter to Dr. Floyd. | 1.50 |
| 01/20/11 | ESK | Confer with [redacted] D. Dean, D. Young, N. Enright regarding statistical analysis of CHS hospitals; email exchanges with J. Doghramji regarding medical records; confer with D. Dean regarding case. | 4.50 |
| 01/20/11 | DPD | Confer with [redacted], D. Young, E. Kraft; telephone conference with N. Enright regarding DOJ presentation; preparation for and follow up from same. | 5.00 |
| 01/21/11 | ESK | Email exchanges with J. Doghramji regarding medical records. | 0.25 |
| 01/24/11 | ESK | Email exchanges with J. Doghramji regarding medical records. | 0.25 |
| 01/25/11 | ESK | Telephone conference with D. Ivey; confer with D. Dean regarding case. | 1.00 |
| 01/26/11 | ESK | Email exchanges with D. Young, D. Dean regarding witness interviews; telephone conference with J. Doghramji regarding medical records. | 1.50 |
| 01/26/11 | DPD | Review case law regarding FCA issues. | 4.00 |
| 01/27/11 | ESK | Draft questions for Dr. Harris; email exchanges with D. Dean, D. Young regarding same. | 2.00 |
| 01/28/11 | ESK | Email exchanges with D. Ivey regarding meeting. | 0.25 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/31/11 | ESK | Email exchanges with E. Floyd, D. Ivey regarding meetings; email exchanges with J. Doghramji regarding [redacted]; email exchanges with D. Dean, D. Young, K. Pierson regarding meeting on the 10th; confer with D. Dean regarding case; research [redacted]. | 1.50 |
| 02/01/11 | ESK | Telephone conferences with potential witnesses (D. Ivey, E. Floyd); confer with D. Dean regarding same; email exchanges with J. Doghramji regarding [redacted]. | 4.00 |
| 02/01/11 | DPD | Arrange rehearsal for DOJ meeting; emails with Doghramji regarding [redacted]; review [redacted] [redacted]. | 1.25 |
| 02/02/11 | ESK | Telephone conferences with witnesses D. Ivey and E. Floyd regarding case. | 0.75 |
| 02/02/11 | DPD | Review and analyze [redacted] methodology presentation; arrange D. Ashmore review. | 2.00 |
| 02/03/11 | ESK | Email exchanges with [redacted] D. Dean regarding potential witnesses; review methodology; telephone conference with D. Ashmore, D. Dean, [redacted] regarding methodology; email exchanges with J. Doghramji regarding [redacted] [redacted]; confer with D. Dean regarding [redacted] [redacted]; review qui tam complaints. | 3.50 |
| 02/03/11 | DPD | Telephone conference with D. Ashmore, [redacted] E. Kraft regarding methodology; preparation for and follow up from same; coordinate and prepare for [redacted] meeting on Friday; analyze [redacted] [redacted]. | 3.50 |
| 02/04/11 | ESK | Attend meeting with D. Dean, D. Chen, [redacted] D. Young, [redacted] regarding SEIU statistical analysis for qui tam case; draft letters to potential relators; email exchanges with J. Doghramji regarding [redacted] [redacted]. | 3.25 |
| 02/04/11 | DPD | Confer with [redacted] D. Young, D. Chen, E. Kraft, N. Enright regarding | 7.25 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | SEIU statistical presentation; preparation for and follow up from same; review and analyze [redacted]; [redacted]; prepare for DOJ presentation; emails with D. Chen regarding preparations. | |
| 02/07/11 | ESK | Research issues for complaint; draft same; email exchanges with J. Doghramji, D. Dean regarding same; draft bullet points about relators for slides; research [redacted]; email exchanges with D. Dean regarding same. | 6.50 |
| 02/07/11 | DPD | Research and draft [redacted]; coordinate with potential relators. | 7.50 |
| 02/08/11 | ESK | Draft complaint; email exchanges with D. Dean, [redacted] regarding same; email exchanges with D. Dean regarding powerpoint presentation; review, edit same; email exchanges with D. Dean, D. Young regarding [redacted]; telephone conference with potential relator S. Cook regarding [redacted]. | 6.00 |
| 02/08/11 | DPD | Interview [redacted]; edit [redacted]; research [redacted] and miscellaneous issues for DOJ presentation; arrange follow up interviews with [redacted]. | 4.25 |
| 02/09/11 | ESK | Travel to, from Philadelphia; confer with J. Doghramji, D. Young regarding [redacted]; telephone conferences, email exchanges with D. Dean, J. Doghramji regarding same. | 8.50 |
| 02/09/11 | DPD | Telephone conference with K. Pierson regarding DOJ meeting; telephone conference with D. Kraft regarding Doghramji meeting; review and analyze results of same; continue editing narrative slides for DOJ; emails regarding [redacted]. | 4.25 |
| 02/10/11 | ESK | Confer with D. Dean, D. Chen, [redacted] D. Young, N. Berner, N. Enright regarding meeting with DOJ; summarize Medicare fraud | 8.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | examples; email exchanges with J. Doghramji, D. Dean regarding same; revise powerpoint slides, confer with D. Dean regarding same. | |
| 02/10/11 | DPD | Attend preparation meeting for DOJ presentation; preparation for and follow up from same. | 5.00 |
| 02/11/11 | ESK | Revise slides; email exchanges with D. Dean, D. Chen, N. Berner, [redacted] regarding same; telephone conference with S. Cook regarding case, retainer. | 2.50 |
| 02/11/11 | DPD | Continued preparation for DOJ meeting, including research and editing on slides, emails regarding attendance and slides; emails with S. Bach regarding [redacted]; telephone conference with K. Pierson regarding presentation; arrange retainer matters. | 6.00 |
| 02/12/11 | ESK | Email exchanges with S. Cook, J. Doghramji regarding [redacted]. | 0.50 |
| 02/13/11 | ESK | Telephone conferences with J. Doghramji, S. Cook regarding follow up questions; draft notes for D. Dean; revise [redacted]. | 0.75 |
| 02/14/11 | ESK | Confer with D. Dean regarding DOJ meeting, research projects. | 0.75 |
| 02/14/11 | DPD | Attend final pre-meeting and then present on potential Qui Tam case to DOJ; preparation for and follow up from same. | 5.75 |
| 02/15/11 | ESK | Confer with D. Dean regarding case strategy; email exchanges with D. Young regarding [redacted]. | 0.75 |
| 02/16/11 | ESK | Prepare for, participate in conference call with Dr. Esser, S. Bach, D. Dean, D. Young. | 1.25 |
| 02/16/11 | DPD | Confer with Dr. Esser & S. Bach; confer with E. Kraft, D. Young regarding same; preparation for same. | 2.00 |
| 02/22/11 | ESK | Answer questions about relator and witness testimony; email exchanges with D. Dean, [redacted] regarding same. | 1.00 |
| 02/23/11 | ESK | Telephone conference with J. Doghramji regarding follow up | 2.00 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | questions; edit letter to DOJ. | |
| 02/25/11 | DPD | Follow up with [redacted] regarding [redacted]; begin drafting second Mao follow up letter. | 2.50 |
| 02/28/11 | ESK | Email exchanges with potential witnesses, D. Dean regarding [redacted]; email exchanges with J. Doghramji, D. Dean regarding [redacted]. | 0.50 |
| 02/28/11 | DPD | Emails and analysis regarding [redacted]. | 0.75 |
| 03/02/11 | DPD | Draft follow up letter to Mao. | 0.50 |
| 03/04/11 | ESK | Email exchanges with D. Chen, D. Dean, J. Doghramji regarding case. | 0.50 |
| 03/04/11 | DPD | Follow up on relator; call [redacted]; edit letter to DOJ. | 1.50 |
| 03/07/11 | ESK | Review, finalize, send letter to A. Mao; email exchanges with D. Dean regarding same; draft, send [redacted]; email exchanges with D. Dean regarding same; confer with S. Hoffman regarding local counsel in TN. | 1.00 |
| 03/08/11 | DPD | Emails with D. Chen regarding [redacted]; arrange local counsel; arrange payment to D. Ashmore. | 1.50 |
| 03/09/11 | DPD | Email D. Chen regarding [redacted]; telephone conference with K. Pierson regarding disclosure statement; review [redacted]; arrange Complaint drafting. | 2.00 |
| 03/10/11 | ESK | Draft, send letters to [redacted]; email exchanges with D. Dean, L. Heylin regarding same. | 0.50 |
| 03/10/11 | DPD | Arrange [redacted]; emails and edit memorandum regarding [redacted]; research [redacted]; telephone conference with K. Pierson regarding follow up with relators; arrange follow up meeting with SEIU. | 3.50 |
| 03/11/11 | ESK | Conference call with team regarding case; email exchanges with J. Doghramji; draft complaint. | 1.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 03/11/11 | DPD | Email S. Bach & Dr. Esser regarding participation in suit; telephone conference with regarding ; preparation for same. | 1.00 |
| 03/14/11 | ESK | Email exchanges with D. Dean, regarding potential relators. | 0.50 |
| 03/16/11 | ESK | Telephone conference with potential relators (R. Bryant and D. Miller); email exchanges with J. Doghramji regarding ; draft complaint. | 4.00 |
| 03/17/11 | DPD | Review and analyze draft complaint; follow up on relator contacts. | 1.25 |
| 03/18/11 | ESK | Email exchanges with L. Heylin, D. Dean regarding letter to . | 0.25 |
| 03/21/11 | ESK | Email exchanges with D. Dean, S. Cook regarding qui tam case, meeting. | 0.25 |
| 03/23/11 | ESK | Research, draft complaint; email exchanges with L. Heylin regarding caption; email exchanges with D. Young, D. Dean regarding complaint, disclosure statement. | 2.50 |
| 03/24/11 | ESK | Confer with D. Dean regarding complaint; email exchanges with regarding . | 0.75 |
| 03/24/11 | DPD | Telephone conference with ; arrange local TN counsel; telephone conference with CMST regarding disclosure statement and ; analyze Complaint; research and seek additional qui tam counsel. | 3.50 |
| 03/27/11 | ESK | Email exchanges with D. Dean, regarding complaint; draft complaint. | 2.00 |
| 03/27/11 | DPD | Edit Complaint. | 2.50 |
| 03/28/11 | ESK | Travel to/from Dyersburg, TN; meet with R. Bryant ; draft, revise complaint; email exchanges with D. Young, D. Dean regarding same. | 12.00 |
| 03/30/11 | ESK | Email exchanges with J. Doghramji regarding ; draft complaint. | 1.25 |
| 03/31/11 | ESK | Telephone conference with D. Dean, D. Chen, N. Enright regarding case; draft | 3.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | complaint; email exchanges with team regarding same; review E.D. Pa. letters; telephone conference with J. Doghramji regarding [redacted]. | |
| 03/31/11 | DPD | Telephone conference with CHS team regarding status; preparation and follow up from same. | 0.75 |
| 04/01/11 | DPD | Telephone conference with R. Guttman regarding [redacted]; follow up from same; draft research questions and arrange circulation. | 1.50 |
| 04/01/11 | ESK | Research, draft complaint; email exchanges with [redacted] regarding same; telephone conference with team regarding case, meeting with Asst U.S. Attorney in E.D. Pa.; email exchanges with D. Chen, D. Dean, [redacted] regarding same; email exchanges with J. Doghramji, D. Young regarding [redacted]; telephone conference with D. Dean, R. Guttman regarding [redacted] [redacted]. | 3.00 |
| 04/02/11 | DPD | Edit draft Complaint; [redacted]. | 1.75 |
| 04/02/11 | ESK | Research, draft qui tam complaint; email exchanges with [redacted] D. Dean regarding same. | 6.00 |
| 04/03/11 | ESK | Research, draft qui tam complaint. | 10.00 |
| 04/04/11 | DPD | Circulate Complaint; emails with R. Guttman regarding same. | 0.50 |
| 04/04/11 | ESK | Draft, revise complaint; email exchanges with D. Dean, D. Young, [redacted] D. Chen, N. Enright, [redacted] regarding same; telephone conference with SEIU team regarding E.D. Pa. meeting, case; email exchanges with R. Bryant and J. Doghramji regarding [redacted]; email exchanges with D. Young regarding disclosure statement. | 3.25 |
| 04/05/11 | ESK | Telephone conference with counsel team regarding case; email exchanges with J. Doghramji regarding [redacted]; email exchanges with SEIU team regarding E.D. Pa. meeting. | 1.25 |
| 04/06/11 | ESK | Telephone conference with D. Chen, [redacted] | 3.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | [redacted] N. Enright, [redacted] [redacted] regarding E.D. Pa. meeting; review powerpoint; email exchanges with D. Chen, D. Dean regarding same. | |
| 04/07/11 | DPD | Preparation for and meeting with AUSA in Philadelphia; debrief and travel back to DC. | 8.50 |
| 04/07/11 | ESK | Prepare for, attend meeting with M. May (Assistant U.S. Attorney in E.D. Pa.); confer with D. Dean, D. Chen, [redacted] regarding same; travel to/from Philadelphia. | 9.00 |
| 04/08/11 | ESK | Meeting with R. Guttman, C. Poplin, D. Dean, [redacted] D. Chen, [redacted] [redacted] regarding case; email exchanges with team regarding same; telephone conference with R. Guttman, D. Dean, J. Doghramji regarding [redacted]. | 4.50 |
| 04/09/11 | DPD | Review evidence from Doghramji; emails regarding same. | 0.50 |
| 04/09/11 | ESK | Email exchanges with J. Doghramji, counsel team regarding Chestnut Hill. | 0.50 |
| 04/11/11 | ESK | Email exchanges with counsel team, SEIU team regarding [redacted]; conference call with SEIU team, counsel team regarding [redacted] [redacted], follow up with witnesses. | 3.00 |
| 04/12/11 | ESK | Confer with L. Heylin regarding [redacted] [redacted]. | 0.50 |
| 04/13/11 | DPD | T/c R. Guttman re: [redacted] [redacted] [redacted]; e-mails re: same; conf. E. Kraft re: [redacted]; t/c K. Pierson re: [redacted]. | 1.75 |
| 04/13/11 | ESK | Email exchanges with J. Doghramji regarding [redacted]. | 0.25 |
| 04/14/11 | DPD | Telephone conference with C. Weil regarding [redacted] [redacted]. | 0.75 |
| 04/14/11 | ESK | Telephone conference with D. Dean, J. Doghramji regarding case; confer with D. Dean regarding same. | 1.50 |
| 04/15/11 | DPD | Telephone conference with [redacted] [redacted] regarding [redacted]; circulate materials. | 0.75 |
| 04/18/11 | DPD | Confer with R. Guttman, C. Poplin, [redacted] | 4.00 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | [redacted] D. Chen, [redacted] E. Kraft regarding case strategy; telephone conference with J. Doghramji, R. Guttman, E. Kraft regarding [redacted]. | |
| 04/19/11 | DPD | Continue brief for C. Weil; prepare for conference call with team. | 0.75 |
| 04/20/11 | DPD | Conference call with C. Weil and team. | 0.50 |
| 04/20/11 | ESK | Telephone conference with K. Pierson, D. Young, D. Dean regarding complaint, disclosure statement. | 1.00 |
| 04/21/11 | DPD | [redacted]; analyze [redacted]; arrange [redacted]. | 3.25 |
| 04/22/11 | ESK | Research [redacted]; research [redacted]; telephone conferences with [redacted] regarding same; confer with D. Dean regarding same; draft, send letter regarding [redacted]. | 3.00 |
| 04/24/11 | DPD | Analyze [redacted]; emails with E. Kraft regarding same. | 0.75 |
| 04/24/11 | ESK | Email exchanges with D. Dean regarding ethical guidelines for contacting potential witnesses; research same in AL, KY, TN, PA, NM. | 2.00 |
| 04/25/11 | DPD | Review and analyze [redacted]; Conference call with Barrett firm and R. Guttman regarding Complaint. | 2.00 |
| 04/25/11 | ESK | Continue researching state ethical guidelines, draft memorandum; review [redacted]; email exchanges with D. Dean, C. Weil regarding same; telephone conference with [redacted] regarding [redacted]; review [redacted]; email exchanges with D. Dean regarding same; conference call with counsel team regarding same, filing; revise complaint; email exchanges with SEIU team regarding same, [redacted]. | 6.00 |
| 04/26/11 | DPD | Emails regarding [redacted]; circulate materials to local team; review Complaint; edit [redacted]; review "Narrative" from [redacted] emails with R. Guttman regarding complaint issues; resolve [redacted]. | 6.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 04/26/11 | ESK | Email exchanges, telephone conference with D. Dean, D. Chen, [redacted] regarding follow up with witnesses, [redacted]; revise, circulate complaint; email exchanges with counsel team regarding same; telephone conferences with relators regarding [redacted]. | 4.00 |
| 04/27/11 | ESK | Revise complaint; research damages calculations; email exchanges with D. Dean regarding same; email exchanges with J. Doghramji regarding [redacted]; telephone conference with R. Bryant regarding [redacted]; email exchanges with C. Weil regarding [redacted]. | 4.00 |
| 04/28/11 | ESK | Review [redacted]; email exchanges with SEIU team, J. Doghramji regarding same; edit complaint. | 4.00 |
| 04/29/11 | DPD | Edit Complaint; review new CHS filings and pr. | 5.50 |
| 04/29/11 | ESK | Conference call with counsel team regarding [redacted]; email exchanges regarding same; revise complaint; email exchanges with J. Doghramji regarding [redacted]. | 4.00 |
| 04/30/11 | DPD | Orchestrate input to Complaint from various team members; investigate [redacted]; edit Complaint. | 6.50 |
| 04/30/11 | ESK | Conference call with SEIU team regarding witness follow up, [redacted]; revise complaint; email exchanges with C. Poplin, [redacted] regarding same. | 9.00 |
| 05/01/11 | ESK | Research, draft, revise complaint; email exchanges with D. Dean, counsel team, SEIU team regarding same; confer with D. Dean, C. Poplin regarding edits. | 6.00 |
| 05/01/11 | DPD | Edit draft Complaint and Disclosure Statement; orchestrate feedback; confer with C. Poplin, E. Kraft regarding same. | 8.50 |
| 05/02/11 | ESK | Research, draft, revise complaint; | 8.50 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | email exchanges, telephone conference with D. Dean, [redacted] D. Chen, [redacted] regarding same; telephone conferences, email exchanges with relators regarding same; telephone conferences, email exchanges with R. Guttman, D. Dean, D. Young, C. Poplin regarding same. | |
| 05/02/11 | DPD | Edit Complaint and Disclosure Statement; telephone conferences with various team members regarding same. | 11.25 |
| 05/03/11 | ESK | Research, draft, revise complaint; email exchanges with D. Dean, D. Young, R. Guttman, D. Chen, [redacted] regarding same; compile witness list for disclosure statement; telephone conference with C. Whitfield regarding Heritage Medical Center. | 15.00 |
| 05/03/11 | DPD | Edit Complaint and Disclosure Statement; coordinate input. | 10.00 |
| 05/04/11 | ESK | Research, draft, revise complaint; email exchanges with D. Dean, D. Young, R. Guttman, D. Chen, G. Barrett, D. Garrison, [redacted] regarding same; compile witness list for disclosure statement. | 9.00 |
| 05/04/11 | DPD | Editing, researching, coordinating Complaint and Disclosure Statement. | 11.00 |
| 05/05/11 | ESK | Research, draft, revise complaint; email exchanges with D. Dean, D. Young, R. Guttman, D. Chen, [redacted] regarding same; compile witness list for disclosure statement; edit disclosure statement; email exchanges with D. Young regarding same. | 10.00 |
| 05/05/11 | DPD | Edit, research, coordinate Complaint and Disclosure Statement drafting. | 13.50 |
| 05/06/11 | ESK | Research, draft, revise complaint; email exchanges with SEIU team, counsel team regarding same; edit disclosure statement, witness list; email exchanges with D. Dean, D. Young regarding same. | 5.00 |
| 05/06/11 | DPD | Edit, research and coordinate CHS qui tam Complaint and Disclosure Statement. | 8.50 |
| 05/07/11 | ESK | Revise complaint; email exchanges with [redacted] regarding same. | 2.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 05/08/11 | ESK | Revise complaint; email exchanges with D. Dean, D. Young, R. Guttman, D. Chen, [redacted] [redacted] regarding same; email exchanges, telephone conferences with Relators regarding complaint. | 2.50 |
| 05/08/11 | DPD | Edit Complaint; coordinate edit inputs from R. Guttman, arrange filing. | 3.00 |
| 05/09/11 | ESK | Finalize qui tam complaint; email exchanges, telephone conference with counsel team and email exchanges with SEIU team regarding same; review disclosure statement; email exchanges with D. Young regarding same; draft cover letter for disclosure statement. | 6.00 |
| 05/09/11 | DPD | Telephone conference with R. Guttman, D. Garrison, G. Barrett regarding [redacted] [redacted] [redacted]; preparation for and follow up from same; telephone conference with team regarding filing; resolve final problems to finalize for filing. | 4.75 |
| 05/10/11 | ESK | Finalize complaint; draft cover letter to serve on OIG, DOJ; email exchanges with counsel team regarding same. | 1.50 |
| 05/10/11 | DPD | Fix typos and finalize filings; arrange service on various branches; various emails regarding same; analyze issues regarding [redacted] [redacted]; analyze [redacted] [redacted]; telephone conference D. Chen and emails regarding same. | 7.50 |
| 05/11/11 | ESK | Email exchanges with L. Heylin, D. Garrison regarding pro hac motions; email exchanges, telephone conferences with Relators regarding next steps, complaint; email exchanges with counsel team regarding next steps; research [redacted] [redacted]. | 5.00 |
| 05/11/11 | DPD | Email D. Chen regarding [redacted] [redacted]; arrange follow up interviews with individual relators; review [redacted]; distribute [redacted]; telephone conference with C. Weil regarding [redacted]. | 0.75 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 05/12/11 | ESK | Continue researching [redacted]; telephone conference with D. Dean, D. Chen regarding same; [redacted] email exchanges with D. Dean regarding same. | 4.00 |
| 05/12/11 | DPD | Telephone conference with D. Chen regarding [redacted]; emails with C. Weil regarding [redacted]; emails with R. Guttman regarding relator interviews; review and analyze [redacted]; [redacted] | 2.25 |
| 05/13/11 | ESK | Review [redacted]; confer with D. Dean regarding same; participate in conference calls with counsel team, relators. | 5.00 |
| 05/13/11 | DPD | Prepare for and conduct [redacted]; edit [redacted]; emails and research regarding same; emails with Guttman regarding sundry. | 3.00 |
| 05/16/11 | DPD | Review and distribute [redacted]; continue analysis of [redacted]; email [redacted]; review and analyze same. | 2.50 |
| 05/18/11 | DPD | Emails with K. Pierson regarding [redacted]; review and distribute CHS 8k. | 0.50 |
| 05/20/11 | ESK | Email exchanges with [redacted] regarding witnesses. | 0.25 |
| 05/26/11 | ESK | Email exchanges with counsel team regarding amending complaint. | 0.50 |
| 05/26/11 | DPD | Telephone conference K. Pierson regarding team structure; arrange individual relator counsel meeting; draft [redacted]; emails with team regarding [redacted]; review and analyze [redacted]. | 3.50 |
| 05/27/11 | DPD | Locate and distribute individual retainer agreements; emails and arrange call with SEIU team regarding [redacted]. | 0.75 |
| 05/30/11 | DPD | Draft and circulate fee agreement among counsel. | 0.75 |
| 05/31/11 | ESK | Participate in conference call with counsel team regarding DOJ | 1.75 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | interviews; telephone conferences with Relators regarding [redacted]; email exchanges with D. Dean, D. Chen, [redacted] regarding [redacted]. | |
| 05/31/11 | DPD | Confer with R. Guttman, C. Poplin, K Pierson regarding case strategy; telephone conference with SEIU team regarding [redacted]; telephone conference with team regarding same and sundry; preparations for and follow ups from same. | 4.00 |
| 06/01/11 | ESK | Review disclosure statement for witness names; email exchanges and telephone conference with [redacted], D. Chen and D. Dean regarding Department of Justice meeting and witnesses. | 1.25 |
| 06/01/11 | DPD | Telephone conference with CHS team regarding [redacted] and other issues; deal with [redacted]; review [redacted]; finalize [redacted]; arrange witness interviews; review witness notes. | 6.50 |
| 06/02/11 | DPD | Emails regarding various issues; set up witness preparation sessions. | 2.25 |
| 06/10/11 | ESK | Confer with [redacted] D. Chen, [redacted] D. Dean, R. Guttman and C. Poplin regarding statistical analysis, meeting with Department of Justice and call with OIG. | 5.00 |
| 06/10/11 | DPD | Prepare [redacted] and [redacted] for OIG call; prepare for and follow up from same. | 5.50 |
| 06/13/11 | ESK | Email exchanges with counsel team regarding calls with US Attorney's office. | 0.50 |
| 06/14/11 | DPD | Review and analyze statistical analysis in preparation for OIG presentation; emails with co-counsel regarding same. | 2.25 |
| 06/17/11 | ESK | Telephone conference with R. Bryant and S. Cook regarding [redacted]; email exchanges with counsel team regarding interviews. | 1.25 |
| 06/20/11 | ESK | Conference call with J.D. Thomas, counsel team, [redacted] and [redacted] | 2.50 |

| Date | Atty | Description | Hours |
| --- | --- | --- | --- |
| | | regarding [REDACTED]. | |
| 06/20/11 | DPD | JD Thomas conference call with [REDACTED]; prepare for and follow up from same; arrange [REDACTED]. | 2.75 |
| 06/22/11 | ESK | Review follow up questions; email exchanges with [REDACTED] D. Chen and D. Dean regarding same; telephone conferences with [REDACTED] regarding same; draft cover letter to J.D. Thomas; email exchanges with D. Dean and D. Garrison regarding same; email exchanges with D. Dean, R. Guttman and D. Young regarding [REDACTED]; [REDACTED]. | 5.50 |
| 06/22/11 | DPD | Review and analyze follow up material; emails with [REDACTED] and team regarding same; arrange cover letter and service on government; follow up on [REDACTED]. | 2.50 |
| 06/23/11 | ESK | Telephone conference with [REDACTED] D. Chen and D. Dean regarding follow-up with U.S. Attorneys' office; email exchanges with relators regarding interviews in Nashville; research [REDACTED]; draft letter to R. Bryant regarding travel to DC for preparation. | 3.25 |
| 06/23/11 | DPD | Edit cover letter for government on follow up materials; email exchanges regarding same and [REDACTED]; conference call regarding same; review complaint. | 5.50 |
| 06/24/11 | ESK | Email exchanges with D. Young regarding [REDACTED]; email exchanges with D. Chen regarding follow-up letter; draft and revise [REDACTED]; email exchanges with D. Dean regarding same; email exchanges with relators regarding same; review letter from U.S. Attorney regarding [REDACTED]. | 4.00 |
| 06/24/11 | DPD | Finalize follow up letter and get out; telephone conference with D. Garrison regarding [REDACTED] | 3.75 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | [redacted]; emails regarding same; edit [redacted]; telephone conferences with team regarding various. | |
| 06/27/11 | ESK | Email exchanges with counsel team regarding [redacted]; email exchanges with [redacted] and [redacted] regarding [redacted]. | 1.25 |
| 06/27/11 | DPD | Telephone conference with J. Goldstein and D. Chen regarding [redacted]; telephone conference with co-counsel regarding [redacted]; research same and [redacted]. | 3.75 |
| 06/28/11 | DPD | Draft and send letter to J. Goldstein. | 0.50 |
| 06/29/11 | ESK | Telephone conference with S. Cook regarding preparation for US Attorney interview; email exchanges with D. Garrison, D. Dean and R. Guttman regarding same. | 0.50 |
| 06/29/11 | DPD | Review and analyze [redacted]; emails regarding same. | 6.50 |
| 06/30/11 | RPB | Research on [redacted] for D. Dean and E. Kraft. | 6.25 |
| 06/30/11 | ESK | Confer with R. Brown and D. Dean regarding qui tam research project; email exchanges with [redacted] regarding [redacted]; review motion to continue; email exchange with S. Tift regarding same; email exchanges with counsel team regarding relator preparation; [redacted]; email exchange with [redacted] and [redacted] regarding same. | 2.75 |
| 06/30/11 | DPD | Continue review and analysis of [redacted]; draft short memorandum regarding same; analyze [redacted]; review [redacted] emails regarding S. Cook and J. Doghramji preparations. | 6.00 |
| 07/01/11 | ESK | Prepare for and attend prep session for U.S. Attorney interview with J. Doghramji, D. Dean and T. Buschner; email exchanges with counsel team and S. Cook regarding interviews and | 7.50 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | [redacted]. | |
| 07/01/11 | DPD | Prepare Dr. Doghramji for Nashville testimony; preparation for and follow up from same; review retroactivity issue; emails regarding Nashville arrangements for Cook and Bryant; assemble Doghramji materials. | 7.50 |
| 07/01/11 | RPB | Research for D. Dean and E. Kraft on qui tam. | 2.00 |
| 07/05/11 | ESK | Email exchanges with counsel team regarding Relator interviews; telephone conferences with Relators regarding same. | 1.50 |
| 07/05/11 | DPD | Research [redacted]; research [redacted]; review notes and memoranda for [redacted] and S. Cook preparation. | 3.50 |
| 07/05/11 | RPB | Research on [redacted]. | 1.50 |
| 07/06/11 | ESK | Confer with [redacted] D. Dean and D. Chen regarding U.S. Attorney interview; telephone conference with D. Garrison, G. Barrett, R. Guttman, D. Dean and S. Cook to prepare for U.S. Attorney interview; email exchanges with counsel team regarding same; telephone conference with R. Bryant regarding hotel arrangements. | 3.75 |
| 07/06/11 | DPD | Prepare [redacted] to testify; prepare S. Cook to testify by teleconference; preparation for and follow up from same; emails with R. Guttman & team regarding [redacted]. | 4.75 |
| 07/06/11 | RPB | Draft memorandum on qui tam. | 1.50 |
| 07/07/11 | ESK | Confer with D. Dean, R. Guttman and R. Bryant regarding U.S. Attorney interview. | 4.50 |
| 07/07/11 | DPD | Prepare R. Bryant to testify; preparation for and follow up from same; telephone conference with S. Cook, D. Garrison and R. Guttman regarding preparing for testimony; emails regarding Nashville logistics; analyze [redacted]. | 7.50 |
| 07/07/11 | RPB | Draft memorandum on qui tam. | 4.25 |
| 07/08/11 | DPD | Review memorandum regarding [redacted]; review notes [redacted] | 4.50 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | [redacted]; review disclosure statement. | |
| 07/08/11 | ESK | Review [redacted]; email exchanges with counsel team regarding US Attorney interviews. | 1.50 |
| 07/08/11 | RPB | Qui tam research. | 7.75 |
| 07/11/11 | ESK | Email exchanges with D. Dean regarding U.S. Attorney interviews and [redacted]; review [redacted]. | 1.50 |
| 07/11/11 | DPD | Conf. R.D. Thomas, D. Garrison, R. Guttman re: [redacted]; fly to Nashville; conf. D. Garrison, G. Barrett, J. Doghramji re [redacted] preparation for and follow up from same. | 8.50 |
| 07/11/11 | RPB | Conduct qui tam research. | 7.50 |
| 07/12/11 | ESK | Email exchanges with D. Dean regarding U.S. Attorney interviews. | 0.50 |
| 07/12/11 | DPD | Represent Dr. Doghramji in US Attorney interview; confer with [redacted] [redacted] and [redacted] regarding same; analyze [redacted] [redacted]. | 12.00 |
| 07/13/11 | ESK | Telephone conference with D. Dean, [redacted] [redacted] and [redacted] regarding U.S. Attorney interview. | 0.50 |
| 07/13/11 | DPD | Represent [redacted] and [redacted] [redacted] in US Attorney interviews; debrief same. | 9.00 |
| 07/14/11 | ESK | Email exchanges with D. Dean and D. Garrison regarding [redacted] [redacted]; revise same; email exchanges and telephone conference with R. Bryant regarding case. | 1.25 |
| 07/14/11 | DPD | Telephone conference with J. Soifer, Connell and M. Organ regarding [redacted] [redacted]; confer with R. Bryant, D. Garrison and S. Tift regarding preparation for US Attorney interviews; confer with G. Barrett and D. Garrison regarding various issues. | 4.50 |
| 07/15/11 | ESK | Revise [redacted]; email exchanges with D. Dean and D. Garrison regarding same. | 0.50 |
| 07/15/11 | DPD | Represent R. Bryant and S. Cook in US Attorney interviews; [redacted] [redacted]; return to DC; | 9.50 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | . | |
| 08/08/11 | DPD | Review and analyze ; review ; review and analyze . | 3.00 |
| 08/09/11 | DPD | Arrange t and forwarding of requested information to DOJ; emails with D. Garrison, G. Barrett and R. Guttman regarding same. | 0.75 |
| 08/17/11 | DPD | Emails and consideration regarding DOJ request for attorneys to do document review; arrange conference call with ; telephone conference ; follow up with materials and emails; review and analyze DOJ questions; review response and forward thoughts to D. Garrison. | 3.00 |
| 08/18/11 | DPD | Telephone conference with K. Pierson, D. Garrison, G. Barrett and D. Young regarding ; finish up review of and forward to and | 2.00 |
| 08/24/11 | DPD | Telephone conference with J.D. Thomas, D. Garrison, D. Young, R. Guttman, and regarding follow up questions to recently provided material; preparation for and follow up from same. | 2.50 |
| 08/30/11 | DPD | Review and analzye ; conference call regarding ; counsel call, with K. Pierson, R. Guttman, D. Garrison and G. Barrett. | 3.50 |
| 08/31/11 | DPD | Follow on call regarding . | 0.50 |
| 09/06/11 | DPD | Telephone conference with and regarding potential national audit; review and analyze top 10 DRGs for audit; prepare for and participate in telephone conference with J. Soifer, M. Kreindler, M. Organ, P. O'Connell, R. | 3.75 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | Guttman, D. Garrison and D. Young regarding [redacted]. | |
| 09/08/11 | DPD | Emails with J. Soifer regarding [redacted]; review [redacted]. | 1.00 |
| 09/13/11 | DPD | Confer with G. Barrett and D. Garrison regarding case status and [redacted]; prepare [redacted] | 2.00 |
| 09/20/11 | DPD | Telephone conference with all relator counsel and all government counsel regarding [redacted]; preparation for and follow up from same. | 2.75 |
| 09/23/11 | DPD | Confer with [redacted] and [redacted] regarding national audit; telephone conference JD Thomas and counsel regarding various issues; prepartion for and follow up from same. | 3.50 |
| 09/26/11 | DPD | Telephone conference with JD Thomas regarding [redacted]; telephone conference with [redacted] R. Guttman, D. Young and C. Poplin regarding [redacted]; follow up calls with D. Garrison and R. Guttman regarding same; preparation for and follow up from all of above. | 4.25 |
| 09/27/11 | DPD | Edit and circulate suggested audit methodology; calls with various relator counsel regarding same; review [redacted]. | 3.75 |
| 09/28/11 | DPD | Continue work, analysis and discussion on audit methodology issues; circulate drafts; telephone conference with D. Young and [redacted] regarding same. | 2.50 |
| 09/29/11 | DPD | [redacted]; review and edit suggesed audit methodology; analyze JD Thomas question regarding [redacted]. | 4.50 |
| 09/30/11 | DPD | Organize phone calls on audit methodology; review and analyze same; telephone conference with JD Thomas | 6.25 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | regarding various; organize document review; review documents. | |
| 10/02/11 | DPD | Review G&E recommendations to DOJ on document discovery; finalize and forward tc JD Thomas [redacted] s. | 1.00 |
| 10/03/11 | DPD | Telephone conference with D. Garrison and R. Guttman regarding [redacted]; review and analyze same. | 2.00 |
| 10/04/11 | DPD | Conference call with relator counsel regarding [redacted]; telephone conference [redacted]; telephone conference with [redacted] regarding [redacted]; telephone conference with JD Thomas, [redacted] and relator counsel regarding [redacted]; preparation for and follow up from above; emails with D. Chen and N. Berner regarding [redacted]. | 6.50 |
| 10/05/11 | DPD | Review [redacted] and distribute to DOJ; emails regarding [redacted]; telephone conference with J. Doghramji regarding [redacted]. | 2.75 |
| 10/06/11 | DMR | Research qui tam issues. | 1.00 |
| 10/06/11 | DPD | Confer with J. Thomas, [redacted] and D. Young regarding various data issues; confer with D. Garrison, R. Guttman and G. Barrett regarding [redacted]; review memorandum regarding [redacted]. | 3.00 |
| 10/07/11 | DPD | Review and analyze other relators' recommendations regarding audit; email J. Soifer regarding same; edit [redacted]; email D. Young regarding same. | 2.25 |
| 10/08/11 | DPD | Edit [redacted]; telephone conferences with R. Bryant and J. Doghramji regarding same. | 2.00 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| 10/10/11 | DPD | Telephone conference with S. Cooke regarding [redacted]; emails with relator counsel regarding various issues; review other relators audit email and proposals. | 1.50 |
| 10/12/11 | DPD | Telephone conference with D. Young, R. Guttman, D. Garrison, T. Bushner and others regarding document review, and [redacted]; review [redacted], and audit recommendations; preparation for and follow up from same. | 2.00 |
| 10/14/11 | DPD | Review [redacted]. | 0.50 |
| 10/17/11 | DPD | Review and analyze DOJ draft unsealing motion; emails with relator counsel regarding same; arrange conference call regarding same. | 2.00 |
| 10/18/11 | DPD | Conference call regarding unsealing motion; numerous emails regarding same. | 2.75 |
| 10/19/11 | DPD | Telephone conference with D. Chen regarding [redacted]; review [redacted]. | 2.00 |
| 10/21/11 | DPD | Telephone conference with JD Thomas, D. Garrison and G. Barrett regarding unsealing motion and data issues; preparation for and follow up from same; analyze [redacted]; emails regarding same. | 3.00 |
| 10/24/11 | DPD | Research cases; emails with JD Thomas regarding [redacted]. | 1.00 |
| 10/27/11 | DPD | Analyze [redacted]; [redacted]; emails with JD Thomas regarding same; telephone conference with J. Doghramji regarding [redacted]. | 1.00 |
| 10/28/11 | DMR | Research civil penalties under the False Claims Act; calculate possible settlement figures; discuss with D. Dean. | 2.00 |
| 10/31/11 | DMR | [redacted]. | 1.50 |
| 11/02/11 | DPD | Review [redacted]; research records regarding same; email D. Chen regarding same. | 0.50 |
| 11/03/11 | DPD | Analyze [redacted] analysis regarding [redacted]; email regarding same; emails with D. Young regarding document review and M. Lee call. | 0.75 |
| 11/07/11 | DPD | Review J. Soifer 'hot docs' memorandum. | 0.50 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| 11/09/11 | DMR | [redacted]. | 0.25 |
| 11/10/11 | DPD | Telephone conference with JD Thomas, [redacted] and team regarding [redacted]; organization of, preparation for and follow up from same; analyze [redacted]; emails with team and D. Chen regarding same. | 4.50 |
| 11/17/11 | DPD | Review D. Young edits to [redacted]. | 0.50 |
| 11/23/11 | DPD | Edit [redacted] for JD; incorporate all edits and circulate; telephone conference with JD Thomas, C. Poplin, [redacted] and counsel regarding [redacted]; preparation for and follow up from same; emails with R. Guttman on various issues. | 5.50 |
| 12/02/11 | DPD | Preparation for and follow up from and participation in conference call with [redacted] J. D. Thomas, S. Conway and co-counsel regarding [redacted]. | 1.25 |
| 12/09/11 | ESK | Conference call regarding case status, document review and [redacted]. | 1.00 |
| 12/09/11 | DPD | Conference call with all co-counsel regarding various issues; organize same; review and analyze court order. | 1.25 |
| 12/13/11 | DPD | Review situation regarding CHS document review. | 0.25 |
| 12/14/11 | ESK | Email exchanges with D. Chen regarding qui tam research; confer with D. Dean regarding same. | 0.25 |
| 01/11/12 | ESK | Draft [redacted]; email exchanges with L. Peterson, D. Dean and CHS qui tam counsel team regarding same. | 1.50 |
| 01/24/12 | ESK | Email exchanges with D. Dean, L. Peterson regarding document portal. | 0.25 |
| 01/25/12 | ESK | Participate in conference call with co-counsel regarding case update. | 1.00 |
| 02/03/12 | DPD | Research [redacted]; [redacted]. | 0.50 |
| 02/03/12 | ESK | Email exchanges with D. Dean regarding [redacted]. | 1.00 |
| 02/06/12 | DPD | Review [redacted] memo; emails with [redacted] regarding same; emails with counsel team regarding same. | 0.50 |
| 02/08/12 | DPD | Review and analyze R. Guttman memo regarding [redacted]. | 0.50 |
| 02/08/12 | ESK | Email exchanges with D. Dean | 0.25 |

---

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | regarding [REDACTED]. | |
| 02/10/12 | ESK | Email exchanges with T. Buschner, D. Garrison regarding [REDACTED]; telephone conference with D. Garrison regarding [REDACTED] [REDACTED]. | 0.50 |
| 02/13/12 | DPD | Review and distribute to [REDACTED] [REDACTED] [REDACTED]. | 0.50 |
| 02/17/12 | DPD | Confer counsel team regarding case strategy; preparation for same. | 2.00 |
| 02/27/12 | DPD | Confer with R. Guttman, T. Bushner regarding case strategy; [REDACTED] [REDACTED]. | 2.00 |
| 02/29/12 | DPD | Telephone conference with [REDACTED] & D. Young regarding analysis of 2010 data; preparation for and follow up from same. | 2.00 |
| 03/01/12 | DPD | Pull together and forward updated statistical analysis to JD Thomas; e-mail R. Bryant regarding [REDACTED]; [REDACTED] [REDACTED]. | 0.75 |
| 03/01/12 | ESK | Telephone conferences with R. Bryant regarding [REDACTED]; research [REDACTED]; email exchanges with D. Dean regarding same. | 1.00 |
| 03/05/12 | DPD | Review [REDACTED]. | 0.50 |
| 03/08/12 | DPD | Telephone conference with JD Thomas regarding [REDACTED] [REDACTED]. | 2.00 |
| 03/09/12 | DPD | [REDACTED]; e-mails and telephone conference with D. Chen regarding same. | 1.50 |
| 03/16/12 | DPD | Telephone conference with K. Pierson regarding [REDACTED]; distribute; e-mails with group and D. Chen regarding same. | 1.25 |
| 03/20/12 | DPD | [REDACTED] [REDACTED]; e-mails and counsel call regarding same; review research regarding [REDACTED]. | 3.50 |
| 03/21/12 | DPD | Preparation for, participation in and follow up from SEIU-relators' counsel call on [REDACTED]. | 4.00 |
| 03/22/12 | ESK | Research [REDACTED]. | 1.00 |
| 03/23/12 | DPD | Telephone conference with JD Thomas regarding [REDACTED]; preparation for and follow up from same. | 0.75 |
| 03/25/12 | DPD | Conference with [REDACTED] [REDACTED] [REDACTED] regarding [REDACTED] [REDACTED]. | 1.00 |
| 03/26/12 | DPD | Conference call with SEIU-relator | 3.00 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | group counsel; preparation for and follow up from same. | |
| 03/26/12 | ESK | Participate in counsel call. | 1.25 |
| 03/28/12 | ESK | Email exchanges with D. Dean regarding case update. | 0.25 |
| 03/28/12 | DMR | Read and respond to email from D. Dean. | 1.25 |
| 03/29/12 | DPD | Research [redacted]; develop [redacted]. | 3.00 |
| 03/29/12 | ESK | Confer with D. Dean and D. Rosenthal regarding case strategy; email exchanges with D. Young regarding [redacted]. | 1.25 |
| 03/29/12 | DMR | Meet with D. Dean and E. Kraft. | 1.00 |
| 04/04/12 | DPD | Emails with individual relator counsel regarding [redacted]; review emails from M. Handrigan; D. Chen; analyze [redacted]. | 1.50 |
| 04/05/12 | DPD | Telephone conferences and emails with individual relator counsel; email D. Chen; analyze [redacted]. | 1.50 |
| 04/05/12 | ESK | Participate in conference call with DOJ regarding [redacted]; confer with D. Dean regarding same. | 0.50 |
| 04/09/12 | DPD | Emails with co-counsel regarding [redacted]. | 0.50 |
| 04/10/12 | DPD | Telephone conference with and lunch with B. Weinberg; emails with D. Chen; arrange meeting with G. Barrett and schedule travel; email co-counsel regarding [redacted]. | 3.00 |
| 04/11/12 | DPD | Emails and teleconference with individual relator counsel. | 2.50 |
| 04/12/12 | DPD | Fly to Nashville; meet with G. Barrett and B. Weinberg; fly back. | 6.00 |
| 04/13/12 | DPD | Telephone conference with K. Pierson regarding [redacted]; arrange calls with relators. | 0.75 |
| 04/13/12 | ESK | Confer with D. Dean regarding status of qui tam case; email exchanges with relators regarding update calls; participate in counsel conference call. | 1.50 |
| 04/14/12 | DPD | Ongoing discussions by phone and email with individual relator counsel regarding [redacted]; arrange call with S. Cooke. | 3.50 |
| 04/15/12 | DPD | Ongoing discussion with co-counsel regarding [redacted] and updating relators by conference call, | 3.00 |

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| | | individual calls and emails. | | |
| 04/18/12 | DPD | Telephone conference with M. Organ, other relator counsel, regarding [redacted]; emails with other counsel regarding same. | 0.75 | |
| 04/18/12 | ESK | [redacted]; email exchanges with J. O'Connor, M. Handrigan regarding same. | 0.25 | |
| 04/19/12 | DPD | Conference call with G. Barrett and B. Weinberg; preparation for and follow up from same. | 0.50 | |
| 04/22/12 | DPD | Telephone conference with B. Weinberg; emails with G. Barrett. regarding [redacted]; confer with J. Bensfield, M. Soller regarding same; telephone conference with J. Thomas regarding same. | 0.75 | |
| 05/17/12 | DPD | Telephone conference with D. Young regarding filing amended complaint. | 0.25 | |
| 05/24/12 | DPD | Emails regarding getting amended complaint filed. | 0.25 | |
| 05/30/12 | ESK | Begin revising CHS qui tam complaint. | 1.00 | |
| 06/01/12 | ESK | Research [redacted]; revise qui tam complaint; email exchanges with D. Dean regarding same. | 7.00 | |
| 06/04/12 | DPD | [redacted]; edit [redacted]. | 0.75 | |
| 06/05/12 | ESK | Telephone conferences with D. Garrison, D. Young regarding amended complaint; email exchanges with D. Dean regarding same. | 0.50 | |
| 06/05/12 | DPD | Confer with J. Soifer, P. Connell regarding [redacted]. | 1.50 | |
| 06/11/12 | ESK | Email exchanges with D. Young | 0.50 | |
| 09/08/12 | DMR | Research [redacted]; draft email to D. Dean. | 1.25 | |
| 09/08/12 | DPD | Analysis and emails with D. Chen and D. Rosenthal regarding [redacted]. | 0.25 | |
| 05/07/13 | DPD | Respond to inquiry from J.D. Thomas; emails with D. Chen regarding same; telephone conference with K. Pierson and D. Young regarding case status. | 0.75 | No Charge |
| 05/10/13 | DMR | Review materials for call; discuss with D. Dean; phone call. | 1.25 | No Charge |
| 05/10/13 | DPD | Prepare for, participate in and follow up from conference call with J.D. Thomas and D. Rosenthal regarding [redacted]. | 2.00 | No Charge |

---

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| 05/14/13 | DPD | Prepare for, participate in and follow up from telephone conference with [redacted] D. Chen, and [redacted] regarding SEIU statistical analysis. | 1.75 | No Charge |
| 05/15/13 | DMR | Phone call regarding statistical analysis; preparation for call. | 1.50 | No Charge |
| 05/16/13 | DPD | Telephone conference with J. D. Thomas and D. Rosenthal regarding DOJ questions. | 0.75 | No Charge |
| 05/21/13 | DMR | Phone call regarding statistical analysis. | 0.50 | No Charge |
| 05/21/13 | DPD | Telephone conference with D. Chen, [redacted] [redacted] and D. Rosenthal regarding SEIU statistical analysis. | 0.75 | No Charge |
| 09/04/13 | DPD | Telephone conference with J.D. Thomas regarding redacted complaint to CHS; telephone conference with D. Chen and Z. Henige regarding same; preparation for and follow up from same. | 1.00 | No Charge |

EXPENSES

| Date | Description | Amount |
|---|---|---|
| 12/13/10 | D. Dean & E. Kraft train to DC from Philadelphia | 134.00 |
| 12/13/10 | D. Dean & E. Kraft meal in Philadelphia | 19.08 |
| 12/31/10 | 4th Quarter 2010 PACER | 11.84 |
| 12/31/10 | December 2010 Telephone Charges | 1.94 |
| 01/05/11 | Clerk, United States District Court - Copies of Complaints | 200.00 |
| 01/31/11 | January 2011 Photocopying Charges | 0.50 |
| 01/31/11 | January 2011 Local Deliveries | 24.38 |
| 02/09/11 | January 2011 Telephone Charges | 61.81 |
| 02/09/11 | E. Kraft train to/from Philadelphia | 138.00 |
| 02/09/11 | E. Kraft cab & parking during travel to Philadelphia | 44.75 |

---

| Date | Description | Amount |
| --- | --- | --- |
| 02/09/11 | E. Kraft meal in Philadelphia | 8.50 |
| 02/21/11 | Qui Tam materials from American Bar Assn | 143.10 |
| 02/28/11 | February 2011 Photocopying Charges | 40.50 |
| 02/28/11 | Ashenfelter & Ashmore - David Ashmore -- Feb 2011 work on Qui Tam Project | 1,280.00 |
| 03/09/11 | February 2011 Telephone Charges | 17.71 |
| 03/24/11 | Additional Qui Tam materials from American Bar Assn | 143.10 |
| 03/28/11 | E. Kraft airfare to/from Memphis 3/27-3/28/11 | 1,179.90 |
| 03/28/11 | E. Kraft meals in Memphis 3/27-3/28/11 | 19.92 |
| 03/28/11 | E. Kraft car rental & gas in Memphis 3/27-3/28/11 | 102.00 |
| 03/28/11 | E. Kraft airport parking during Memphis travel 3/27-3/28/11 | 40.00 |
| 03/31/11 | 1st Quarter 2011 PACER | 1.44 |
| 03/31/11 | March 2011 Photocopying Charges | 0.60 |
| 04/05/11 | Overnight Deliveries through 3/31/11 | 35.35 |
| 04/07/11 | D. Dean - cabs during travel to Philadelphia | 21.67 |
| 04/07/11 | E. Kraft meal in Philadelphia | 7.19 |
| 04/07/11 | D. Dean & E. Kraft train to/from Philadelphia | 324.00 |
| 04/07/11 | D. Dean meal in Philadelphia | 4.53 |
| 04/07/11 | D. Dean parking at train station for Philadelphia travel | 4.25 |
| 04/09/11 | March 2011 telephone charges | 0.06 |
| 04/24/11 | April 2011 Conference Calls | 94.49 |
| 04/24/11 | Corporate Record search - State of New Jersey | 5.00 |
| 04/30/11 | April 2011 Photocopying Charges | 21.80 |
| 05/11/11 | Clerk, United States District Court - Certificates of Good Standing -- D. Dean & E. Kraft | 30.00 |
| 05/24/11 | James Mintz Group - April 2011 Services | 15,704.56 |
| 05/24/11 | April 2011 Conference Calls | 21.00 |
| 05/24/11 | May 2011 Conference Calls | 21.64 |
| 05/24/11 | US Copyright Office -- inspect documents | 165.00 |
| 05/31/11 | May 2011 Photocopying Charges | 18.70 |
| 05/31/11 | May 2011 Postage Charges | 18.09 |
| 05/31/11 | May 2011 Local Deliveries | 49.29 |
| 06/10/11 | D. Dean & E. Kraft working lunch meeting | 44.58 |
| 06/23/11 | Rachel Bryant - mileage reimbursment (850 miles) and per diem | 1,300.00 |
| 06/24/11 | May 2011 Conference Calls | 71.67 |
| 06/30/11 | June 2011 Photocopying Charges | 4.40 |
| 06/30/11 | June 2011 Postage Charges | 8.76 |
| 06/30/11 | 2nd Quarter 2011 PACER | 20.64 |
| 06/30/11 | Overnight Deliveries through 6/30/11 | 169.98 |
| 07/01/11 | J. Doghramji train to/from Philadelphia | 117.00 |
| 07/01/11 | D. Dean working lunch meeting | 35.59 |
| 07/07/11 | Rachel Bryant - mileage & per diem (Nashville) | 445.00 |
| 07/07/11 | D. Dean working lunch meeting | 36.06 |
| 07/08/11 | R. Bryant hotel & parking in DC 7/6-7/8/11 | 458.70 |
| 07/09/11 | D. Dean working lunch meeting | 21.86 |
| 07/12/11 | J. Doghramji airfare to/from Nashville 7/11-7/12/11 | 533.90 |

| Date | Description | Amount | |
|---|---|---|---|
| 07/15/11 | David Dean - cab fares during travel to Nashville 7/11-7/15/11 | 210.00 | |
| 07/15/11 | R. Bryant hotel in Nashville 7/14-7/15/11 | 211.49 | |
| 07/15/11 | D. Dean hotel in Nashville 7/11-7/15/11 | 1,514.44 | |
| 07/15/11 | D. Dean meals in Nashville 7/11-7/15/11 | 363.04 | |
| 07/15/11 | D. Dean airfare to/from Nashville 7/11-7/15/11 | 589.90 | |
| 07/15/11 | D. Dean internet access druing Nashville travel 7/11-7/15/11 | 11.95 | |
| 07/29/11 | June 2011 Conference Calls | 92.91 | |
| 07/29/11 | July 2011 Conference Calls | 65.20 | |
| 07/31/11 | July 2011 Photocopying Charges | 1.10 | |
| 08/29/11 | August 2011 Conference Calls | 27.08 | |
| 08/31/11 | August 2011 Photocopying Charges | 0.40 | |
| 08/31/11 | James Mintz Group - 5/1/11 - 7/31/11 | 5,842.64 | |
| 09/28/11 | August 2011 Conference Calls | 12.90 | |
| 09/28/11 | September 2011 Conference Calls | 37.34 | |
| 09/30/11 | 3rd Quarter 2011 PACER Charges | 4.08 | |
| 10/31/11 | October 2011 Photocopying Charges | 0.40 | |
| 11/14/11 | October 2011 conference calls | 53.71 | |
| 11/28/11 | November 2011 conference calls | 49.40 | |
| 12/31/11 | 4th Q 2011 PACER | 2.72 | |
| 01/31/12 | January 2012 Photocopying Charges | 0.10 | |
| 01/31/12 | Janaury 2012 Conference Calls | 27.16 | |
| 02/27/12 | February 2012 Conference Calls | 20.47 | |
| 03/24/12 | D. Dean dinner with J. Soifer | 151.60 | |
| 03/29/12 | March 2012 Conference Calls | 32.29 | |
| 03/31/12 | 1st Quarter 2012 PACER | 10.16 | |
| 04/12/12 | D. Dean airfare to/from Nashville | 1,286.10 | |
| 04/27/12 | April 2012 conference calls | 31.50 | |
| 05/29/12 | May 2012 Conference calls | 7.58 | |
| 06/30/12 | June 2012 Postage | 2.70 | |
| 06/30/12 | June 2012 Photocopying Charges | 2.40 | |
| 05/29/13 | May 2013 Conference Calls | 20.47 | No Charge |
| | TOTAL EXPENSES ADVANCED | $34,090.59 | |

# EXHIBIT B

1130 Connecticut Avenue, NW Suite 950
Washington, DC 20036
www.jamhoff.com
202-496-0500

James & Hoffman is a Washington, D.C. based law firm with a nationwide litigation practice and a special focus on effective resolution of labor and employment disputes. Small and collegial by design, our firm is made up of hands-on advocates with decades of experience in handling complex and precedent-setting matters, and a strong commitment to social justice.

**JAMES & HOFFMAN, P.C.**, is a litigation firm with particular expertise in labor and employment law. We provide legal counsel and representation to a broad range of clients throughout the country, including labor unions and labor-related organizations; professional associations; individuals working in government, medicine, academia, journalism, information technology and many other professions and occupations; advocacy groups; public affairs and consulting firms; and charitable, educational and other non-profit entities.

---

**James & Hoffman is made up of hands-on advocates with national reputations in the field of labor and employment law and decades of experience in handling complex, precedent-setting cases. Our activities range from advising professional organizations, to representing academics, doctors, government personnel and others seeking resolution of individual employment disputes, to serving as general counsel to the nation's largest healthcare & property services union and to the pilots association at the world's largest airline.**

---

Founded in 1995, James & Hoffman is made up of seasoned advocates and specialists with decades of legal and practical experience. Our lawyers maintain an extensive national practice, prosecuting and defending a wide variety of cases in federal and state trial courts, appellate courts, administrative agencies and alternate dispute resolution forums. From our base in Washington, D.C., we also provide legislative counsel and representation before Congress, access to executive branch agencies, and participation in federal rulemaking and other regulatory processes. James & Hoffman partners have represented major national and international unions as general counsel; they currently serve as general counsel to the fastest-growing labor union in North America and to the pilots' association at one of the world's largest airlines.

From the firm's inception, James & Hoffman has made human rights, civil liberties and social justice an important part of our work, not only in the United States but in global forums. We partner with international and domestic groups to fight abuses, here and abroad, through education, advocacy and impact litigation. Our firm has incubated and supported significant community and human rights projects, and James & Hoffman attorneys have gone on to lead and continue these local and international initiatives. Our ongoing pro bono work includes successful enforcement of wage standards and other laws for the benefit of the most vulnerable and exploited workers.

James & Hoffman is committed to providing strong and cost-effective representation, whether in complex litigation, large-scale and class actions, or individual employment disputes and negotiations. Our flexible, collegial structure allows us to draw on the strengths,

skills and resources best suited to any given task or project. We continually seek innovative solutions to our clients' needs, both in and out of court. James & Hoffman has a proven record of providing high quality, creative, personalized and cost effective representation to our varied institutional and individual clients.

Here is a sampling of some of our most noteworthy cases:

***Cason-Merenda v. VHS of Michigan***, 06-15601 (E.D. Mich. September 13, 2013) Having previously denied defendant hospitals' motion for summary judgment in this anti-trust case, the United States District Court certifies a class of over 20,000 registered nurses employed by seven defendant hospitals in the Detroit area from December 2002 through December 2006 to proceed to trial against the one non-settling hospital on their claim that the Detroit-area hospitals suppressed nurse wages through a conspiracy to exchange detailed wage information in violation of Department of Justice guidelines and the antitrust laws.

***American Airlines, Inc. v. Allied Pilots Association***, 4:12-CV-083-Y (N.D. Texas November 2, 2012) United States District Court grants Union summary judgment on its counterclaim to enforce an arbitration award ordering the reinstatement of a terminated airline pilot and denies employer's summary judgment motion in suit to overturn arbitration award. In so doing, the Court rejects the employer's argument that the arbitration award threatens public safety and denied employer due process rights.

***Fleischman v. Albany Medical Center***, 06-CV-0765 (N.D. N.Y. July 22, 2010) U.S. District Court wholly denies hospitals' summary judgment and Daubert motions and grants in part a motion by a class of hospital nurses to exclude certain testimony by the hospitals' expert at trial, while denying Defendants' mirror motion to exclude the testimony of Plaintiffs' expert. Court finds that (1) the nurses' proof that hospitals engaged in frequent, detailed exchanges of current nurse wage information supports an inference of per se illegal collusion in settling nurse wages; (2) Plaintiffs' proffered expert used sound, reliable economic principles applied to undisputed facts to find that nurse wages in the Albany market were 21% suppressed; and (3) Plaintiffs' "softening competition" theory plus the 21% suppression supported a reasonable inference of causation.

***Fleischman v. Albany Medical Center***, 06-CV-0765 (N.D. N.Y. July 21, 2010) U.S. District Court denies unionized hospital's motion for summary judgment on antitrust claims by a class of hospital nurses, holding that (1) the nonstatutory labor exemption from the antitrust laws does not shield a unionized hospital from liability for colluding with other hospitals to suppress wages and (2) whether the wages in the hosptial's collective bargaining agreements with its nurses union were confidential or not was an issue for a jury to decide.

***Lee v. Allied Pilots Association***, C.A. No. 4:08-CV-542-Y (N.D. Texas July 14, 2009) U.S. District Court decision holding that Union sponsored disability income plan did not violate the Servicemembers Civil Relief Act by denying benefit claim because the Plan did not provide "health insurance," and the protections of the Act were not applicable.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 44 of 60 PageID #: 1246

***Furland v. American Airlines, Inc.***, ARB Case Nos. 09-102, 10-130 (ARB July 27, 2011) ARB affirmed decision of Administrative Law Judge, following trial, finding that employer violated whistleblower protection statute (Aviation Investment and Reform Act for the 21st Century) by docking pilot's pay for calling in sick after pilot complained that company "pushed pilots" to fly when they were too ill to do so safely. ARB determined that in appropriate circumstances a pilot's refusal to fly while sick can be protected whistleblowing activity. ARB also affirmed attorney's fee award, rejecting employer's challenge that fees could not be awarded where paid by complainant's union rather than by the complainant himself.

***Wagner v. Allied Pilots Association Disability Income Plan***, C.A. No. 08-0750 (N.D. Ill. January 16, 2009; May 18, 2009) Two decisions of U.S. District Court, the first granting partial summary judgment to Union sponsored disability income plan on the ground that Plan committed no violation of ERISA by declining to reconsider denial of claimant's benefit appeal on a request lodged outside of the Plan's time limits for appeals, and the second granting summary judgment to Plan on remaining claims on the ground that Plan's reliance on opinion of outside medical consultant and not on the views of claimant's doctors to deny benefit claim was neither arbitrary nor capricious.

***In the Matter of Transport Workers Union of America, Local 545, and Transport Workers Union of America, Local 542 (Seniority Integration) (Harris, Bloch, Arbs.) (April 26, 2007)*** Arbitration decision in seniority integration dispute arising out of airline merger between Flight Dispatchers at U.S. Airways, Inc., and Dispatchers at America West Airlines, Inc., adopting date of hire methodology proposed by U.S. Airways Dispatchers. See also arbitration brief on behalf of Local 545 (U.S. Airways) Dispatchers.

***Reed v. Advocate Health Care***, No. 06 C 337, No. 06 C 3569 2007 U.S. Dist. LEXIS 22816, 154 Lab. Cas. (CCH) P35, 277 (N.D. Ill. March 28, 2007) U.S. District Court decision holding that the nonstatutory labor exemption to the antitrust laws does not apply to an employer simply because it had a collective bargaining agreement with a union during the time period of the alleged antitrust conspiracy, and further holding that the legitimacy of the employer's actions in sharing wage information with competitors is not solely within the jurisdiction of the National Labor Relations Board. See also Plaintiffs' brief in opposition to motion for summary judgment.

***National Security Archive v. Air Force***, 2006 U.S. Dist. LEXIS 21037 (D.D.C. April 19, 2006) U.S. District Court decision and orders holding that the Air Force engaged in a pattern or practice of violating the Freedom of Information Act with respect to requests from the nonprofit National Security Archive, and ordering various forms of relief. See also a story by the Associated Press on the lawsuit.

***Kitty Hawk AirCargo, Inc. v. Elaine Chao***, 418 F.3d 453 (5th Cir. 2005)  U.S. Court of Appeals decision holding that government contractor air carrier lacks standing to challenge Department of Labor determination that pilots are not exempt as "professionals" from the protections of the Service Contract Act. See also pilot's brief to the Fifth Circuit.

***Bensel v. Allied Pilots Ass'n***, 387 F.3d 298 (3rd Cir. 2004)  U.S. Court of Appeals decision holding that Labor Union owed no duty to non-members of bargaining unit and breached no duty after pilots from purchased carriers joined the unit. See also Union's brief to the Third Circuit and opposition to certiorari in the Supreme Court.

***Kaufman v. Allied Pilots Ass'n***, 274 F.3d 197 (5th Cir. 2001), cert. denied, 122 S. Ct. 1790 (2002)  U.S. Court of Appeals decision holding that Garmon preemption doctrine of federal labor law bars airline passengers' state tort claims against union for peaceful pilots' strike in violation of federal court injunction issued under the RLA. See also Union's brief to the Fifth Circuit and opposition to certiorari in the Supreme Court.

***Clemmons v. Ameristar Airways, Inc.***, No. 2004-AIR-11 (ALJ Jan. 14, 2005)  ALJ decision, after five day trial on the merits, finding in favor of whistleblower in retaliatory discharge case under the Aviation Investment and Reform Act for the 21st Century. The ALJ confirmed his decision on remand from the Administrative Review Board. See Decision and Order on Remand (Feb. 29, 2008). The ARB has affirmed that decision. See Final Decision and Order (May 26, 2010). The Fifth Circuit affirmed on liability and remanded for further proceedings on damages issues. See Decision (August 11, 2011).

***Carey v. Allied Pilots Ass'n***, No. 4:03-CV-277-Y (N. D. Tex., April 14, 2003)  U.S. District Court decision denying application for temporary restraining order to prevent completion of ratification vote on collective bargaining agreement with American Airlines. See also Union's brief in opposition to TRO.

***United Farmworkers of America v. Chao***, 227 F. Supp. 2d 102 (D.D.C. 2002)  U.S. District Court decision in favor of the United Farm Workers and the Farm Labor Organizing Committee, enjoining the Department of Labor to issue timely, adjusted minimum wage rates for migrant farmworkers each year. See also a news article on the court decision from the Spring 2003 Farmworker Justice News.

***Allen v. American Airlines, Inc.***, No. N-539-DWH (D. Nev. September 14, 2001)  U.S. District Court decision holding that Allied Pilots Association did not violate its duty of fair representation in integrating the seniority of pilots employed by an air carrier that had been purchased by American Airlines.

Edgar James is General Counsel to the Allied Pilots Association, the collective bargaining agent for the pilots at American Airlines. He has represented other unions in the rail and airline industries in arbitration and litigation for over 20 years.

Edgar James specializes in labor, employment and non-profit organization law before state and federal courts as well as administrative agencies. Mr. James is a Senior Editor of the ABA's treatise on the Railway Labor Act and frequent contributor to the ALI-ABA seminars on Airline and Railroad Labor Law. In the 1980's, Mr. James was active in the efforts to oppose Frank Lorenzo in the airline industry and in the litigation surrounding the mineworker union's fight to preserve retiree health care at the Pittston Company. In addition to his labor practice, Mr. James advises a number of marketing, polling and public relations firms on matters involving campaign finance, intellectual property and other issues related to their work.

Mr. James graduated with a J.D. from Harvard Law School and a M.P.H. from the Harvard School of Public Health in 1979. While at Harvard, Mr. James conducted several seminars at the John F. Kennedy School's Institute of Politics, was an articles editor for the Harvard Civil Rights-Civil Liberties Law Review, and authored a law review article on union democracy and the LMRDA. Prior to law school, Mr. James ran the insurgent campaign against W. A. "Tony" Boyle in the mineworkers election following the murder of Joseph A. Yablonski, his wife and daughter and later served as a senior staff member and organizer with the union. Mr. James received his undergraduate degree from Portland State University in 1969 and attended Columbia University as a doctoral candidate in history.

Mr. James serves on the boards of a number of non-profit organizations. He is a member of the courts of the District of Columbia and the State of Maryland and is admitted to practice before most federal appellate courts and the Supreme Court. He is a member of the District of Columbia bar, the Maryland State Bar Association, the AFL-CIO Lawyers Coordinating Committee, the Federal Bar and American Bar Associations. He has been awarded an AV Preeminent rating by Martindale Hubbell, the highest rating achievable by attorneys, is listed in *Best Lawyers in America* and was voted a District of Columbia Super Lawyer.



For his entire legal career, Steven Hoffman has devoted himself to resolving the many and varied sorts of disputes that arise in the employment relationship.

One of the founding members of James & Hoffman, P.C., Steven K. Hoffman has been litigating and trying cases in state and federal courts and administrative agencies and before private dispute resolution tribunals, both in this country and abroad, for some twenty years. Focusing primarily on the employment relationship, broadly defined, he has represented a wide variety of individual and institutional clients, including labor unions, on issues ranging from attempts to stymie the operations of labor organizations through the use of the federal racketeering statutes to an academic researcher's entitlement to academic freedom to the protections afforded by federal, state and local anti-discrimination and whistleblower protection laws. Mr. Hoffman has also assisted numerous clients in negotiating employment agreements and making their way through the treacherous terrain of non-competition and trade secret law.

Prior to the formation of James and Hoffman, Mr. Hoffman was associated with the Washington, D.C. law firm Rogovin, Huge and Lenzner and a partner at the New York firm Donovan Leisure, Newton and Irvine. He is a member of the Bar of the District of Columbia and the Bars of numerous federal trial and appellate courts. He has been awarded an AV Preeminent rating by Martindale Hubbell, the highest rating achievable by attorneys, and was voted a District of Columbia Super Lawyer. He is a member of the Advisory Board of the Employment Justice Center of the District of Columbia.

Mr. Hoffman graduated from Duke University in 1970 (Phi Beta Kappa) and received his Ph.D. in American Literature from Duke 1976. After teaching literature at the University level, he received his law degree from the Yale Law School in 1984. Mr. Hoffman resides in Falls Church, Virginia with his wife, the Honorable Sandra Evans.



Judith A. Scott is General Counsel to the Service Employees International Union (SEIU).

For over 40 years, Judy Scott has held key labor law positions in a wide range of unions in both the private and public sectors, having served as in-house legal counsel to the United Auto Workers, AFSCME, United Mine Workers, and Teamsters (as its General Counsel). Since 1997, Ms. Scott has served as general counsel to the SEIU, the largest private sector union in the United States. Her career has included Big Three auto talks, the 1989 historic United Mine Worker victory at Pittston Coal Company, extensive internal union governance, arbitration and litigation matters, innovative global campaigns and most recently, creative organizing strategies in the healthcare, property services and public sectors, with particular emphasis on the national challenge to end growing income inequality and address obstacles facing individuals working outside traditional labor law protections. Ms. Scott has lectured widely on labor law matters, including being selected for the Henry Kaiser lecture at Georgetown University School of Law and the Robert Preiskel and Leon Silverman Program on the Practicing Lawyer and Public Interest at Yale Law School.

In addition, Ms. Scott has given special attention to issues affecting women workers, beginning with her work on the implementation of the Pregnancy Discrimination Act amendment in 1979 auto negotiations. For many years, she has served on the Board of the National Partnership for Women and Families. She was the legislative representative for the former Industrial Union Department of the AFL-CIO, advocating on Capitol Hill for labor, civil rights and social justice issues. Ms. Scott also is co-author of the widely used book, *Organizing and the Law*. During the Clinton years, she served as a Presidential appointee on the Advisory Committee to the Pension Benefit Guaranty Corporation. Recently she completed a three year term as Union chair of the ABA International Labor and Employment Law Committee. Ms. Scott also serves on the Board of Directors of the American Constitution Society and Alliance for Justice.

Ms. Scott graduated from Wellesley College (BA) in 1971 and holds a law degree from Northeastern University School of Law (JD, 1974). Before attending law school Ms. Scott worked for the Frontier Nursing Service in Hyden, Kentucky. She is a member of the Bar for the District of Columbia. She is admitted to practice before numerous courts, including the US Supreme Court, and various US Courts of Appeals.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 49 of 60 PageID #: 1251

Throughout her career, Kathy Krieger has combined strong advocacy with a creative approach to problem solving and a deep commitment to social justice and the rights of working people.

Kathy L. Krieger has practiced labor and employment law for more than 25 years, representing labor unions, individuals and non-profit organizations throughout the country in litigation and other matters arising under a wide range of federal, state and local laws. As a member of James & Hoffman, Ms. Krieger enjoys the opportunity to provide high quality, cost-effective representation with personal attention to each client's needs.

Since 1996, Ms. Krieger's responsibilities have included serving as an Associate General Counsel to the AFL-CIO. From 1988 until 1996, Ms. Krieger was General Counsel of the United Brotherhood of Carpenters and Joiners of America. Between 1979 and 1988, Ms. Krieger represented the Carpenters Union as staff attorney and Associate General Counsel. Previously, Ms. Krieger had litigated for the federal government as an attorney with the Appellate Court Branch of the National Labor Relations Board.

Over the years Ms. Krieger has written for a variety of legal and labor publications, has presented at numerous legal conferences and institutes, and has also been active in labor and adult education, teaching courses and seminars for workers and labor leaders as well as community volunteers. A past Council Member of the ABA's Section of Labor and Employment Law, former member of the Board of Directors of the AFL-CIO Lawyers' Coordinating Committee, and former Presidential appointee to the NLRB Advisory Committee, Ms. Krieger currently serves on the Board of Governors of the College of Labor and Employment Lawyers. She has been awarded an AV Preeminent rating by Martindale Hubbell, the highest rating achievable by attorneys. Ms. Krieger was named the Best Labor Law, Union Lawyer of the Year in Washington, DC for 2012 by *Best Lawyers in America.*

Ms. Krieger attended University of Michigan Law School and then New York University School of Law, where she received her J.D. in 1977, cum laude; she is a 1974 graduate, magna cum laude, of Yale University. Ms. Krieger is a member of the New York and District of Columbia bars and is admitted to practice before numerous federal appellate and district courts. She lives in Washington, D.C. with her husband and two children.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 50 of 60 PageID #: 1252

Believing that people should be able to participate in the decisions that shape their lives, David Dean seeks to empower employees through aggressive prosecution of their legal rights to organize and bargain freely.

David P. Dean has successfully represented labor unions and employees for more than twenty years before federal courts and agencies. For example, he has recently been co-lead counsel in five putative class actions instigated and supported by the Service Employees International Union on behalf of Registered Nurses alleging that hospitals in five cities colluded to suppress wages in violation of the federal antitrust laws. These suits have so far won settlements for the nurses in Detroit and Albany for over $59 million along with agreed injunctions on hospital exchanges of wage information. He previously succeeded on behalf of the United Farm Workers and Farm Labor Organizing Committee enjoining the Department of Labor to raise minimum wage rates annually for over 50,000 migrant farm workers, as required by the DOL's own regulations.

Mr. Dean has been particularly active in aggressively defending against employer efforts to interfere with union organizing and bargaining in the airline industry. He participated in the largest single employer proceeding ever decided by the National Mediation Board, holding four regional "American Eagle" feeders to American Airlines a single bargaining unit over the carriers' opposition. Mr. Dean has conducted numerous contract negotiations and significant system board arbitrations. For example, he succeeded in establishing an airline's liability for $23 million to its pilots' union for violating contractual scope provisions during furloughs after September 11th. He also litigates on behalf of nonprofit organizations. For example, he successfully enjoined the United States Air Force on behalf of the National Security Archive Fund to create a functioning FOIA system, including instituting agency-wide centralized computer tracking of requests; retaining additional and higher level FOIA personnel; instituting regular required trainings; and reforming the Air Force's electronic reading rooms. As a further result of the suit, the Air Force was forced to produce critical documents on the history of U.S. nuclear policy and the Archive received one of the largest fee awards ever procured in a FOIA suit.

Mr. Dean has been awarded an AV Preeminent rating by Martindale Hubbell, the highest rating achievable by attorneys, and was voted by his peers as one of the *Best Lawyers in America,* and chosen as a Washington DC Super Lawyer in 2013 and 2014. Mr. Dean is a Senior Editor of the ABA's Treatise on the Railway Labor Act. He is a frequent faculty member at ALI-ABA conferences on Airline and Railroad Labor Law and has authored numerous presentations and papers in that area.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 51 of 60 PageID #: 1253

Graduating with Parker School Recognition of Achievement with Honors in International and Comparative Law, Mr. Dean received his Juris Doctorate from Columbia University Law School in 1990. He was a Harlan Fiske Stone Scholar, research assistant to Professor Jack Greenburg and an Ella Baker intern at the Center for Constitutional Rights. Mr. Dean received his Bachelors in Philosophy from the University of Chicago in 1987. Mr. Dean is admitted to the bars of New York and the District of Columbia and to practice in the United States Supreme Court; the United States Courts of Appeals for the Second, Fifth, Sixth, Ninth, and Eleventh Circuits, and the federal district court for the District of Columbia and the District of Arizona.

Before receiving his law degree, Mr. Dean was the Executive Director of the Neighborhood Action Council of Troy, New York, which organized and provided services to low-income tenants, and he also directed the East Bay organizing project for the California ACORN affiliate, Citizens Action League. He is a member of the AFL-CIO Lawyers Coordinating Committee, the American and D.C. Bar Associations, and the National Lawyers Guild.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 52 of 60 PageID #: 1254

**Recognizing the extraordinary economic struggles that confront working people, Darin Dalmat proudly advocates for workers and their unions.**

Darin Dalmat joined James & Hoffman as an Associate in 2008. Since joining James & Hoffman, Mr. Dalmat has litigated successfully in federal and state court and before administrative agencies on behalf of workers and unions, focusing on their rights to organize and bargain, to the full value of their pensions, to fair wages, to workplaces free of discrimination, and to whistleblower protection. Recently, he has won significant victories in cases where restaurant workers sought overtime wages; an employee faced harassment because of his perceived sexual orientation; a whistleblowing pilot faced retaliation for criticizing his employer's sick leave policies and refusing to fly sick; and an employee worked around the clock for inadequate wages. He has also helped defend unions under attack for organizing.

Mr. Dalmat is a member of the Bars of New York and of the District of Columbia and has also been admitted to practice before the United States Court of Appeals for the Sixth, Seventh, and Eleventh Circuits.

Prior to joining the firm, he worked in the legal department of the Service Employees International Union on behalf of janitors, security guards, and health care workers. Mr. Dalmat received his JD from Columbia Law School in 2006, where he was both a James Kent and a Harlan Fiske Stone Scholar. While in law school, Mr. Dalmat represented prisoners who won parole and reduced sentences with Morningside Heights Legal Services; helped successfully defend a citywide minimum wage law in Santa Fe, New Mexico with the Brennan Center for Justice; contributed to litigation under the Voting Rights Act with the ACLU Voting Rights Project; and contributed to reports to Congress on the state of voting rights in Louisiana with the NAACP Legal Defense Fund. He also served as Articles Editor for the Columbia Journal of Law and Social Problems, which published his article,*Bringing Economic Justice Closer to Home: The Legal Viability of Local Minimum Wage Laws Under Home Rule*, 39 Colum. J. L. & Soc. Probs. 93 (2005). In 2001, Mr. Dalmat graduated magna cum laude from Yale University.

Daniel Rosenthal believes that vigorous representation of workers and unions fosters a more just society.

Danny Rosenthal joined James & Hoffman as an Associate in 2011. His practice focuses broadly on labor and employment law, with a particular interest in issues arising in educational institutions. Since joining the firm, Mr. Rosenthal has represented unions in federal courts and at the National Labor Relations Board, participated in a trial over an attempt to abrogate a collective bargaining agreement, and challenged employers' acts of discrimination and failure to comply with wage and hour laws. Mr. Rosenthal also advises Young Education Professionals, a nationwide non-profit organization. Mr. Rosenthal is the author of articles forthcoming in the Oregon Law Review and published in the peer-reviewed New Criminal Law Review.

Mr. Rosenthal graduated *magna cum laude* from Harvard Law School. While at Harvard, he served as executive editor of the Harvard Law & Policy Review, advanced to the quarterfinals of a national moot court competition, and represented public housing tenants in administrative hearings. Before law school, Mr. Rosenthal studied mathematics at the University of Chicago and worked as a high school math teacher through Teach for America.

Mr. Rosenthal is admitted to the bars of New York and the District of Columbia and has been admitted to practice before the United States District Courts for the Southern District of New York, the District of Columbia, the Northern District of California, and the Western District of Washington, as well as the National Labor Relations Board.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 54 of 60 PageID #: 1256

**Ryan Griffin provides creative legal advice to, and advocates on behalf of, unions and working people fighting for economic fairness in an ever-changing economy**

Ryan Griffin joined James & Hoffman as an Associate in 2013. He has a particular interest in nontraditional approaches to labor organizing and strategic litigation on behalf of working people.

Prior to joining the firm, Mr. Griffin was a Fellowship Attorney at the Service Employees International Union, where he worked to extend and defend organizing rights and workplace protections for homecare workers excluded from the NLRA; to advance these workers' interests in regulatory proceedings regarding the coverage of homecare workers under the FLSA and implementation of the Affordable Care Act; and to ensure a political voice for all working people by helping the union challenge restrictive voter identification laws.

Mr. Griffin graduated *magna cum laude* from the University of Minnesota Law School in 2010, where he served as an Articles Editor on the *Minnesota Law Review* and published the Note: *Litigating the Contours of Constitutionality: Harmonizing Equitable Principles and Constitutional Values when Considering Preliminary Injunctive Relief Against State Action*, 94 MINN. L. REV. 839 (2010). While in law school, he worked for the Appellate and Supreme Court Litigation Branch of the NLRB and as a public defender. Mr. Griffin received his B.A. from the University of Wisconsin–Eau Claire in 2003. He is a member of the Bars of the District of Columbia and Maryland.

Evin Isaacson fights for working people and their unions in order to achieve a fairer, more just balance of power in today's economy.

Evin Isaacson joined James & Hoffman in 2013. She litigates on behalf of workers and unions in federal and state courts, before administrative agencies and in arbitration. Ms. Isaacson advises clients on a variety of workplace matters, including contract bargaining, organizing rights, fair wages, and protections against discrimination.

Before joining the firm, Ms. Isaacson served as law clerk to the Honorable Algenon L. Marbley in the United States District Court for the Southern District of Ohio. Before that, Ms. Isaacson was a Borchard Fellow for Law & Aging at the National Senior Citizens Law Center, where she represented low-income Medicaid recipients in administrative appeals and state-wide class actions to prevent cuts to home- and community-based service programs essential to keeping at-risk seniors safe, healthy, and out of institutional care settings. During law school, she represented victims of subprime mortgage lending in affirmative suits against predatory brokers, lenders, and securitized trusts. She also engaged in appellate advocacy on consumer protections and access to courts with the Public Citizen Litigation Group and evaluated complaints under the Americans with Disabilities Act, the Rehabilitation Act, HIPAA, and Title VI with the Region I Office of General Counsel for the U.S. Department of Health and Human Services. Before law school, Ms. Isaacson worked on behalf of nursing home and home care workers as a long term care industry research analyst and legislative advocate for the Service Employees International Union.

Ms. Isaacson received her J.D. from Harvard Law School in 2011, where she graduated *cum laude*. She also served as the Supervising Co-Editor for the Congress Issue of the Harvard Journal on Legislation and an editor for the Harvard Civil Rights-Civil Liberties Law Review. Ms. Isaacson graduated *magna cum laude* from Brown University in 2005, with a B.A. in Public Policy. She is a member of the Bar of New York and is supervised by attorneys admitted in D.C.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 56 of 60 PageID #: 1258



Marie Chopra represents unions and defends their interests in all their dealings with management, and she regularly assists individuals who have suffered discrimination in the workplace.

Ms. Chopra has been practicing law with James & Hoffman since graduating from law school in 1995. She negotiates collective bargaining agreements, advises clients on collective bargaining strategy, and negotiates and drafts individual severance agreements. She has been responsible for the enforcement of collective bargaining agreements and monitoring compliance with complex contractual safeguards on Scope related issues in the airline industry. In that context, she was recently responsible for obtaining a $23 million award for violations of a pilot Scope clause. She has also represented unions imposing and enforcing trusteeships. In addition, Ms. Chopra litigates on behalf of unions and individuals on a wide range of labor and employment matters, including vigorously defending airline unions from employer attempts to interfere with union organizing and bargaining (see, for example, Horizon Air v. National Mediation Bd., 232 F3d 1126 (9th Cir. 2000)), and pursuing claims of employment discrimination on behalf of individual clients. Ms. Chopra also provides legal services to the Staff Association of the World Bank and to individual World Bank staff members. She successfully lobbies Congress on behalf of employee organizations, including the Federal Law Enforcement Officers Association. Ms. Chopra is a Contributing Editor to the ABA's treatise on the Railway Labor Act.

Before obtaining her J.D., Ms. Chopra taught world history at a high school, coordinated the History, Geography and Economics Departments, and participated in curriculum development. She served as the Staff Representative on the school's Board of Directors and as the President of the Staff Association for a number of years. In that capacity, she organized the faculty, represented them in grievances and negotiated collective bargaining agreements. Ms. Chopra was also an assistant examiner for the International Baccalaureate.

Ms. Chopra was born in Great Britain and educated at Oxford University, receiving a B.A., honours, in 1967 and an M.A. in 1971. In 1995 she received a J.D. cum laude from Georgetown University Law Center. She is admitted to practice law in Maryland, the District of Columbia, the United States Courts of Appeal for the Ninth and Eleventh Circuits and the United States District Courts for the District of Columbia and Colorado. Ms. Chopra is a member of the District of Columbia Bar, the Maryland State Bar Association, and the American Bar Association.

Case 3:11-cv-00442 Document 91 Filed 09/29/14 Page 57 of 60 PageID #: 1259



Michael (Buz) Waitzkin's varied legal career has taken him through the criminal and civil courts to the White House counsel's office and the classrooms and boardrooms of the nation's premier universities.

Michael B. Waitzkin graduated from the University of Virginia (BA 1971, Echols Scholar, Phi Beta Kappa), where he studied government and political philosophy. He received his law degree from Stanford University (JD 1974) and was a Fellow in Law, Science and Medicine at Yale Law School (LLM 1975).

He began his legal career at the Public Defender Service for the District of Columbia, where he represented indigent criminal defendants in trial and appellate proceedings and served as Chief of the Trial Division. He worked for Sen. Edward Kennedy is his 1980 presidential campaign and has worked on numerous campaigns since that time. He entered private practice in 1981 and has extensive litigation experience in trial and appellate courts throughout the country, as well as before administrative agencies and in congressional inquiries.

He served as Special Counsel to the President in the White House Counsel's Office (1997-98), where his principal responsibilities included management of numerous congressional and grand jury inquiries.

For the past decade, his practice has primarily focused on providing strategic counsel to the biomedical research community, including academics, government officials, private companies and non-profits. He has regularly lectured and taught at universities and professional training programs throughout the country.

He is a Senior Fellow in the Health Sector Management Program at Duke's Fuqua School of Business. He has served on numerous non-profit and public boards, including the Board of Visitors of the Sanford Institute of Public Policy at Duke. He is currently on the Board of Visitors at Stanford Law School, where he serves on the Law, Science and Technology Advisory Board. He is the principal at Catawba Consulting.

Claire is committed to advocating for working people because labor strength is essential to a just and fair society.

Claire Prestel joined James & Hoffman in 2014. She provides strategic advice and litigation assistance to labor union clients, with a current focus on improving conditions for the growing homecare workforce.

Prior to joining James & Hoffman, Ms. Prestel was a staff attorney at Public Justice, P.C., a plaintiff-side public-interest law firm, and before that, an Assistant General Counsel for the Service Employees International Union (SEIU). Ms. Prestel began her practice as an associate at Altshuler Berzon LLP in San Francisco.

Ms. Prestel graduated *cum laude* from Harvard Law School and clerked for the Honorable Betty Binns Fletcher on the U.S. Court of Appeals for the Ninth Circuit and for the Honorable A. Howard Matz on the U.S. District Court for the Central District of California.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2014, a copy of the foregoing *Declaration of David Dean* was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the counsel of record listed below.

John R. Jacobson
William M. Outhier
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203

John-David H. Thomas
Assistant United States Attorney
Office of the United States Attorney
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203

/s/ David W. Garrison
**DAVID W. GARRISON**
**BARRETT JOHNSTON MARTIN & GARRISON, LLC**