UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES DOGHRAMJI, SHERRE COOK, and RACHEL BRYANT, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 3:11-cv-0442 |
| v. | ) ) | |
| COMMUNITY HEALTH SYSTEMS, INC., *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

### [EXPEDITED] MOTION OF DEFENDANTS TO STAY FILING OF OPPOSITION TO RELATORS' FEE PETITION PENDING CONSOLIDATION OF OTHER QUI TAM CASES AND RESOLUTION OF ENTITLEMENT UNDER 31 U.S.C. § 3730

Defendants Community Health Systems Professional Service Corporation ("CHSPSC") and the hospital companies named in the complaint[1] (collectively, "Defendants") respectfully move to stay the filing by the Defendants of a brief in opposition to the fee petition recently filed by relators James Doghramji, Sherre Cook, and Rachel Bryant ("Relators") [Docket Entry ("DE") 86] until the transfer and consolidation of other related qui tam actions with this case has been completed and the threshold issue of which relator is entitled to recover attorneys' fees under 31 U.S.C. § 3730(b)(5) has been resolved. Because Defendants' opposition brief is

---

[1] A full listing of the Defendants bringing this motion is set out at Exhibit A.

currently due on October 13, 2014,[2] Defendants ask that the instant motion be heard on an expedited basis.

Relators recently submitted lengthy motion papers accompanied by voluminous exhibits and declarations in an attempt to justify their $3.2 million fee request. [DE 86 – DE 100] Defendants have objections to the number of hours and hourly rates claimed by Relators.[3] But before the parties or the Court address the reasonableness of the hours and rates claimed by Relators, there is a more basic and fundamental issue that this Court should resolve first: are Relators entitled to *any* attorneys' fees or costs in the circumstances of this case?

Relators' Complaint is one of *seven qui tam actions* that have been filed against Defendants on the same or related allegations of false claims, and each qui tam relator seeks attorneys' fees. Yet, the FCA has a first-to-file rule that bars recovery for all but the first relator to bring suit. 31 U.S.C. § 3730(b)(5). Consequently, all of these cases share the same fundamental threshold question: which of the seven qui tam relators is the first to file and thus is entitled to attorneys' fees? The first to file rule is of special importance here because Relators filed the seventh action chronologically, months and even years after the other relators who seek attorneys' fees based on the same settlement.

A single court should decide this question of who is the first to file; it would be inefficient for multiple courts to resolve this identical question, as well as posing the risk of

---

[2] In the event that the instant motion is not granted Defendants have moved to extend the deadline for their opposition to the fee petition to October 27, 2014. DE 102.

[3] Relators' motion raises significant questions about how it can be reasonable for them to claim more than 7,000 hours on a matter that was never actually litigated (it was settled by the Government before it was ever unsealed) and on which various other relators' law firms also worked more than 12,000 hours. In addition, there are certainly questions about Relators' high hourly rates, up to $850 per hour for some attorneys, especially on a case where they never took a deposition, filed a discovery request, argued a motion, or even negotiated with the other side.

inconsistent judgments. For this reason, Defendants have filed motions to transfer in the other qui tam cases against them, asking that all of the qui tam actions be transferred to this Court.[4] Defendants request that this Court stay the filing of Relators' fee petition until the other qui tam cases against Defendants have been transferred and consolidated here. Once the other qui tam cases against Defendants have been consolidated, this Court can determine which relator is entitled to attorneys' fees under 31 U.S.C. § 3730(b)(5). In short, it would be wasteful and possibly unnecessary for the parties to file additional briefs arguing the quantum of fees claimed by Relators -- e.g., contesting the *Johnson* factors, loadstar calculations, hourly rates, reasonable hours, and the like -- until all of the other qui tam actions have been consolidated here and this Court determines which of the seven qui tam actions was the first filed and therefore entitled to an attorneys' fees award.[5]

**PROCEDURAL BACKGROUND**

A.   *Qui Tam* **Actions Filed Against Defendants**

On My 10, 2011, Relators filed this *qui tam* action under seal, in which they alleged that Defendants improperly admitted patients who presented themselves to the Emergency Departments ("ED") at Community Health Systems, Inc. ("CHSI")-affiliated hospitals in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* (the "national ED claim"). Relators, were chronologically the *seventh* qui tam action filed against CHSI and its affiliates

---

[4] Defendants have filed motions to transfer to the Middle District of Tennessee in the *Cook-Reska*, *Bryant*, *Carnithan*, and *Mason* qui tam actions. *See infra* at Section F, pp. 5-6.

[5] Defendants sought to convince Relators that filing their petition was premature. In conversations with Relators' counsel during the week of September 22nd, Defendants suggested the parties jointly seek to stay the filing of a fee petition pending consolidation of the various qui tam cases and a determination on entitlement to attorneys fees. Plaintiffs refused this offer of a stay. Defendants then filed a motion to stay the filing of the fee petition. [DE 82, 83] Nevertheless, Relators insisted with going forward with the filing of their voluminous fee petition. [DE 86-100]

between 2009 and 2013 where relators claim to have brought a national ED claim. In order of filing, those seven *qui tam* actions were:

- *United States ex rel. Reuille v. Cmty. Health Sys. Prof'l Servs., Corp., et al.*, No. 1:09-cv-00007 (N.D. Ind. Jan. 7, 2009) ("*Reuille*");

- *United States et al. ex rel. Cook-Reska v. Cmty. Health Sys., Inc., et al.*, No. 4:09-cv-01565 (S.D. Tex. May 22, 2009) ("*Cook-Reska*");

- *United States ex rel. Plantz v. Health Mgmt. Assocs., Inc., et al.*, No. 1:10-cv-00959 (N.D. Ill. Feb. 11, 2010) ("*Plantz*");

- *United States ex rel. Bryant v. Cmty. Health Sys., Inc., et al.*, 4:10-cv-02695 (S.D. Tex. July 29, 2010) ("*Bryant*");

- *United States et al. ex rel. Carnithan v. Cmty. Health Sys., Inc., et al.*, No. 3:11-cv-00312 (S.D. Ill. Apr. 14, 2011) ("*Carnithan*");

- *United States et al. ex rel. Mason v. Cmty. Health Sys., Inc.*, No. 3:12-cv-00817 (W.D.N.C. Apr. 18, 2011) ("*Mason*"); and

- *United States ex rel. Serv. Employees Int'l Union, et al. v. Cmty. Health Sys., Inc., et al.*, No. 3:11-cv-00442 (M.D. Tenn. May 10, 2011) ("*Doghramji*").[6]

**F. The Settlement Agreement**

In a settlement with the United States announced on August 4, 2014, CHSI and its affiliates denied wrongdoing but did agree to pay the United States approximately $97 million to resolve the national ED claim and a claim at Laredo hospital. *See* DE 75, Settlement Agreement, ¶ 1. The Agreement reserved the issue of which relator (if any) was entitled to recover attorneys' fees under 31 U.S.C. § 3730(d) and reserved all of the settling parties' arguments relating to fees. *Id.* ¶¶ 8 & 15I(1). Pursuant to the Settlement Agreement, the United States moved to unseal,

---

[6] In addition, on April 11, 2011—almost a month before Relators filed their *qui tam* lawsuit—Tenet Healthcare Corp filed a civil securities lawsuit that made similar allegations of improper ED admissions. *See Tenet Healthcare Corp. v. Community Health Systems, Inc.*, No. 3:11-cv-00732 (N.D. Tex.). Tenet's lawsuit was not filed under seal, and its allegations of improper ED admissions at CHSI-affiliated hospitals received heavy media coverage in newspapers and television outlets around the country. *See, e.g.*, Avik Roy, "Healthcare Bombshell: Tenet Lawsuit Alleges Community Healthcare Cheats Medicare," FORBES, Apr. 12, 2011. As a result, it appears likely that Relators' motion for attorneys' fees also is barred under the FCA's public disclosure rule. *See* 31 U.S.C. § 3730(e)(4)(A)

4

intervene in, and dismiss all seven *qui tam* actions. *See id*. ¶ 15. On August 14, 2014, pursuant to the Settlement Agreement, this Court dismissed Relators' action. *See* DE 77.

### C. Relator's Share Awards

Following the Settlement Agreement, the United States made its determination regarding which relators were entitled to the relator's share of the government's recovery.[7] The government approved payment of a relator's share to only two relators: Scott Plantz and Amy Cook-Reska. Mr. Plantz received a relator's share of $16,427,740.96 (exclusive of interest) for the national ED claim. Ms. Cook-Reska received a relator's share of $2,141,184.04 (exclusive of interest) for unrelated claims involving billing and referral practices at Laredo Medical Center ("Laredo"), and for ED admissions at Laredo. Relators in the instant case were not awarded any portion of the relator's share by the United States.

### F. Attorneys' Fee Demands and Motions to Transfer

Following the settlement, Relators informed Defendants that they intended to file a petition seeking attorneys' fees and costs. Similarly, relators in the other six actions informed Defendants that they are planning to file attorneys' fee petitions in the near future. Some have already done so or requested an extension of time to file their attorneys' fee petition. *United States et al. ex rel. Cook-Reska v. Cmty. Health Sys., Inc., et al.*, No. 4:09-cv-01565 (S.D. Tex.), DE 73; *Mason*, No. 3:12-cv-00817, DE 23 (W.D.N.C. Aug. 13, 2014). In total, CHSI and its affiliates have received informal demands from ten different law firms—some of whom claim to represent multiple relators—seeking more than $10 million in fees.

---

[7] Defendant understands that a number of the relators, including Relator here, had previously reached agreement regarding how they would divide the relator's share regardless of which of them was awarded it.

5

In seeking attorneys' fees, each of these relators contends that their qui tam action was the first filed. Rather than have multiple courts around the country address the exact same issue and possibly reach different results, Defendants have filed motions to transfer to the Middle District of Tennessee in the following qui tam actions: *Cook-Reska*, No. 4:09-cv-01565 (S.D. Tex.), DE 76; *Bryant*, 4:10-cv-02695 (S.D. Tex.), DE 42; *Carnithan*, No. 11-CV-312WDS/DGW (S.D. Ill.), DE 51; *Mason*, No. 3:12-cv-00817 (W.D.N.C.), DE 26. These motions to transfer should all be fully briefed within the next couple weeks. Defendants also have entered into an agreement with relator *Plantz* resolving his attorneys' fees request, and no attorneys' fees petition has been filed in *Reuille*.

### G. Relators' Fee Petition

As discussed above, *see supra* n.5, Defendants proposed to Relators' counsel that their filing of a fee petition be stayed pending a consolidation of the various related qui tam actions with the instant case and a determination by the Court on entitlement to attorneys' fees. This suggestion was rebuffed by Relators. Instead, on September 29, 2014, Relators filed a motion for attorneys' fees and costs along with numerous exhibits and declarations. [DE 86-100] However, the Relators' fee petition is focused almost entirely on the issue of the number of hours and the rates claimed; it has virtually no discussion of their entitlement to attorneys' fees. In fact, the first-to-file rule is never even addressed in any of the hundreds of pages submitted as part of the Relators' fee petition.

## LEGAL BACKGROUND

The FCA bars successive *qui tam* suits arising from the same essential facts or material elements that were alleged in a previously filed action. It commands that "[w]hen a person brings an action under this subsection, *no person* other than the Government *may* intervene or

*bring a related action based on the facts underlying the pending action.*" 31 U.S.C. § 3730(b)(5) (emphasis added). The first-to-file rule "conforms with the dual purposes of the 1986 amendments: to promote incentives for whistle-blowing insiders and prevent opportunistic successive plaintiffs." *United States ex. Rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001). While "[t]he first-filed claim provides the government notice of the essential facts of an alleged fraud, . . . the first-to-file bar stops repetitive claims." *Id.*; *see also United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 516 (6th Cir. 2008) (first-to-file bar "furthers the policies animating the FCA by ensuring that the government has notice of the essential facts of an allegedly fraudulent scheme while, at the same time, preventing opportunistic plaintiffs from bringing parasitic lawsuits.") (internal quotations omitted).

The first-to-file rule is jurisdictional; it strips courts of the power to adjudicate a *qui tam* action that is preempted by an earlier-filed suit. *United States ex rel. Beauchamp v. Academi Training Ctr., Inc.*, 933 F. Supp. 2d 825, 835 (E.D. Va. 2013). A court has jurisdiction over a later-filed *qui tam* suit only to the extent that it (i) is based on facts different from those alleged in a prior suit; and (ii) gives rise to separate and distinct recovery by the government. A *qui tam* action that fails either prong is subject to dismissal. *See United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005); *Lujan*, 243 F.3d at 1187.[8]

---

[8] "The first-to-file bar is a relatively broad bar to later-filed actions," and the focus is "whether an investigation into the first claim would uncover the same fraudulent activity alleged in the second claim." *United States v. Planned Parenthood*, No. 13-20206, -- Fed. App'x --, 2014 WL 2498504, at *2 (5th Cir. June 4, 2014); *see United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998) (claims need not be identical to trigger first-to-file bar, because "[o]nce the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds").

Critically for present purposes, a relator whose claims are barred on first-to-file grounds cannot recover a relator's share of the government's recovery or attorneys' fees. *See United States ex rel. Ryan v. Endo Pharm., Inc*., Nos. 05-3450, 10-2039, 11-7767, -- F. Supp. 2d --, 2014 WL 2813103, at *11 (E.D. Pa. June 23, 2014) (denying relator's share to second and third relators); *see also NextCare*, 2013 WL 431828, at *2–3. Moreover, only a person that recovers the relator's share is entitled to attorneys' fees. 31 U.S.C. § 3730(d) ("[A] person under subsection (b), . . . shall . . . receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim . . . . *Any such person shall also* receive an amount for reasonable expenses . . . plus reasonable attorneys' fees and costs." (emphasis added); *NextCare*, 2013 WL 431828, at *2 ("The plain language of the FCA demonstrates that a relator is only entitled to attorneys' fees if that relator also obtained a relator's share following a court award or settlement."). Here, only Mr. Plantz and Ms. Cook-Reska were awarded a relator's share by the United States.

Given that the seven qui tam actions each assert entitlement to attorneys' fees based on the national ED investigation, all but one (or possibly two) of these fee demands are barred on first-to-file grounds. Relators were the last to file out of the seven actions, and they were not awarded a relators' share by the United States. In these circumstances, their entitlement to attorneys' fees is highly doubtful.

**ARGUMENT**

I. **Briefing on Relators' Fee Petition Should Be Stayed Until The Other Qui Tam Cases Have Been Transferred and Consolidated Here**

Relators' claim for attorneys' fees relating to the national ED claim should be consolidated with the competing fee claims of the other relators. "It does not make sense for two courts"—much less seven—"to plow the same ground." *Norman IP Holdings, LLC v. Lexmark*

*Int'l, Inc.*, Nos. 6:12cv508, 6:11cv495, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012). The jurisdictional question of which relator was "first to file" relating to the national ED claim is dispositive of *all* the attorneys' fee petitions and should be adjudicated before addressing the specific hours and rates in Relators' fee petition for that work. It would be unwise and a waste of judicial resources for multiple courts to pass upon that threshold jurisdictional question simultaneously. Not only would this be wildly inefficient, but it would pose a significant risk of inconsistent judgments.

Consequently, Defendants have filed motions to transfer in the other qui tam actions against them. *See Cook-Reska* [DE 76], *Bryant* [DE 42], *Carnithan* [DE 51], and *Mason* [DE 26]. Because the Middle District of Tennessee is where a number of the defendants are headquartered and is relatively convenient to all the parties, Defendants have asked that all of the cases be transferred to this Court in order to be consolidated. This would allow the Court to have all of the parties before it and resolve definitively the issue of which relator is entitled to recover under the first to file bar. Accordingly, Defendants request that they not be required to file an opposition to Relators' fee petition until all of these other qui tam actions have been transferred here or the motions in those cases have been otherwise ruled upon.

## II. Briefing on Relators' Fee Petition Should Be Stayed Until There Has Been A Determination Regarding Entitlement To Attorneys' Fees

This Court should first have the parties brief the issue of entitlement to attorneys' fees before it requires any response to Relators' fee petition.[9] Relators are the *seventh and last* qui tam case filed chronologically; yet, they seek attorneys' fees under a statute that has a first-to-file bar, 31 U.S.C. § 3730(b)(5). Relators also filed their qui tam complaint a month after a civil

---

[9] Briefing on entitlement should begin after the consolidation has been completed so that all of the relators can participate in this determination of which qui tam action properly qualifies as the first filed.

securities lawsuit publicly made the same allegations of improper ED admissions by CHSI-affiliated hospitals and these allegations were picked up by national media; yet, again, they seek attorneys' fees under a statute that has a public disclosure bar, 31 U.S.C. § 3730(e)(4). The FCA's first to file bar and public disclosure bar call into serious question whether Relators are a proper relator entitled to recovery attorneys' fees under 31 U.S.C. § 3730(b)(5). *See United States ex rel. Ryan v. Endo Pharm., Inc*., Nos. 05-3450, 10-2039, 11-7767, -- F. Supp. 2d --, 2014 WL 2813103, at *11 (E.D. Pa. June 23, 2014) ("The logical conclusion from the FCA's inclusion of the first-to-file rule is that Congress intended only one relator to prevail for each claim."); *United States v. NextCare, Inc*., No. 3:11CV141, 2013 WL 431828, at *2–3 (W.D.N.C. Feb. 4, 2013).

It would be inefficient and a potential waste of the parties' and judicial resources for Defendants to submit memorandum, exhibits, declarations, etc. all on the issue of the quantum of attorneys' fees when there is a real possibility (in fact, a likelihood) that Relators will be found not entitled to any attorneys fees. The determination of reasonable attorneys fees, costs and expenses is, by its very nature, a fact-intensive exercise. The parties and Court should not have to go to the trouble and expense of litigating over the amount of the attorneys' fees until it has first been decided which of the seven qui tam actions was the first to file and entitled to attorneys' fees.[10] Because there are serious issues regarding whether Doghramji, Cook, and Bryant qualify as proper relators under the FCA, this Court should first have the parties address the threshold question of whether Relators are entitled to attorneys' fees before requiring Defendants to respond to the issues about the amount of the fees found in Relators' petition.

---

[10] In fact, once a judicial determination is made as to who is the proper relator satisfying the first-to-file rule, Defendants are optimistic that a consensual resolution as to the amount of the fees can be worked out with that relator.

## CONCLUSION

For the foregoing reasons, this Court should stay the filing of Defendants' brief in opposition to Relator's fee petition until all of the qui tam cases against Defendants have been transferred and consolidated before this Court and the question of entitlement to fees under the FCA has been determined. Because their opposition brief is currently due on October 13, 2014, Defendants ask that this motion be heard on an expedited basis.

Dated: October 6, 2014

Respectfully submitted,

/s/ William M. Outhier
John Jacobson, BPR #14365
William Outhier, BPR #15609
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
Tel: (615) 320-3700
jjacobson@rwjplc.com
wouthier@rwjplc.com

and

*Of counsel*
Richard A. Sauber
Michael L. Waldman
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Tel: (202) 775-4500
rsauber@robbinsrussell.com
mwaldman@robbinsrussell.com

*Counsel for Defendants*
*(see Exhibit A for list)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's ECF filing system:

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Reuben A. Guttman
Traci L. Buschner
Grant & Eisenhofer, P.A.
1747 Pennsylvania Avenue, N.W., Suite 875
Washington, D.C. 20006

John-David H. Thomas
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

Kit Pierson
David Young
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005

David Rivera
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

Michael D. Granston
Daniel R. Anderson
Robert McAuliffe
Commercial Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044

on this the 6th day of October, 2014.

/s/ William M. Outhier