# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **JAMES DOGHRAMJI, SHERRE COOK, and RACHEL BRYANT,** ) ) ) ) ) | **CIVIL CASE NO.: 3:11CV00442** |
|     *Plaintiffs,* ) ) | |
|     v. ) ) | **CHIEF JUDGE SHARP/ MAGISTRATE JUDGE GRIFFIN** |
| **COMMUNITY HEALTH SYSTEMS, INC.,** *et al.,* ) ) ) | |
|     *Defendants.* ) | |

_____)

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** and **THE STATE OF TEXAS,** *ex rel.* **AMY COOK-RESKA,** ) ) ) ) | **CIVIL CASE NO.: 3:14CV02160** |
|     *Plaintiffs,* ) ) | |
|     v. ) ) | **CHIEF JUDGE SHARP/ MAGISTRATE JUDGE GRIFFIN** |
| **COMMUNITY HEALTH SYSTEMS, INC.,** *et al.,* ) ) ) | |
|     *Defendants.* ) | |

_____)

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,** *ex rel.* **KATHLEEN A. BRYANT,** ) ) ) | **CIVIL CASE NO.: 3:14CV02195** |
|     *Plaintiffs,* ) ) | |
|     v. ) ) | **JUDGE TRAUGER/ MAGISTRATE JUDGE BRYANT** |
| **COMMUNITY HEALTH SYSTEMS, INC.,** *et al.,* ) ) ) | |
|     *Defendants.* ) | |

_____)

1

## DEFENDANTS' MOTION TO CONSOLIDATE ACTIONS
## PURSUANT TO FED. R. CIV. P. 42

Defendants Community Health Systems Professional Services Corporation ("CHSPSC") and all hospital companies named in the complaints[1] (collectively, "Defendants") respectfully move to consolidate the following actions pursuant to Federal Rule of Civil Procedure 42:

1. *United States ex rel. Doghramji, et al. v. Community Health Sys., Inc., et al.*, No. 3:11-cv-00442 ("*Doghramji*");

2. *United States et al. ex rel. Cook-Reska v. Community Health Sys., Inc., et al.*, No. 3:14-cv-02160 ("*Cook-Reska*").

3. *United States ex rel. Bryant v. Comm. Health Sys., Inc., et al.*, No. 3:14-cv-02195 ("*Bryant*").

Consolidation is appropriate because the actions involve a common question of law and fact, and consolidation will allow for the most efficient resolution of the actions without unfairly prejudicing any party.

Each of these actions involves a demand for attorneys' fees and costs arising from allegations that Community Health Systems, Inc. ("CHSI")-affiliated hospitals engaged in improper Emergency Department ("ED") admissions in violation of the False Claims Act ("national ED claim").  On July 29, 2014, Defendants entered into a global settlement with the United States to resolve the national ED claim.  On September 5, 2014, Relator Amy Cook-Reska filed a petition seeking her attorneys' fees and costs based on this settlement of the national ED claim.  *Cook-Reska,* No. 09-cv-01565 (S.D. Tex.), Dkt. 73.  On September 29, 2014, Relators James Doghramji, Sherre Cook, and Rachel Bryant filed a petition seeking their attorneys' fees and costs based on this settlement of the national ED claim.  *Doghramji*, No. 3:11-cv-00442, Dkt. 86.  Relator Kathleen Bryant likewise expressed her intent to file a petition seeking attorneys' fees and costs based on the settlement of the national ED claim.  *See Bryant*,

---

[1] A full listing of the Defendants bringing this motion is set out in Exhibit A.

No. 10-cv-02695 (S.D. Tex.), Dkt. 42-2. However, the False Claims Act ("FCA") permits—at most—only one relator to recover attorneys' fees for an FCA claim. *See* 31 U.S.C. § 3730(d). The determination of the attorneys' fees petition in each of these actions therefore hinges on the same issue—whether the relator(s) seeking fees qualifies as the "first to file" under the FCA.

Defendants moved to transfer the *Cook-Reska* and *Bryant* actions to this Court so that the first-to-file question could be resolved efficiently and uniformly in a single proceeding. *Cook-Reska*, No. 09-cv-01565 (S.D. Tex.), Dkts. 76 & 78; *Bryant*, No. 10-cv-02695 (S.D. Tex.), Dkt. 42.[2] Defendants also have asked this Court to stay addressing the fee petition in the *Doghamji* action until the related qui tam actions have been transferred and consolidated here. *Doghramji*, No. 3:11-cv-00442 (M.D. Tenn.), Dkt. 83 & 109. Defendants' motion to stay is still pending before this Court.

On October 30, 2014, the U.S. District Court for the Southern District of Texas granted Defendants' motion to transfer Cook-Reska's claim for attorneys' fees and costs arising from the national ED claim to this Court. *Cook-Reska*, No. 09-cv-01565 (S.D. Tex.), Dkt. 106. After extensive briefing of the issue, the *Cook-Reska* court determined that transfer was appropriate to facilitate the efficient resolution of related actions sharing common questions of law and fact:

> [D]efendants' concerted effort to have the related cases in which such [attorneys' fees] motions are pending transferred and consolidated in the Middle District of Tennessee, Nashville Division, weigh[s] in favor of transfer. Conservation of judicial resources is an important consideration. This factor favors transfer of venue if transfer would enable different cases involving the same parties or issues to be heard in a single forum.

---

[2] Defendants have also moved to transfer another related qui tam action where relator Bryan Carnithan intends to seek attorneys' fees based on the national ED claim. *See Carnithan*, No. 3:11-cv-00312 (S.D. Ill.), Dkt. 51. That motion to transfer is currently pending.

3

*Id.* at 17–18. Accordingly, the court granted the motion to transfer Cook-Reska's fee petition relating to the national ED claim to this Court so that it could be "considered for consolidation and coordination with [*Doghramji*] 3:11-cv-00442 and other related cases." *Id.* at 20–21.

On November 10, 2014, the U.S. District Court for the Southern District of Texas granted Defendants' motion to transfer Bryant's claim for attorneys' fees and costs to this Court. *Bryant*, No. 10-cv-02695 (S.D. Tex.), Dkt. 49. After noting the court's finding in *Cook-Reska*, the court held that Bryant's action should likewise be transferred "[f]or the same reasons." *Id.* at 2. Mirroring the court's order in *Cook-Reska*, the *Bryant* court granted the motion to transfer Bryant's claim for attorneys' fees and costs related to the national ED claim to this Court "where it may be considered for consolidation and coordination with [*Doghramji*] . . . and other related cases." *Id.* at 3.

As the *Cook-Reska* and *Bryant* courts concluded, it makes little sense for the same first-to-file analysis to be performed in separate actions. Rather, the interests of judicial efficiency and fairness are plainly furthered by consolidating all of the relators seeking attorneys' fees based on the national ED claim, so that a first-to-file determination regarding entitlement to attorneys' fees can be made in a single proceeding with all the relevant claimants participating. Accordingly, Defendants request that *Doghramji, Cook-Reska* and *Bryant* be consolidated and that the *Carnithan* case also be consolidated with these actions if it is transferred to this jurisdiction. *See supra* 3 n.2.

## CONCLUSION

For the reasons stated above, and to permit an efficient and consistent resolution to a shared question of law and fact, the Court should grant Defendants' motion to consolidate these actions.

Dated:  November 18, 2014

Respectfully submitted,

/s/ William M. Outhier
John Jacobson, BPR #14365
William Outhier, BPR #15609
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
Tel: (615) 320-3700
wouthier@rwjplc.com

and

*Of counsel*
Richard A. Sauber
Michael L. Waldman
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Tel: (202) 775-4500
rsauber@robbinsrussell.com
mwaldman@robbinsrussell.com

*Counsel for Defendants*
*(See Exhibit A for list)*

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's ECF filing system:

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Kit Pierson
David Young
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005

Reuben A. Guttman
Traci L. Buschner
Grant & Eisenhofer, P.A.
1747 Pennsylvania Avenue, N.W., Suite 875
Washington, D.C. 20006

David Rivera
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

John-David H. Thomas
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

Michael D. Granston
Daniel R. Anderson
Robert McAuliffe
Commercial Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044

on this the 18th day of November, 2014.

/s/ William M. Outhier