UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES DOGHRAMJI, SHERRE COOK, and RACHEL BRYANT, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 3:11-cv-0442 |
| v. | ) ) ) | |
| COMMUNITY HEALTH SYSTEMS, INC., *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## DEFENDANTS' RESPONSE TO RELATORS' MOTION TO REFER MATTER TO MAGISTRATE AND TO SET COORDINATED STATUS CONFERENCE

Defendants Community Health Systems Professional Service Corporation ("CHSPSC") and the hospital companies named in the complaint[1] (collectively, "Defendants") fully support coordinating the various actions where relators seek attorneys' fees and costs arising from the same allegations of improper Emergency Department ("ED") admissions against Defendants. However, the *Doghramji* relators' motion to refer to the Magistrate Judge and set a status conference is premature and unnecessary.

First, currently pending before the Court is Defendants' motion to consolidate the *Doghramji* action with two other actions, *United States et al. ex rel. Cook-Reska v. Community Health Sys., Inc., et al.*, No. 3:14-cv-02160 ("*Cook-Reska*") and *United States ex rel. Bryant v. Comm. Health Sys., Inc., et al.*, No. 3:14-cv-02195 ("*Bryant*"). [Dkt. 123] Consolidation is

---

[1] A full listing of the Defendants joining this response is set out at Exhibit A.

appropriate because all of these actions involve a common question of law and fact regarding which (if any) relator satisfies the first-to-file bar of the False Claims Act, 31 U.S.C. 3730(d), and consolidation will allow for the most efficient and fair resolution of the various attorneys' fees claims.[2] Consequently, the *Doghramji* relators' motion is premature until the pending motion to consolidate has been decided.

Second, Defendants have also moved to transfer to this jurisdiction another related qui tam action where relator Bryan Carnithan intends to seek attorneys' fees based on the national ED allegations. *See U.S. ex rel Carnithan v. Community Health Systems, Inc.*, No. 3:11-cv-00312, Dkt. 51 (S.D. Ill.). That motion to transfer has been fully briefed. Because *Carnithan* raises the same first-to-file issues, it would be most efficient to defer any reference to the Magistrate Judge or status conference until it is determined whether *Carnithan* also is going to follow the path of *Cook-Reska* and *Bryant* and be transferred to this jurisdiction for consolidation and coordination.

Lastly, and most importantly, there is no need for reference to the Magistrate Judge or for a status conference here. As recognized in the decisions of the district courts transferring *Cook-Reska* and *Bryant* [Dkt. 119-B and 120-B], and as discussed at length in the opposition to the *Doghramji* relators' fee petition [Dkt. 115, at 7–30], there is a serious, threshold question regarding which (if any) relators are entitled to recover attorneys' fees. Defendants contend that the False Claims Act's first-to-file bar and, in some instances, the public disclosure bar prohibit recovery by the relators seeking attorneys' fees here. This is a legal issue that the District Judge,

---

[2] Although certain of the relators have objected to consolidation, they have identified no specific prejudice that would be caused by such consolidation. In fact, consolidation would have no effect on any relator's appellate rights or any other substantive or procedural right, while the advantages of consolidating in the same proceeding all the relators' claim for attorneys' fees are obvious given the common threshold issue relating to entitlement under the first-to-file bar.

2

rather than the Magistrate Judge, will need to decide. As a result, there is no need for reference to the Magistrate Judge or even a status conference. Rather, once the fee petitions of all of the various relators (including *Carnithan*) have been consolidated in a single proceeding, this Court should simply establish a briefing schedule for the parties to address the threshold issue of which, if any, relators are entitled to attorneys' fees in light of the False Claims Act's first-to-file and public disclosure provisions.[3]

Accordingly, for the foregoing reasons, this Court should deny the *Doghramji* relators' motion to refer to the Magistrate Judge and to set a coordinated status conference. Instead, upon consolidation of all the cases in a single proceeding, this Court should establish a briefing schedule for all of the parties to address the threshold question of which, if any, of the relators are entitled to attorneys' fees under the False Claims Act.

---

[3] The *Doghramji* relators have objected to "unnecessary re-briefing of their fee request." Having briefed the issue of their entitlement to fees, the *Doghramji* relators can stand on those pleadings and do not need to submit additional briefing. However, the Court should have the benefit of the position of Cook-Reska, Bryant, and Carnithan, as well as Defendants' response to those relators' positions, before determining which, if any, relator satisfies the first-to-file and public disclosure bars.

3

Dated: December 8, 2014

Respectfully submitted,

/s/ William M. Outhier
John Jacobson, BPR #14365
William Outhier, BPR #15609
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
Tel: (615) 320-3700
wouthier@rwjplc.com

and


*Of counsel*
Richard A. Sauber
Michael L. Waldman
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Tel: (202) 775-4500
rsauber@robbinsrussell.com
mwaldman@robbinsrussell.com

*Counsel for Defendants*
*(see Exhibit A for list)*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's ECF filing system:

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Kit Pierson
David Young
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005

Reuben A. Guttman
Traci L. Buschner
Grant & Eisenhofer, P.A.
1747 Pennsylvania Avenue, N.W., Suite 875
Washington, D.C. 20006

David Rivera
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

Mark H. Wildasin
Assistant United States Attorney
110 Ninth Avenue, South, Suite A-961
Nashville, TN 37203

Michael D. Granston
Daniel R. Anderson
Robert McAuliffe
Commercial Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044

on this the 8th day of December, 2014.

/s/ William M. Outhier