# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES DOGHRAMJI, SHERRE COOK, and RACHEL BRYANT,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*,<br><br>*Defendants*. | **CIVIL CASE NO.:**<br>**3:11CV00442**<br><br><br>**CHIEF JUDGE SHARP/**<br>**MAGISTRATE JUDGE GRIFFIN** |
| THE UNITED STATES OF AMERICA and THE STATE OF TEXAS, *ex rel.* AMY COOK-RESKA,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*,<br><br>*Defendants*. | **CIVIL CASE NO.:**<br>**3:14CV02160**<br><br><br>**CHIEF JUDGE SHARP/**<br>**MAGISTRATE JUDGE GRIFFIN** |
| THE UNITED STATES OF AMERICA, *ex rel.* KATHLEEN A. BRYANT,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*,<br><br>*Defendants*. | **CIVIL CASE NO.:**<br>**3:14CV02195**<br><br><br>**CHIEF JUDGE SHARP/**<br>**MAGISTRATE JUDGE GRIFFIN** |

1

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO CONSOLIDATE

Relators profess to want coordination of these three actions,[1] but then object to Defendants' motion to consolidate. This makes little sense. Consolidation pursuant to Rule 42 is exactly the mechanism prescribed by the Federal Rules of Civil Procedure to ensure that matters with common issues of law and fact are coordinated. Here, all of the three cases share a critical threshold question: which (if any) of the relators' claiming attorneys' fees and costs satisfy the first-to-file and public disclosures bars of the False Claims Act, 31 U.S.C. 3730(d). Because it is most efficient and fair to have this question decided in a single forum, the motion to consolidate should be granted.

Relators' objection to consolidation, which is far from clear, appears to relate to a concern that consolidation will somehow "affect an[] individual relator's substantive and procedural rights, including the right to preserve individual appellate rights." Dkt. 119. Yet, the relators fail to identify any specific prejudice that they will suffer due to consolidation. In fact, there is no reason to believe any individual relator's substantive and procedural rights, including right to appeal, will be impaired in any way by consolidation. Relators' vague, amorphous and

---

[1] The *Doghramji* relators have questioned the number of cases to be consolidated. Dkt. 132, at 1 n.1. Defendants have moved to transfer to this jurisdiction another related qui tam action where relator Bryan Carnithan intends to seek attorneys' fees based on the national ED settlement. *See U.S. ex rel Carnithan v. Community Health Systems, Inc.*, No. 3:11-cv-00312, Dkt. 51 (S.D. Ill.). The motion to transfer in *Carnithan* has been fully briefed. Should it be granted and the case transferred, Defendants also will move to consolidate *Carnithan* with the cases subject to the instant motion. In addition, the *Doghramji* relators inquire about *U.S. ex rel Reuille v. Community Health Sys. Professional Svcs. Corp.*, 1:09-cv-0007 (N.D. Ind.). Defendants would certainly seek to transfer and consolidate any request for attorneys' fees arising out of that action. The inquiry might better be put to Cook-Reska's counsel O'Connell & Soifer LLP, who also represented Reuille, as to whether they intend to seek attorneys' fees for their work representing Reuille and, if so, whether they object to transfer and consolidation.

illogical fear of consolidation cannot be sufficient grounds for denying a motion to consolidate, particularly given the obvious advantages that consolidation would bring here.

The appropriateness of consolidation is best demonstrated by the substantive arguments relating to the first-to-file issue that relators attempt to smuggle into their Responses. For example, Cook-Reska argues (incorrectly) that all of the relators satisfy the first-to-file rule by virtue of the settlement agreement entered into by Defendants. Dkt 119, at 3.[2] If all of the relators are going to make that argument, there is little point to having separate actions where the same argument has to be repeated in three different cases.

Cook-Reska then goes on to argue that she is the relator who satisfies the first-to-file bar because she "is in a unique position as compared to relators in the *Bryant* and *Doghramji* cases since she was . . . allocated a relator's share for the ED claims." *Id.* at 4. Yet, the *Doghramji* relators argue that they were the first to file since their lawsuit "alleged new, material facts that had not been alleged in any prior-filed cases. . . [theirs] was the first complaint to allege a company-wide scheme affecting CHS hospitals across the country." Dkt. 125, at 12.[3] Thus, the different relators (as well as Defendants) clearly have conflicting views regarding whose action qualifies as the first filed under the False Claims Act. These conflicting views between and among the relators, as well as between relators and the Defendants, are best resolved in one

---

[2] The *Doghramji* relators also make a "standing" argument about the settlement. Dkt. 132, at 2 n.2. This argument is truly baffling since the *Doghramji* relators are pursuing an attorneys' fees petition against Defendants, so how could there be any doubt about Defendants' standing to oppose that fee petition?

[3] The *Doghramji* relators go on to attack the other relators' complaints: "[n]one of the complaints filed prior to the *Doghramji* Complaint adequately alleged that CHS orchestrated a nationwide scheme to increase revenue by manufacturing admissions, and none of the related complaints alleged any claims with regard to the following hospitals. . . .[T]hese prior pleadings did not adequately allege violations of the FCA for all hospitals." Dkt. 125, at 14.

3

consolidated proceedings where the first-to-file issue can be thrashed out with all of the relevant parties present and participating.

    Accordingly, for the reasons stated above and in its previous filings, the Court should grant Defendants' motion to consolidate these actions. And then, upon consolidation of all the cases (including *Carnithan*), this Court should establish a briefing schedule for all of the parties to address the threshold question of which, if any, of the relators are entitled to attorneys' fees in light of the False Claims Act's first-to-file and public disclosure provisions.

Dated: December 8, 2014

Respectfully submitted,

/s/ William M. Outhier
John Jacobson, BPR #14365
William Outhier, BPR #15609
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
Tel: (615) 320-3700
wouthier@rwjplc.com

and

*Of counsel*
Richard A. Sauber
Michael L. Waldman
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Tel: (202) 775-4500
rsauber@robbinsrussell.com
mwaldman@robbinsrussell.com

*Counsel for Defendants*
*(See Exhibit A for list)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's ECF filing system:

| | |
|---|---|
| David W. Garrison<br>Scott P. Tift<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219 | Kit Pierson<br>David Young<br>Cohen Milstein Sellers & Toll, PLLC<br>1100 New York Avenue, NW<br>Suite 500 West<br>Washington, DC 20005 |
| Reuben A. Guttman<br>Traci L. Buschner<br>Grant & Eisenhofer, P.A.<br>1747 Pennsylvania Avenue, N.W., Suite 875<br>Washington, D.C. 20006 | David Rivera<br>Assistant U.S. Attorney<br>110 Ninth Avenue South, Suite A-961<br>Nashville, TN 37203 |
| Mark H. Wildasin<br>Assistant United States Attorney<br>110 Ninth Avenue, South, Suite A-961<br>Nashville, TN 37203 | Michael D. Granston<br>Daniel R. Anderson<br>Robert McAuliffe<br>Commercial Litigation Branch<br>U.S. Department of Justice, Civil Division<br>P.O. Box 261, Ben Franklin Station<br>Washington, D.C. 20044 |

on this the 8th day of December, 2014.

/s/ William M. Outhier