UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES DOGHRAMJI, SHERRE COOK, and RACHEL BRYANT, <br><br> *Plaintiffs*, <br><br> v. <br><br> COMMUNITY HEALTH SYSTEMS, INC., *et al.*, <br><br> *Defendants*. | CIVIL CASE NO.: 3:11CV00442 <br><br> CHIEF JUDGE SHARP/ MAGISTRATE JUDGE GRIFFIN |

**DEFENDANTS' RESPONSE TO RELATORS' MOTION
TO REFER CASE TO MEDIATION**

Defendants CHSPSC, LLC and all hospital companies named in the complaints[1] (collectively, "Defendants") respectfully submit this response to the motion by Relators Doghramji, Cook, and Bryant (together, the "*Doghramji* relators") to refer the above-captioned case to the Magistrate Judge for mediation.

Defendants agree that, at some point in the future, mediation may assist the parties in reaching agreement on the reasonable amount of attorneys' fees to be awarded. But Defendants do not believe that mediation will be productive until *after* the Court has resolved the threshold issue of which (if any) relator satisfies the first-to-file requirement of the False Claims Act (FCA), 31 U.S.C. § 3730(d).

As discussed at length in the opposition to the *Doghramji* relators' fee petition [Dkt. 115, at 7–30], the FCA permits—at most—only one relator (the first to file) to recover attorneys' fees

---

[1] A full listing of the Defendants bringing this motion is set out in Exhibit A.

1

for an FCA claim. *See* 31 U.S.C. § 3730(d). Yet in the wake of a global settlement between the United States and Defendants, seven relators have sought or conveyed their intent to seek attorneys' fees based on the claim that CHSI-affiliated hospitals violated the FCA by improperly admitting patients who presented themselves to the hospitals' Emergency Departments (the "national ED claim").[2] In light of the first-to-file bar, there is a serious, threshold question regarding *who* constitutes the proper relator for this claim.

Defendants do not take issue with providing reasonable compensation to the proper relator for his or her attorneys' fees, costs, and expenses. To the contrary, Defendants have settled the request for attorneys' fees made by relator Scott Plantz for a significant sum *because* they believe he qualifies as the first relator to file the national ED claim having received the relator's share from the United States. The primary reason that Defendants have been unable to reach agreement with the five other relators seeking attorneys' fees is precisely because there are five of them -- under the first-to-file rule, it simply cannot be the case that all five relators are entitled to recover their attorneys' fees. The presence of this threshold question—who is the proper relator for the national ED claim—sets this case apart from the average litigation and makes it unsuitable for mediation at this time. It would not be productive to mediate regarding the reasonableness of the hourly rates charged and numbers of hours billed by counsel for each

---

[2] The claims of the following relators are pending before this Court: (1) the *Doghramji* relators; (2) relator Kathleen Bryant, No. 3:14-cv-02195; and (3) relator Amy Cook-Reska, No. 3:14-cv-02160. Defendants also have moved to transfer the claims of two other relators to this Court for consolidation: (4) relator Bryan Carnithan, No. 11-cv-312, Dkt. 51 (S.D. Ill.); and (5) relator Nancy Reuille, No. 09-cv-00007, Dkt. 69 (N.D. Ind.).

Defendants are participating in a mediation with relator Amy Cook-Reska because she is uniquely situated. Ms. Cook-Reska also seeks attorneys' fees related to a separate claim relating to the Laredo Medical Center that was resolved as part of the same global settlement but that no other relator asserted. See No. 4:09-cv-1565 (S.D. Texas). Defendants do not dispute that relator Cook-Reska is entitled to recover reasonable attorneys' fees for that separate Laredo claim.

2

of the five relators until a determination is made as to which relator is the one who satisfies the first-to-file rule and therefore is entitled to recover fees. The *Doghramji* relators' strong aversion to this Court addressing the first-to-file issue, of course, is understandable: *Doghramji* was the *seventh qui tam lawsuit*, filed months and even years after other relators made the same basic allegations, and the United States did not award any of the relator's share to the *Doghramji* relators. See Dkt. 115, at 1-3, 5.[3]

The *Doghramji* relators assert that, in the absence of mediation and settlement, this Court will be faced with "multiple fee petitions" arising from the Defendants' settlement with the United States. Yet, even were Defendants to settle with the *Doghramji* relators, there would still be multiple fee petitions (e.g., *Bryant, Cook-Reska, Carnithan, Reuille)* to be resolved. Rather, the simplest way to avoid the problem of multiple fee petitions is for this Court to decide the first-to-file threshold question. After such a decision, Defendants would know who is the proper relator and then could negotiate the number of hours and rates with that relator. At that point, if Defendants were unable to reach agreement with the first-filing relator, then mediation would likely be useful.[4]

---

[3] The attorneys' fees claims of the *Doghramji* relators, as well as several other relators here, also are barred by the public disclosure provisions of the FCA, 31 U.S.C. §3730(e)(4). See Dkt. 115, at 16-29.

[4] Contrary to the *Doghramji* relators' contentions, Defendants have repeatedly sought (over relators' opposition) to avoid unnecessary briefing or other proceedings. To that end, Defendants moved to transfer and consolidate the related cases so that the first-to-file question could be resolved efficiently by a single court as to all relators. And Defendants have requested that this Court make the first-to-file determination prior to considering any briefs regarding the quantum of fees claimed by each relator (e.g., contesting the *Johnson* factors, loadstar calculations, hourly rates, and reasonable hours). *See* Dkt. 83 & 109 (motions to stay briefing on *Doghramji* relators' petition for attorneys' fees); *Bryant*, No. 3:14-cv-02195, Dkt. 58 (order granting joint motion to stay filing of relator Bryant's request for attorneys' fees). In addition, the discovery sought by the *Doghramji* relators is irrelevant to deciding the threshold, dispositive first-to-file question.

## CONCLUSION

For the above reasons, this Court should deny the *Doghramji* relators' premature motion to refer the case to the Magistrate Judge for mediation. Instead, it would be more efficient for this Court to consolidate all the cases and establish a briefing schedule for all the parties to address the threshold question of which, if any, of the relators is entitled to attorneys' fees under the FCA's first-to-file and public disclosure provisions. Dkt. 134.

Dated: January 20, 2015

        Respectfully submitted,

        /s/ William M. Outhier
        John Jacobson, BPR #14365
        William Outhier, BPR #15609
        RILEY WARNOCK & JACOBSON, PLC
        1906 West End Ave.
        Nashville, TN 37203
        Tel: (615) 320-3700
        wouthier@rwjplc.com

        and

        *Of counsel*
        Richard A. Sauber
        Michael L. Waldman
        ROBBINS, RUSSELL, ENGLERT,
        ORSECK, UNTEREINER & SAUBER LLP
        1801 K Street, N.W., Suite 411L
        Washington, D.C. 20006
        Tel: (202) 775-4500
        rsauber@robbinsrussell.com
        mwaldman@robbinsrussell.com

        *Counsel for Defendants*
        *(See Exhibit A for list)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's ECF filing system:

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Reuben A. Guttman
Traci L. Buschner
Grant & Eisenhofer, P.A.
1747 Pennsylvania Avenue, N.W., Suite 875
Washington, D.C. 20006

Mark H. Wildasin
Assistant United States Attorney
110 Ninth Avenue, South, Suite A-961
Nashville, TN 37203

Kit Pierson
David Young
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005

David Rivera
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

Michael D. Granston
Daniel R. Anderson
Robert McAuliffe
Commercial Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044

on this the 20th day of January, 2015.

/s/ William M. Outhier