# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAMES DOGHRAMJI, SHERRE COOK, and RACHEL BRYANT,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*,<br><br>      *Defendants*. | CIVIL CASE NO.:<br>3:11CV00442<br><br><br>CHIEF JUDGE SHARP/<br>MAGISTRATE JUDGE GRIFFIN |
| THE UNITED STATES OF AMERICA and THE STATE OF TEXAS, *ex rel.* AMY COOK-RESKA,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*,<br><br>      *Defendants*. | CIVIL CASE NO.:<br>3:14CV02160<br><br><br>CHIEF JUDGE SHARP/<br>MAGISTRATE JUDGE GRIFFIN |
| THE UNITED STATES OF AMERICA, *ex rel.* KATHLEEN A. BRYANT,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., *et al.*,<br><br>      *Defendants*. | CIVIL CASE NO.:<br>3:14CV02195<br><br><br>CHIEF JUDGE SHARP/<br>MAGISTRATE JUDGE GRIFFIN |

| | ) | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| *ex rel.* NANCY REUILLE, | ) | CIVIL CASE NO.: |
| | ) | 3:15CV00110 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CHIEF JUDGE SHARP/ |
| | ) | MAGISTRATE JUDGE GRIFFIN |
| COMMUNITY HEALTH SYSTEMS, | ) | |
| PROFESSIONAL SERVICES, | ) | |
| CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF AMENDED MOTION TO CONSOLIDATE

Relators profess to want coordination of these four actions,[1] but then object to Defendants' motion to consolidate. This makes little sense.[2] Consolidation pursuant to Rule 42 is exactly the mechanism prescribed by the Federal Rules of Civil Procedure to ensure that matters with common issues of law and fact are coordinated. Here, the four cases share a critical threshold question: which (if any) of the relators claiming attorneys' fees and costs satisfy the first-to-file and public disclosures bars of the False Claims Act, 31 U.S.C. 3730(d).[3] Because it

---

[1] *See United States ex rel. Doghramji, et al. v. Community Health Sys., Inc., et al.*, No. 3:11-cv-00442 ("*Doghramji*"); *United States ex rel. Cook-Reska v. Community Health Sys., Inc., et al.*, No. 3:14-cv-02160 ("*Cook-Reska*"); *United States ex rel. Bryant v. Community Health Sys., Inc., et al.*, No. 3:14-cv-02195 ("*Bryant*"); *United States ex. rel. Reuille v. Community Health Sys. Professional Servs., Corp., et al.*, No. 3:15-cv-00110 ("*Reuille*").

[2] It is hard to understand why relators object to consolidation when they "agree that judicial economy may be served by *coordinating* the briefing and arguments of the parties in these actions." *Bryant*, Dkt. 61, at 1 (emphasis in original). What is the difference between such coordination and granting the motion to consolidate?

[3] Relator Bryant states that "[t]he issue to be decided by the Court in each fee petition is the reasonableness of the fees and expenses." *Bryant*, Dkt. 61, at 2. To the contrary, the initial question in each fee petition is whether the relator is entitled to *any* attorneys' fees in light of the False Claims Act's first-to-file and public disclosure bars. *See, e.g., Doghramji*, Dkt. 115, at 7-29.

is most efficient and fair to have this question decided in a single forum, the motion to consolidate should be granted.

The appropriateness of consolidation is best demonstrated by the substantive arguments relating to the first-to-file issue that relators offer in their Responses. For example, all of the relators argue that they satisfy the first-to-file rule by virtue of the settlement agreement entered into by Defendants. This argument is incorrect: the Defendants' settlement agreement expressly does *not* resolve any relator claims for attorneys' fees, expenses or costs, *Doghramji*, Dkt 64, Settlement Agreement ¶¶ 8, 15(c)(1), and courts have rejected the argument that relators are entitled to recover anything by virtue of a settlement agreement alone, *U.S. ex rel. Johnson v. Planned Parenthood of Houston*, 2014 WL 2498504, at *2-3 (5th Cir. June 4, 2014) ("[A] settlement agreement is irrelevant to the first-to-file analysis."). *See Doghramji*, Dkt 115, at 12-13. Nevertheless, regardless of the merits of the relators' contention about the import of the settlement agreement, there is little point to having separate actions where the same argument has to be repeated in three different cases.

Each relator also goes on to argue that there is no need for consolidation because he (or she) is uniquely situated and therefore satisfies the first-to-file bar. Thus, Cook-Reska argues that she is the relator who satisfies the first-to-file bar because she "is in a unique position as compared to relators in the *Bryant* and *Doghramji* cases since she was . . . allocated a relator's share for the ED claims." *Cook-Reska*, Dkt. 124, at 4. Yet, the *Doghramji* relators argue that they were the first to file since their lawsuit "alleged new, material facts that had not been alleged in any prior-filed cases. . . [theirs] was the first complaint to allege a company-wide scheme affecting CHS hospitals across the country." *Doghramji*, Dkt. 125, at 12.[4] And Reuille

---

[3] The Doghramji relators contend that "[n]one of the complaints filed prior to the *Doghramji* Complaint adequately alleged that CHS orchestrated a nationwide scheme to increase

3

argues that she "is in a different position . . . because Reuille filed first in time with respect to Lutheran Hospital and Community Health Systems Professional Services Corporation." *Reuille*, Dkt. 5, at 4. Thus, the different relators (as well as Defendants) clearly have conflicting views regarding whose action qualifies as the first filed under the False Claims Act. These conflicting views between and among the relators, as well as between relators and the Defendants, are best resolved in one consolidated proceedings where the first-to-file issue can be thrashed out with all of the relevant parties present and participating.

Accordingly, for the reasons stated above and in its previous filings, the Court should grant Defendants' motion to consolidate these actions. And then, upon consolidation of all the cases (including *Carnithan*[5]), this Court should establish a briefing schedule for all of the parties to address the threshold question of which, if any, of the relators are entitled to attorneys' fees in light of the False Claims Act's first-to-file and public disclosure provisions.

---

revenue by manufacturing admissions, and none of the related complaints alleged any claims with regard to the following hospitals. . . .[T]hese prior pleadings did not adequately allege violations of the FCA for all hospitals." *Doghramji*, Dkt. 125, at 14.

[5] Defendants have moved to transfer to this jurisdiction another related qui tam action where relator Bryan Carnithan intends to seek attorneys' fees based on the national ED settlement. *See U.S. ex rel Carnithan v. Community Health Systems, Inc.*, No. 3:11-cv-00312, Dkt. 51 (S.D. Ill.). The motion to transfer in *Carnithan* has been fully briefed. Should it be granted and the case transferred, Defendants also will move to consolidate *Carnithan* with the cases subject to the instant motion. In any event, though, *Carnithan* has no bearing on whether the four cases currently in this district should be consolidated in light of the dispositive common issue of entitlement to attorneys' fees under the first-to-file and public disclosure bars of the FCA, 31 U.S.C. § 3730(d).

4

Case 3:11-cv-00442   Document 142   Filed 02/23/15   Page 4 of 6 PageID #: 3480

Dated: February 23, 2015

Respectfully submitted,

/s/ William M. Outhier
John Jacobson, BPR #14365
William Outhier, BPR #15609
RILEY WARNOCK & JACOBSON, PLC
1906 West End Ave.
Nashville, TN 37203
Tel: (615) 320-3700
wouthier@rwjplc.com

and

*Of counsel*
Richard A. Sauber
Michael L. Waldman
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Tel: (202) 775-4500
rsauber@robbinsrussell.com
mwaldman@robbinsrussell.com

*Counsel for Defendants*

5

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following via the Court's ECF filing system:

David W. Garrison
Scott P. Tift
Barrett Johnston Martin & Garrison, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Kit Pierson
David Young
Cohen Milstein Sellers & Toll, PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005

Reuben A. Guttman
Traci L. Buschner
Grant & Eisenhofer, P.A.
1747 Pennsylvania Avenue, N.W., Suite 875
Washington, D.C. 20006

David Rivera
Assistant U.S. Attorney
110 Ninth Avenue South, Suite A-961
Nashville, TN 37203

Mark H. Wildasin
Assistant United States Attorney
110 Ninth Avenue, South, Suite A-961
Nashville, TN 37203

Michael D. Granston
Daniel R. Anderson
Robert McAuliffe
Commercial Litigation Branch
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044

on this the 23rd day of February, 2015.

/s/ William M. Outhier